1   James M. Finberg (SBN 114850)
    Eve H. Cervantez (SBN 164709)
2   Jahan C. Sagafi (SBN 224887)
    LIEFF, CABRASER, HEIMANN &
3     BERNSTEIN, LLP
    275 Battery Street, 30th Floor
4   San Francisco, CA  94111-3339
    Telephone:  (415) 956-1000
5   Facsimile:  (415) 956-1008
    Email: jfinberg@lchb.com
6   Email:  ecervantez@lchb.com                  Todd F. Jackson (SBN 202598)
    Email:  jsagafi@lchb.com                     Claire Kennedy-Wilkins (SBN 231897)
7                                                Lindsay E. Nako (SBN 239090)
    Steven G. Zieff (SBN 084222)                 LEWIS FEINBERG RENAKER &
8   David A. Lowe (SBN 178811)                     JACKSON, P.C.
    RUDY, EXELROD & ZIEFF, LLP                   1300 Broadway, Suite 1800
9   351 California Street, Suite 700             Oakland, CA  94612
    San Francisco, CA  94104                     Telephone:  (510) 839-6824
10  Telephone:  (415) 434-9800                   Facsimile:  (510) 839-7839
    Facsimile:  (415) 434-0513                   Email: tjackson@lewisfeinberg.com
11  Email:  szieff@reztlaw.com                   Email: ckwilkins@lewisfeinberg.com
    Email:  dal@reztlaw.com                      Email: lnako@lewisfeinberg.com
12
    Rachel Geman (RG 0998 [NY])                  Adam T. Klein (AK 3293 [NY])
13  LIEFF, CABRASER, HEIMANN &                   Justin M. Swartz (JS 7989 [NY])
    BERNSTEIN, LLP                               Piper Hoffman (PH 4990 [NY])
14  780 Third Avenue, 48th Floor                 OUTTEN & GOLDEN
    New York, NY 10017-2024                      3 Park Ave., 29th Floor
15  Telephone:  (212) 355-9500                   New York, NY 10016
    Facsimile:  (212) 355-9592                   Telephone:  (212) 245-1000
16  Email:  rgeman@lchb.com                      Facsimile:  (212) 977-4005
                                                 Email:  atk@outtengolden.com
17  *Attorneys for Plaintiffs and proposed Classes*   Email:  jms@outtengolden.com
    *[additional counsel on signature page]*         Email:  ph@outtengolden.com
18
                     UNITED STATES DISTRICT COURT
19                 NORTHERN DISTRICT OF CALIFORNIA
                   SAN FRANCISCO / OAKLAND DIVISION
20

21  THOMAS ROSENBURG, JOHN              Case No. _____
    SHELLY and EXALDO TOPACIO, on
22  behalf of themselves and classes of those
    similarly situated,                 **COMPLAINT FOR VIOLATIONS OF**
23                                       **FAIR LABOR STANDARDS ACT, THE**
                    Plaintiffs,          **EMPLOYEE RETIREMENT INCOME**
24                                       **SECURITY ACT OF 1974, AND STATE**
                v.                       **WAGE AND HOUR LAWS; CLAIMS FOR**
25                                       **DAMAGES, RESTITUTION AND**
    INTERNATIONAL BUSINESS              **INJUNCTIVE RELIEF**
26  MACHINES CORPORATION,
                                         **COLLECTIVE ACTION AND CLASS**
27                  Defendant.           **ACTION**

28                                       **DEMAND FOR JURY TRIAL**

Plaintiffs Thomas Rosenburg, John Shelly, and Exaldo Topacio ("Named Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

**JURISDICTION AND VENUE**

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the Named Plaintiffs' proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.  In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

3.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      The Northern District of California has personal jurisdiction over International Business Machines Corporation ("Defendant" or "IBM"), because it has qualified with the California Secretary of State to do business and is doing business in California, and in this district, and because many of the acts complained of occurred in this State and this District and gave rise to claims alleged.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

6.      Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the San Francisco / Oakland Division is proper because a substantial part of the events giving rise to claims presented in this Complaint occurred in the City and County of San Francisco.

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

## SUMMARY OF CLAIMS

7.     Named Plaintiffs are former IBM technical support workers with the primary duties of installing and/or maintaining computer software and hardware for IBM, who were misclassified by IBM as exempt from the overtime provisions of the FLSA and/or the applicable state wage and hour laws of California and New York, as described below.

8.     Named Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by IBM nationwide as technical support workers with primary duties of installing and/or maintaining computer software and hardware (hereinafter "Nationwide FLSA Collective Plaintiffs"), at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be misclassified by IBM as exempt from overtime pay under federal law.

9.     Nationwide FLSA Collective Plaintiffs do not include those 2,347 IBM computer operators/batch console operators and deskside service operators covered by the United States Department of Labor, Wage Hour Division Compliance Actions, Case Numbers 1325099 and 1283294.

