UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. CV 06-00430 PJH<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE, TOLLING OF FLSA STATUTE OF LIMITATIONS, AND POTENTIAL COLLECTIVE ACTION MEMBER CONTACT INFORMATION** |

This Stipulation is entered into by and between Thomas Roseburg, John Shelly, James Baxter, Sherry Mattson, Steve Park, Fnu Kennedy, and Exaldo Topacio ("Plaintiffs"), by and through their undersigned counsel, and International Business Machines Corporation ("IBM" or the "Company"), by and through its undersigned counsel. Plaintiffs and the Company are collectively referred to herein as the "Parties."

**RECITALS**

WHEREAS, Plaintiffs have filed an action in the United States District Court for the Northern District of California styled Thomas Rosenburg et al. v. International Business Machines Corp., Case No. 06-0430 PJH;

WHEREAS, Plaintiffs claim, among other things, that the Company has misclassified Plaintiffs as exempt from overtime requirements under the Fair Labor Standards Act ("FLSA")

1  and, as a result, has not provided overtime compensation for overtime hours worked ("FLSA
2  Claims");

3  WHEREAS, Plaintiffs seek to bring a nationwide FLSA collective action on behalf of
4  "technical support workers with the primary duty of installing, maintaining and/or supporting
5  computer software and/or hardware . . . who were, are, or will be classified by IBM as exempt
6  from overtime pay under federal law" ("Prospective FLSA Collective Action");

7  WHEREAS, Plaintiffs all hold and/or held the position title of Technical Services
8  Professional, which position was classified by the IBM position code 499A ("499A Position"), or
9  a predecessor position code, in band 6, 7, or 8;

10  WHEREAS, the only predecessor position codes to the 499A Position were 498Q ("498Q
11  Position"), 498R ("498R Position"), 498S ("498S Position"), 498T ("498T Position"), and 498U
12  ("498U Position");

13  WHEREAS, Plaintiffs have indicated that the proposed FLSA class might also encompass
14  position code 5968 ("5968 Position"), bands 6-8 of position code 594J ("594J Position"), and
15  position code 5338 ("5338 Position");

16  WHEREAS, Plaintiffs have requested and the Company has agreed to produce, subject to
17  the terms of this Stipulation and Order, (a) the full name and (b) full current or last known home
18  address of any current or former employee of the Company who worked in any one of the
19  following positions at any time between January 24, 2003 and April 20, 2006: bands 6-8 of the
20  499A Position; bands 6-8 of the 498Q, 498R, 498S, 498T, and 498U Positions; the 5968 Position;
21  bands 6-8 of the 594J Position; and the 5338 Position (hereinafter, the name and address
22  information referred to in this paragraph is called "Contact Information");

23  WHEREAS, the Company denies that it has misclassified as exempt Plaintiffs or other
24  employees or engaged in any other unlawful employment practices and further denies that
25  certification of any potential class or collective action is appropriate;

26  WHEREAS, the Parties have agreed that it is in their mutual interests to attempt to resolve
27  through confidential mediation, scheduled for September 13, 2006, the claims in the above-
28  referenced litigation, including but not limited to the FLSA Claims;

WHEREAS, the Parties have also agreed to engage in certain discovery prior to conducting mediation so that they will be well informed about the facts of the case at the mediation;

WHEREAS, the Parties have agreed that Plaintiffs will not move for conditional certification of the Prospective FLSA Collective Action for the purpose of issuance of Court-facilitated notice ("Notice Motion") or move for class certification under F.R.C.P. 23 ("Rule 23 Motion") until after September 28, 2006;

THEREFORE, the Parties stipulate and agree as follows:

**STIPULATION AND AGREEMENT**

1. Plaintiffs will not file a Notice Motion or Rule 23 Motion until after September 28, 2006.

2. The statute of limitations under the FLSA applicable to (a) the Plaintiffs; (b) employees in bands 6-8 of the 499A Position; (c) employees in bands 6-8 of the 498Q, 498R, 498S, 498T, and 498U Positions; (d) employees in the 5968 Position; (e) employees in bands 6-8 of the 594J Position; and (f) employees in the 5338 Position shall be tolled from April 19, 2006 through September 28, 2006.

3. This Stipulation and Order is without prejudice to Plaintiffs moving the Court, pursuant to the doctrine of equitable tolling, to toll the FLSA statute of limitations for periods before April 19, 2006 or after September 28, 2006. The Company reserves the right to oppose any such motion. This Stipulation and Order is also without prejudice to the Parties reaching agreement about additional tolling.

4. This Stipulation and Order will not have the effect of reviving any claims that were time-barred as of April 19, 2006.