10.     Plaintiffs Thomas Rosenburg and John Shelly ("the California Named Plaintiffs") also bring this action on behalf of all persons who were, are, or will be employed by IBM in California as technical support workers with primary duties of installing and/or maintaining computer software and hardware (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under California law.

11.     The California Class does not include those IBM workers covered by the case *Santangelo, et al. v. IBM Corporation*, Case No. 04CC00078, pending in Orange County Superior Court, which includes salaried systems management specialists, salaried system management professionals, salaried employees providing desktop support to Defendant's

customers/clients, and salaried employees providing hardware and software support and technical support to Defendant's customers/clients.

12.     Plaintiff Exaldo Topacio ("the New York Named Plaintiff") also brings this action on behalf of all persons who were, are, or will be employed by IBM in New York as technical support workers with primary duties of installing and/or maintaining computer software and hardware (hereinafter "the New York Class"), at any time within the six years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "New York Class Period"), and who were, are, or will be improperly misclassified as exempt from overtime pay under applicable law.

13.     Named Plaintiffs also bring this action on behalf of themselves and all persons, who were, are, or will be employed by Defendant nationwide as technical support workers with primary duties of installing and/or maintaining computer software and hardware within the six years prior to this action's filing date through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by the IBM Tax Deferred Savings Plan / 401(k) ("the Savings Plan") and/or the IBM Personal Pension Plan ("the Pension Plan") (hereinafter "the ERISA Class").

14.     At all relevant times, Defendant has been the plan sponsor of the Savings Plan and the Pension Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(21)(A). On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the Savings Plan and the Pension Plan, thereby making it a fiduciary of each of those plans within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

15.     On information and belief, Defendant, at all relevant times, has been and continues to be the administrator of the Savings Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  On information and belief, Defendant, at all relevant times, has

- 3 -

1   been and continues to be the administrator of the IBM Personal Pension Plan, within the meaning

2   of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the

3   meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the

4   meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

5           16.     At all relevant times, Named Plaintiffs have been participants in the

6   Savings Plan and Pension Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

7           17.     The primary job duty of the Named Plaintiffs, the Nationwide FLSA

8   Collective Plaintiffs, and members of the ERISA, California, and New York Classes, is to provide

9   routine computer maintenance and installation services for IBM and its customers, following

10  well-established company instructions and procedures.

11          18.     IBM unlawfully classifies Named Plaintiffs, the Nationwide FLSA

12  Collective Plaintiffs, California Class members, and New York Class members as exempt from

13  overtime payments under relevant federal and state laws, despite the fact that they are not exempt.

14  The Named Plaintiffs, the Nationwide FLSA Collective Plaintiffs, California Class members, and

15  New York Class members worked overtime hours, as defined by the applicable federal and state

16  laws, and are and have been entitled to premium compensation at one and one-half times the

17  regular hourly rate ("overtime compensation") for those hours, and at twice the regular hourly

18  rate for some overtime hours.  IBM has willfully refused to pay Named Plaintiffs, Nationwide

19  FLSA Collective Plaintiffs, California Class members, and New York Class members the

20  required overtime compensation for overtime hours worked, and has failed to keep time records

21  as required by law.

22          19.     Defendant has failed to keep records of Named Plaintiffs' and the ERISA

23  Class's overtime work.  In doing so, Defendant has failed to comply with ERISA's requirement

24  that they maintain records sufficient to determine benefits due or which may become due under

25  the Savings Plan and the Pension Plan.

26          20.     IBM has failed to credit Named Plaintiffs and the ERISA Class for

27  overtime work as Eligible Compensation under the Savings Plan  In doing so, IBM has violated

28  ERISA's fiduciary requirement.

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

21.   IBM has failed to credit Named Plaintiffs and the ERISA Class for overtime work as Pensionable Pay under the IBM Personal Pension Plan.  In doing so, IBM has violated ERISA's fiduciary requirement.

22.   Defendant's practices violate the FLSA, ERISA, California law, and New York law.  Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by IBM, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

**THE PARTIES**

23.   Plaintiff Thomas Rosenburg is employed by IBM in San Francisco, California.  Mr. Rosenburg works as Deskside Support, and has the primary duties of installing and maintaining computer software and hardware.  Mr. Rosenburg works hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both California and federal law.

24.   Plaintiff John Shelly has been employed by IBM from 2000 to the present in San Francisco, California.  Mr. Shelly works as Deskside Support, and has the primary duties of installing and maintaining computer software and hardware.  Mr. Shelly works hours in excess of forty hours per week and in excess of eight hours per day, without receiving overtime compensation as required by both California and federal law.

25.   Plaintiff Exaldo Topacio is a resident of New York City, New York.  Mr. Topacio was employed by IBM from March 2003, through March 2004, in New York City, New York.  Mr. Topacio worked in Network Support and had the primary duties of installing and maintaining computer software and hardware.  Mr. Topacio worked hours in excess of forty hours per week, without receiving overtime compensation as required by both New York and federal law.