5. Within two weeks of the entry of this Stipulation and Order, the Company will provide the Contact Information to Plaintiffs' counsel.

6. Plaintiffs' counsel shall not use the Contact Information to solicit opt-in filings or to issue notice to potential collective action members concerning "opt-in" joinder rights,

unless the Court grants Plaintiffs' Notice Motion and then only to the extent that the Court approves the use of the Contact Information for such purpose.

7. Plaintiffs' counsel may, however, use the Contact Information to contact potential collective action members, by mail or otherwise, for discovery and investigation purposes, subject to applicable limitations imposed by law, court order, and/or ethical rules. If any potential collective action members so contacted inquire as to their rights in this case, Plaintiffs' counsel may advise them regarding their legal rights, including but not limited to advising them as to their "opt-in" joinder rights, subject to applicable limitations imposed by law, court order, and/or ethical rules.

8. In providing the Contact Information, the Company does not waive its right to oppose any Notice Motion or Rule 23 Motion filed by Plaintiffs or anyone else, nor does the Company concede that any individuals may proceed as a class or collective action.

9. Plaintiffs' counsel shall use the Contact Information solely for purposes of prosecuting this case and in accordance with this Stipulation and Order; shall not disclose the Contact Information to anyone other than employees of Plaintiffs' counsel and professional vendors to whom it is reasonably necessary to disclose the Contact Information for purposes of prosecuting this case and in accordance with this Stipulation and Order; shall notify the Company (in writing) immediately or in no event later than three days after receipt of a subpoena or order issued in other litigation that would compel disclosure of the Contact Information; and shall return the Contact Information (including all copies or reproductions) to the Company's counsel within 60 days after the final termination of this action.

10. The restrictions on Plaintiffs' counsel's use of the Contact Information contained in this Stipulation and Order shall survive the expiration of the tolling period on September 28, 2006.

11. Except as expressly set forth herein, nothing contained in this Stipulation shall constitute a waiver of Plaintiffs' or the Company's legal positions, rights or remedies, including any defense under any statute of limitations or any other defense relating to the passage of time.

12. This Stipulation and Order shall not be admissible for any purpose whatsoever, other than for the purpose of enforcing the terms hereof, in any proceeding between the Company and any Plaintiff(s) and/or other individuals for whom the FLSA statute of limitations is tolled pursuant to this Stipulation and Order.

13. This Stipulation and Order is not intended as, and shall not be construed to be, an admission by any Party that any other Party has or does not have a valid claim or defense.

14. This Stipulation and Order shall not become effective until approved and entered by the Court.

Dated: May 18, 2006

By: */s/ Donna Mezias* _____
    Donna Mezias

Donna Mezias (SBN 111902)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Glen D. Nager, *pro hac vice*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-5464
Facsimile: (202) 626-1700

Matthew W. Lampe, *pro hac vice*
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215-2673
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

*Attorneys for Defendant IBM*

| | | |
|---|---|---|
| Dated: May 18, 2006 | By: | /s/ James M. Finberg |
| | | James M. Finberg |

James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Jahan C. Sagafi (SBN 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: jfinberg@lchb.com
Email: ecervantez@lchb.com
Email: jsagafi@lchb.com

Rachel Geman (RG 0998 [NY])
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

Steven G. Zieff (SBN 084222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: szieff@reztlaw.com
Email: dal@reztlaw.com
Email: kjs@reztlaw.com

Todd F. Jackson (SBN 202598)
Claire Kennedy-Wilkins (SBN 231897)
Lindsay E. Nako (SBN 239090)
LEWIS FEINBERG RENAKER &
  JACKSON, P.C.
1300 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com
Email: ckwilkins@lewisfeinberg.com
Email: lnako@lewisfeinberg.com

Adam T. Klein (AK 3293 [NY])
Justin M. Swartz (JS 7989 [NY])
Piper Hoffman (PH 4990 [NY])
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: jms@outtengolden.com
Email: ph@outtengolden.com

Ira Spiro (SBN 67641)
SPIRO MOSS BARNESS HARRISON &
 BARGE, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
Email: ispiro@smbhblaw.com

J. Derek Braziel (00793380 [TX])
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER,
 BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: borgen@gdblegal.com

*Attorneys for Plaintiffs and the proposed Plaintiff Classes*

**ORDER**

The foregoing Stipulation is approved, and IT IS SO ORDERED.

DATED: 6/7/06    _____
Hon. Phyllis J. Hamilton
United States District Judge



I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (*/s/*) within this efiled document.

Date: May 18, 2006

*/s/ James M. Finberg*
James M. Finberg