26.   Named Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256.  Their consent to sue forms are attached hereto as Exhibits A, B, and C.

27.   Defendant IBM is a New York corporation providing computer services throughout the United States and the world, with its corporate headquarters located in Armonk,

New York.  The practices described herein were performed in IBM's offices in California, New York, and throughout the United States.

**COLLECTIVE ACTION ALLEGATIONS**

28.     The Named Plaintiffs bring the Third Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

29.     The Named Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendant IBM's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

30.     The Third Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Named Plaintiffs are similar to the claims of the members of the Nationwide FLSA Collective Plaintiffs.

31.     The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Defendant IBM, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

**CALIFORNIA CLASS ACTION ALLEGATIONS**

32.     The California Named Plaintiffs bring the Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in paragraph 9.

33.     The California Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period defendant IBM has employed at least one hundred persons who satisfy the definition of the California Class.

34.     Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.     Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4.

b.     Whether the California Named Plaintiffs and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.     Whether IBM's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and IBM's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d.     Whether IBM unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

e.     Whether IBM's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

f.     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

35.     The California Named Plaintiffs' claims are typical of California Class members' claims.  The California Named Plaintiffs, like other California Class members, were subjected to IBM's policy and practice of refusing to pay overtime in violation of California law. The California Named Plaintiffs' job duties were typical of those of other California Class members.

36.     The California Named Plaintiffs will fairly and adequately represent and protect the interests of the California Class.  The California Named Plaintiffs have retained

1    counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor

2    and employment litigation.

3              37.     Class certification of the Fourth, Fifth, Sixth, Seventh, and Eighth Claims

4    for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because IBM has acted or refused to

5    act on grounds generally applicable to the California Class, making appropriate declaratory and

6    injunctive relief with respect to the California Named Plaintiffs and the California Class as a

7    whole.  The California Named Plaintiffs and the California Class are entitled to injunctive relief

8    to end IBM's common and uniform practice of failing to properly compensate its employees for

9    all overtime work performed for the benefit of IBM.

10             38.     Class certification of the Fourth, Fifth, Sixth, Seventh, and Eighth Claims

11   for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

12   common to the California Class predominate over any questions affecting only individual

13   members of the California Class, and because a class action is superior to other available methods

14   for the fair and efficient adjudication of this litigation.  IBM's common and uniform policies and

15   practices unlawfully treat members of the California Class as exempt from overtime pay

16   requirements.  The damages suffered by individual California Class members are small compared

17   to the expense and burden of individual prosecution of this litigation.  In addition, class

18   certification is superior because it will obviate the need for unduly duplicative litigation that

19   might result in inconsistent judgments about IBM's practices.

20             39.     Plaintiffs intend to send notice to all members of the California Class to the

21   extent required by Rule 23.

22                          **NEW YORK CLASS ACTION ALLEGATIONS**

23             40.     The New York Named Plaintiff brings the Seventh Claim for Relief for

24   violation of New York's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a),

25   (b)(2), and (b)(3), on behalf of the New York Class, defined in paragraph 12.

26             41.     The New York Class is so numerous that joinder of all members is

27   impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the New

28

York Class Period Defendant IBM has employed at least one hundred persons who satisfy the definition of the New York Class.

42. Common questions of law and fact exist as to members of the New York Class, including, but not limited to, the following:

a. Whether Defendant unlawfully failed to pay overtime compensation in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.,* The Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b. Whether the New York Named Plaintiff and the New York Class members are non-exempt from entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of New York law;

c. Whether IBM's policy and practice of classifying the New York Named Plaintiff and members of the New York Class as exempt from overtime entitlement under New York law and IBM's policy and practice of failing to pay overtime to the New York Named Plaintiff and members of the New York Class violate applicable provisions of New York law, including applicable statutory and regulatory authority;

d. Whether IBM unlawfully failed to keep and furnish members of the New York Class with records of hours worked, in violation of the New York Minimum Wage Act, New York Labor Law § 650 *et seq.,* The Wage Payment Act, New York Labor Law § 190 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142; and

e. The proper measure of damages sustained by members of the New York Class.

43. The New York Named Plaintiff's claims are typical of those of the New York Class. The New York Named Plaintiff, like other New York Class members, was subjected to IBM's policy and practice of refusing to pay overtime in violation of New York law. The New York Named Plaintiff's job duties were and are typical of those of other New York Class members.

- 9 -

1    44.    The New York Named Plaintiff will fairly and adequately represent and

2    protect the interests of the New York Class.  The New York Named Plaintiff has retained counsel

3    competent and experienced in complex class actions, the FLSA, ERISA, and state labor and

4    employment litigation.

5    45.    Class certification of the Seventh Claim for Relief is appropriate pursuant

6    to Fed. R. Civ. P. 23(b)(2) because IBM has acted or refused to act on grounds generally

7    applicable to the New York Class, making appropriate declaratory and injunctive relief with

8    respect to the New York Named Plaintiff and the New York Class as a whole.  The New York

9    Class members are entitled to injunctive relief to end IBM's common and uniform practice of

10   failing to compensate its employees for all work performed for the benefit of IBM.

11   46.    Class certification of the Seventh Claim for Relief is also appropriate under

12   Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class

13   predominate over any questions affecting only individual members of the New York Class, and

14   because a class action is superior to other available methods for the fair and efficient adjudication

15   of this litigation.  IBM's common and uniform policies and practices unlawfully treat members of

16   the New York Class as exempt from overtime pay requirements.  The damages suffered by

17   individual New York Class members are small compared to the expense and burden of individual

18   prosecution of this litigation.  In addition, class certification is superior because it will obviate the

19   need for unduly duplicative litigation that might result in inconsistent judgments about IBM's

20   practices.

21   47.    Plaintiffs intend to send notice to all members of the New York Class to

22   the extent required by Rule 23.

23   **ERISA CLASS ACTION ALLEGATIONS**

24   48.    Plaintiffs bring the First and Second Claims for Relief for violations of

25   ERISA as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as

26   representatives of a proposed ERISA Class.

27   49.    The ERISA Class is so numerous that joinder of all members is

28   impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the Class

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1  period, Defendant employed several thousand persons who satisfy the definition of the ERISA

2  Class.

3         50.    Questions of law and fact common to the ERISA Class as a whole include,

4  but are not limited to, the following:

5         a.    Whether Defendant failed and continues to fail to maintain accurate

6  records of actual time worked and wages earned by the Plaintiffs and the ERISA Class;

7         b.    Whether Defendant failed and continues to fail to provide accurate

8  wage statements itemizing all actual time worked and wages earned by the Plaintiffs and the

9  ERISA Class;

10         c.    Whether Defendant has violated and continues to violate ERISA §

11  209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

12         d.    Whether Defendant credited Plaintiffs and the ERISA Class with all

13  Eligible Compensation which they were paid or entitled to be paid for purposes of the Savings

14  Plan, as required by ERISA;

15         e.    Whether Defendant credited Plaintiffs and the ERISA Class with all

16  Pensionable Pay for which they were paid or entitled to be paid for purposes of the IBM Personal

17  Pension Plan, as required by ERISA;

18         f.    Whether Defendant violated ERISA's fiduciary standards by its

19  failure to credit Plaintiffs and the ERISA Class with all Eligible Compensation which they were

20  paid or entitled to be paid for purposes of the Savings Plan, as required by ERISA; and

21         g.    Whether Defendant violated ERISA's fiduciary standards by its

22  failure to credit Plaintiffs and the ERISA Class with all Pensionable Pay for which they were paid

23  or entitled to be paid for purposes of the IBM Personal Pension Plan, as required by ERISA

24         51.    Named Plaintiffs' claims are typical of those of the ERISA Class.  Named

25  Plaintiffs, like all other ERISA Class members, were subject to Defendant's policies and practices

26  of failing to record overtime worked, and Defendant's policy and practice of failing to credit all

27  overtime compensation earned or owning as Eligible Compensation under the Savings Plan or as

28  Pensionable Pay under the IBM Personal Pension Account.

52.     Named Plaintiffs will fairly and adequately represent and protect the interests of the ERISA Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and ERISA.

53.     Class certification of the First and Second Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the ERISA Class as a whole.

54.     Named Plaintiffs intend to send notice to all members of the ERISA Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**(Brought by Named Plaintiffs on Behalf of**
**Themselves and the ERISA  Class)**
**(ERISA § 502(a)(3) Based on Failure to Maintain Records)**

55.     Named Plaintiffs, on behalf of themselves and all ERISA Plaintiffs, reallege and incorporate by reference paragraphs 1 through 54 as if they were set forth again herein.

56.     ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

57.     On information and belief, the Savings Plan and the Pension Plan are employee pension benefit plans within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

58.     Pursuant to the terms of the Savings Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their Eligible Compensation, which is defined by Section 2.3.1 of the Plan to include, among other things, employees' overtime wages.

1    59.    Pursuant to the terms of the IBM Personal Pension Plan, employees' rights

2    to share in the contributions to the plan are dependent, in part, on their Pensionable Pay, which is

3    defined by Section 2.3.3 of the Plan to include base pay and overtime wages.

4    60.    By its failure to record and/or report all of the hours worked by the Named

5    Plaintiffs and members of the prospective ERISA Class, Defendant has failed to maintain records

6    with respect to each of its employees sufficient to determine the benefit accrual rights of Pension

7    Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

8    61.    By its failure to record and/or report all of the hours worked by the Named

9    Plaintiffs and members of the prospective ERISA Class, Defendant has failed to maintain records

10   with respect to each of its employees sufficient to determine the benefit accrual rights of Savings

11   Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

12   62.    In order to remedy this violation of ERISA by Defendant, Plaintiffs on

13   behalf of themselves and members of the ERISA Class seek injunctive relief, and such other

14   equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA,

15   29 U.S.C. § 1132(a)(3).

16   63.    Plaintiffs on behalf of themselves and members of the ERISA Class seek

17   recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by

18   Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

19   **SECOND CLAIM FOR RELIEF**
20   **(Brought by Named Plaintiffs on Behalf of
     Themselves and the ERISA Class)**
21   **(Pursuant to ERISA § 502(a)(3) to Remedy Failures to Credit Service
     As Required by ERISA)**

22   64.    Named Plaintiffs, on behalf of themselves and all ERISA Plaintiffs,

23   reallege and incorporate by reference paragraphs 1 through 63 as if they were set forth again

24   herein.

25   65.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit

26   plan fiduciaries discharge their duties with respect to the plan solely in the interest of the

27   participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to

28

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1    participants and their beneficiaries and defraying reasonable expenses of administration; (2) with

2    the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a

3    like capacity and familiar with such matters would use in the conduct of an enterprise of like

4    character and with like aims; and (3) in accordance with the documents and instruments

5    governing the plan.

6           66.    On information and belief, the "Notices" provision of the governing

7    instrument of the Savings Plan confers on Defendant discretionary authority, responsibility,

8    and/or control with respect to the crediting of compensation, thereby rendering Defendant a

9    fiduciary in that regard.

10          67.    On further information and belief, Section 2 of the governing instrument of

11   the Pension Plan confers on Defendant discretionary authority, responsibility, and/or control with

12   respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

13          68.    On further information and belief, Defendant has exercised actual

14   discretionary authority, responsibility, and/or control in determining what compensation would

15   and would not be credited as Eligible Compensation under the Savings Plan.  By reason of the

16   exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the

17   crediting of compensation.

18          69.    On further information and belief, Defendant has exercised actual

19   discretionary authority, responsibility, and/or control in determining what compensation would

20   and would not be credited by the Pension Plan as Pensionable Pay.  By reason of the exercise of

21   such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of

22   compensation.

23          70.    Defendant has breached its fiduciary duties by failing to credit

24   compensation due for overtime performed by the Named Plaintiffs and the members of the

25   ERISA Class as Eligible Compensation under the Savings Plan and Pensionable Pay under the

26   Pension Plan.

27          71.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Named Plaintiffs

28   on behalf of themselves and all members of the ERISA Class seek an injunction requiring

1    Defendant to credit all members of the ERISA Class with Eligible Compensation under the

2    Savings Plan and Pensionable Pay under the Pension Plan for all of the past and future overtime

3    work performed by those Class members and any such other equitable relief as this Court deems

4    appropriate.

5           72.    The Plaintiffs on behalf of themselves and members of the ERISA Class,

6    seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by

7    Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

8                              **THIRD CLAIM FOR RELIEF**
                    **(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
9                          **Brought by Named Plaintiffs on Behalf of**
                     **Themselves and the Nationwide FLSA Collective Plaintiffs)**
10

11          73.    Named Plaintiffs, on behalf of themselves and all Nationwide FLSA

12    Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 72 as if they

13    were set forth again herein.

14          74.    At all relevant times, IBM has been, and continues to be, an "employer"

15    engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

16    the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, IBM has employed, and

17    continues to employ, "employee[s]," including Named Plaintiffs, and each of the collective

18    Nationwide FLSA Collective Plaintiffs.  At all relevant times, IBM has had gross operating

19    revenues in excess of $500,000.

20          75.    Attached hereto are consents to sue signed by the Named Plaintiffs in this

21    action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other

22    individuals will sign consent forms and join as plaintiffs on this claim in the future.

23          76.    The FLSA requires each covered employer, such as Defendant IBM, to

24    compensate all non-exempt employees at a rate of not less than one and one-half times the regular

25    rate of pay for work performed in excess of forty hours in a work week.

26          77.    The Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime

27    compensation for all overtime hours worked.

28

78.     At all relevant times, IBM, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

79.     By failing to compensate Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, IBM has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

80.     By failing to record, report, and/or preserve records of hours worked by the Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs, IBM has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

81.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82.     Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by IBM, as provided by the FLSA, 29 U.S.C. § 216(b).

83.     Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194,**
**Brought by California Named Plaintiffs on Behalf of Themselves and the California Class)**

84.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 83 as if they were set forth again herein.

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1    85.    California law requires an employer, such as Defendant, to pay overtime

2    compensation to all non-exempt employees for all hours worked over 40 per week, or over eight

3    per day.

4    86.    The California Named Plaintiffs and the California Class members are non-

5    exempt employees entitled to be paid overtime compensation for all overtime hours worked.

6    87.    Throughout the California Class Period, and continuing through the

7    present, the California Named Plaintiffs and the California Class members worked in excess of

8    eight hours in a workday and/or forty hours in a workweek.

9    88.    During the California Class Period, Defendant misclassified the California

10   Named Plaintiffs and the California Class members as exempt from overtime pay entitlement and

11   failed and refused to pay them overtime premium pay for their overtime hours worked.

12   89.    As a direct and proximate result of Defendant's unlawful conduct, as set

13   forth herein, the California Named Plaintiffs and the California Class members have sustained

14   damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an

15   amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to

16   statute and other applicable law.

17
**FIFTH CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
18   **Brought by the California Named Plaintiffs**
**on Behalf of Themselves and the California Class)**
19

20   90.    The California Named Plaintiffs, on behalf of themselves and all members

21   of the California Class, reallege and incorporate by reference paragraphs 1 through 89 as if they

22   were set forth again herein.

23   91.    California Labor Code §§ 201 and 202 require Defendant to pay its

24   employees all wages due within the time specified by law.  California Labor Code § 203 provides

25   that if an employer willfully fails to timely pay such wages, the employer must continue to pay

26   the subject employees' wages until the back wages are paid in full or an action is commenced, up

27   to a maximum of thirty days of wages.

28

92.     The California Named Plaintiffs and all California Class members who ceased employment with IBM are entitled to unpaid compensation, but to date have not received such compensation.

93.     More than thirty days have passed since certain California Class members left Defendant's employ.

94.     As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Named Plaintiffs and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by California Named Plaintiffs on Behalf of Themselves**
**and the California Class)**

95.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 94 as if they were set forth again herein.

96.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the California Named Plaintiffs and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the California Named Plaintiffs and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Named Plaintiffs and California Class members as required under Labor Code § 1174(d).

97.     The California Named Plaintiffs and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

- 18 -

violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**SEVENTH CLAIM FOR RELIEF**
**(California Meal Period Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by California Named Plaintiffs on Behalf of Themselves**
**and the California Class)**

98.     The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 97 as if they were set forth again herein.

99.     The California Named Plaintiffs and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

100.    As a result of Defendant's failure to afford proper meal periods, it is liable to the California Named Plaintiffs and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

**EIGHTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,**
**Brought by the California Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

101.    The California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 100 as if they were set forth again herein.

102.    The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

103.    Beginning at a date unknown to Plaintiffs, but at least as long ago as January 1999, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the California Named Plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiffs and to the California Class.

104.    Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.      California Labor Code § 1194;

b.      California Labor Code §§ 201, 202, 203, 204, and 226;

c.      California Labor Code § 1174; and

d.      California Labor Code § 510, which provides in relevant part:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

105.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

106.    The harm to California Named Plaintiffs and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

482182.1

107.    The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

108.    The California Named Plaintiffs, on behalf of themselves and California Class members, seek recovery of attorneys' fees and costs of this action to be paid by IBM, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

109.    The California Named Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day, as well as the additional statutory amount provided by California Labor Code §§ 2698 and 2699 of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, and such other legal and equitable relief from IBM's unlawful and willful conduct as the Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(New York Labor Law, § 650 *et seq.* , § 190 *et seq.*, and 12 N.Y.C.R.R. Part 142,**
**Brought by the New York Named Plaintiff**
**on Behalf of Himself and the New York Class)**

110.    The New York Named Plaintiff, on behalf of himself and all members of the New York Class, realleges and incorporates by reference paragraphs 1 through 83 as if they were set forth again herein.

111.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "New York Labor Law").

112.    At all relevant times, IBM has been, and continues to be, an "employer" within the meaning of New York Labor Law § 651.  At all relevant times, IBM has employed,

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

and continues to employ, employees, including the New York Named Plaintiff and each of the

New York Class members, within the meaning of the New York Labor Law.

113.    The New York Labor Law requires an employer, such as Defendant IBM,

to pay overtime compensation to all non-exempt employees.  The New York Named Plaintiff and

the New York Class members are not exempt from overtime pay requirements under the New

York Labor Law.

114.    At all relevant times, IBM had a policy and practice of failing and refusing

to pay overtime pay to the New York Plaintiff and to New York Class members for their hours

worked in excess of forty hours per week.

115.    As a result of IBM's failure to pay wages earned and due, and its decision

to withhold wages earned and due, to the New York Plaintiff and New York Class members at a

rate not less than one and one-half times the regular rate of pay for work performed in excess of

forty hours in a workweek, IBM has violated, and continues to violate, the New York Labor Law.

116.    The New York Named Plaintiff, on behalf of himself and the New York

Class members, seeks recovery of attorneys' fees and costs of this action to be paid by IBM, as

provided by New York Labor Law § 663(1).

117.    The New York Named Plaintiff, on behalf of himself and the New York

Class members, seeks the amount of his underpayments based on IBM's failure to pay one and

one half time the regular rate of pay for work performed in excess of 40 hours, as provided by

New York Labor Law § 663(1), and such other legal and equitable relief from IBM's unlawful

and willful conduct as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs on behalf of themselves and all members of the

Nationwide FLSA Class, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the

Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class,

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1    apprising them of the pendency of this action, and permitting them to assert timely FLSA claims

2    in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

3            WHEREFORE, Named Plaintiffs on behalf of themselves and all members of the

4    Nationwide ERISA Class, pray for relief as follows:

5            B.      Certification of this action as a class action on behalf of the proposed

6    ERISA Class;

7            C.      Designation of the Named Plaintiffs as Representatives of the ERISA

8    Class;

9            D.      A declaration that the practices complained of herein violate ERISA §

10   209(a), 29 U.S.C. § 1129(a);

11           E.      Appropriate equitable and injunctive relief to remedy Defendant's

12   violations of ERISA § 209(a);

13           F.      A declaration that Defendant has breached its fiduciary duties by failing to

14   credit the Named Plaintiffs and the ERISA Class with Eligible Compensation for all work

15   performed, as required by ERISA and the terms of the Savings Plan;

16           G.      A declaration that Defendant has breached its fiduciary duties by failing to

17   credit the Named Plaintiffs and the ERISA Class with Pensionable Pay for all work performed, as

18   required by ERISA and the terms of the IBM Personal Pension Plan;

19           H.      An order requiring that Defendant remedy its breaches of fiduciary duty by

20   crediting Named Plaintiffs and the ERISA Class with Eligible Compensation and Pensionable

21   Pay for all of their past, present, and future uncompensated work;

22           I.      Attorneys' fees and costs of suit; and

23           J.      Such other injunctive and equitable relief as the Court may deem

24   necessary, just, and proper.

25           WHEREFORE, the California Named Plaintiffs on behalf of themselves and all

26   members of the California Class, prays for relief as follows:

27           K.      Certification of this action as a class action on behalf of the proposed

28   California Class;

482182.1

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1        L.      Designation of the California Named Plaintiffs as Representative of the

2  California Class;

3        M.     A declaratory judgment that the practices complained of herein are

4  unlawful under California state law;

5        N.      Appropriate equitable and injunctive relief to remedy Defendant's

6  violations of California law, including but not necessarily limited to an order enjoining Defendant

7  from continuing its unlawful practices;

8        O.      Appropriate statutory penalties under Cal. Lab. Code §§ 226.7, 226(e),

9  1174.5, 2698, 2699;

10       P.      An award of damages, liquidated damages, and restitution to be paid by

11  Defendant according to proof;

12       Q.      Restitution;

13       R.      Pre-Judgment and Post-Judgment interest, as provided by law;

14       S.      Such other injunctive and equitable relief as the Court may deem just and

15  proper; and

16       T.      Attorneys' fees and costs of suit, including expert fees and fees pursuant to

17  Cal. Lab. Code §§ 218.5, 1194, 2698, and 2699, Cal. Code Civ. Proc. § 1021.5, and other

18  applicable state laws.

19       WHEREFORE, the New York Named Plaintiff on behalf of himself and all

20  members of the New York Class, prays for relief as follows:

21       U.      Certification of this action as a class action on behalf of the proposed New

22  York Class;

23       V.      Designation of the New York Named Plaintiff as Representative of the

24  New York Class;

25       W.     A declaratory judgment that the practices complained of herein are

26  unlawful under New York state law;

27

28

482182.1

1          X.       Appropriate equitable and injunctive relief to remedy Defendant's

2 violations of New York law, including but not necessarily limited to an order enjoining Defendant

3 from continuing its unlawful practices;

4          Y.       Appropriate statutory penalties;

5          Z.       An award of damages, liquidated damages, and restitution to be paid by

6 Defendant according to proof;

7          AA.     Restitution and/or disgorgement of profits;

8          BB.     Pre-Judgment and Post-Judgment interest as provided by law;

9          CC.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to

10 applicable state laws; and

11          DD.     Such other injunctive and equitable relief as the Court may deem

12 necessary, just and proper.

13                                         Respectfully submitted,

14

15 Dated: January 24, 2006           By:

16                                      James M. Finberg

17                           James M. Finberg (SBN 114850)
                          Eve H. Cervantez (SBN 164709)

18                           Jahan C. Sagafi (SBN 224887)
                          LIEFF, CABRASER, HEIMANN &
                             BERNSTEIN, LLP

19                           275 Battery Street, 30th Floor
                          San Francisco, CA 94111-3339

20                           Telephone: (415) 956-1000
                          Facsimile: (415) 956-1008

21                           Email: jfinberg@lchb.com
                          Email: ecervantez@lchb.com

22                           Email: jsagafi@lchb.com

23                           Rachel Geman (RG 0998 [NY])
                          LIEFF, CABRASER, HEIMANN &

24                              BERNSTEIN, LLP
                          780 Third Avenue, 48th Floor

25                           New York, NY 10017-2024
                          Telephone: (212) 355-9500

26                           Facsimile: (212) 355-9592
                          Email: rgeman@lchb.com

27

28

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

1    Steven G. Zieff (SBN 084222)
     David A. Lowe (SBN 178811)
2    RUDY, EXELROD & ZIEFF, LLP
     351 California Street, Suite 700
3    San Francisco, CA  94104
     Telephone:  (415) 434-9800
4    Facsimile:  (415) 434-0513
     Email:  szieff@reztlaw.com
5    Email:  dal@reztlaw.com

6    Todd F. Jackson (SBN 202598)
     Claire Kennedy-Wilkins (SBN 231897)
7    Lindsay E. Nako (SBN 239090)
     LEWIS FEINBERG RENAKER &
8        JACKSON, P.C.
     1300 Broadway, Suite 1800
9    Oakland, CA  94612
     Telephone:  (510) 839-6824
10   Facsimile:  (510) 839-7839
     Email:  tjackson@lewisfeinberg.com
11   Email:  ckwilkins@lewisfeinberg.com
     Email:  lnako@lewisfeinberg.com
12
     Adam T. Klein (AK 3293 [NY])
13   Justin M. Swartz (JS 7989 [NY])
     Piper Hoffman (PH 4990 [NY])
14   OUTTEN & GOLDEN
     3 Park Ave., 29th Floor
15   New York, NY 10016
     Telephone:  (212) 245-1000
16   Facsimile:  (212) 977-4005
     Email:  atk@outtengolden.com
17   Email:  jms@outtengolden.com
     Email:  ph@outtengolden.com
18
     Ira Spiro (SBN 67641)
19   Rebecca J Sobie (SBN 179562)
     SPIRO MOSS BARNESS HARRISON &
20       BARGE, LLP
     11377 W. Olympic Blvd., Fl. 5
21   Los Angeles, CA 90064-1625
     Telephone:  (310) 235-2468
22   Facsimile:  (310) 235-2456
     Email:  ispiro@smbhblaw.com
23   Email:  rsobie@smbhblaw.com

24   J. Derek Braziel (00793380 [TX])
     LEE & BRAZIEL, LLP
25   208 N. Market Street
     Dallas, TX  75202
26   Telephone:  (214) 749-1400
     Facsimile:  (214) 749-1010
27   Email:  jdbraziel@l-b-law.com

28

1

2

3

4

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
Email:  rburch@brucknerburch.com

5

6

7

8

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER, BORGEN
& DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417
Email:  borgen@gdblegal.com

9

10

*Attorneys for Plaintiffs and the proposed Plaintiff Classes*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 27 -

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: January 24, 2006

By: _James M. Finberg_
James M. Finberg

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: jfinberg@lchb.com
Email: ecervantez@lchb.com
Email: jsagafi@lchb.com

Rachel Geman (RG 0998 [NY])
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

Steven G. Zieff (SBN 084222)
David A. Lowe (SBN 178811)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: szieff@reztlaw.com
Email: dal@reztlaw.com

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION

Todd F. Jackson (SBN 202598)
Claire Kennedy-Wilkins (SBN 231897)
Lindsay E. Nako (SBN 239090)
LEWIS FEINBERG RENAKER &
    JACKSON, P.C.
1300 Broadway, Suite 1800
Oakland, CA  94612
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839
Email:  tjackson@lewisfeinberg.com
Email:  ckwilkins@lewisfeinberg.com
Email:  lnako@lewisfeinberg.com

Adam T. Klein (AK 3293 [NY])
Justin M. Swartz (JS 7989 [NY])
Piper Hoffman (PH 4990 [NY])
OUTTEN & GOLDEN
3 Park Ave., 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
Email:  atk@outtengolden.com
Email:  jms@outtengolden.com
Email:  ph@outtengolden.com

Ira Spiro (SBN 67641)
Rebecca J Sobie (SBN 179562)
SPIRO MOSS BARNESS HARRISON &
    BARGE, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625
Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456
Email:  ispiro@smbhblaw.com
Email:  rsobie@smbhblaw.com

J. Derek Braziel (00793380 [TX])
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX  75202
Telephone:  (214) 749-1400
Facsimile:  (214) 749-1010
Email:  jdbraziel@l-b-law.com

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
Email:  rburch@brucknerburch.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER, BORGEN
& DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417
Email:  borgen@gdblegal.com

*Attorneys for Plaintiffs and the proposed Plaintiff
Classes*

- 30 -

COMPLAINT FOR VIOLATIONS OF FLSA, ERISA,
AND STATE WAGE AND HOUR LAWS -
COLLECTIVE ACTION AND CLASS ACTION