UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. 06-0430 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this

STIPULATED PROTECTIVE ORDER
SFI-542921v1

CASE NO. 06-0430 PJH

Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 Party: any party to this action, including all of the officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) of any party. Party includes the Named Plaintiffs identified in the First Amended Complaint, but does not include putative class or collective action members, including persons who file consents to sue, unless and until the Court approves the joinder of any such persons pursuant to 28 U.S.C. § 216(b).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 Competitor: a person who presently or at any time since January 1, 2001, (1) competes or has competed with Defendant or any of its affiliated companies in the provision of computer products or services or (2) is employed or has been employed with an entity that competes with Defendant or any of its affiliated companies in the provision of computer products or services. A competitor does not include a person or employee of an entity whose primary business purpose is to provide statistical, economic, or job content analysis.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top
2  of each page that contains protected material.

3        A Party or non-party that makes original documents or materials available for
4  inspection need not designate them for protection until after the inspecting Party has indicated
5  which material it would like copied and produced.  During the inspection and before the
6  designation, all of the material made available for inspection shall be treated as "HIGHLY
7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
8  documents it wants copied and produced, the Producing Party must determine which documents,
9  or portions thereof, qualify for protection under this Order, then, before producing the specified
10 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that
12 contains Protected Material.

13       (b)    for testimony given in deposition or in other pretrial or trial proceedings,
14 that the Party or non-party offering or sponsoring the testimony identify on the record, before the
15 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
16 any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
17 – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of
18 testimony that is entitled to protection, and when it appears that substantial portions of the
19 testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
20 testimony may invoke on the record (before the deposition or proceeding is concluded) a right to
21 have up to 20 days to identify the specific portions of the testimony as to which protection is
22 sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
23 CONFIDENTIAL – ATTORNEYS' EYES ONLY").

24       Only those portions of the testimony that are appropriately designated for
25 protection within the 20 days shall be covered by the provisions of this Stipulated Protective
26 Order.

27       Transcript pages containing Protected Material must be separately bound by the
28 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (b)  the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

  (c)  a person who is a putative class or collective action member, including but not limited to a person who has filed a consent to sue form, who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and to whom disclosure is reasonably necessary for this litigation;

  (d)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (e)  the Court and its personnel;

  (f)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (g)  during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (h)  the author of the document or the original source of the information.

  Notwithstanding the above paragraph, a Receiving Party may disclose to any putative class or collective action member the personnel file and payroll information that pertains to any such individual, regardless of whether the information or item is designated CONFIDENTIAL.

  7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

STIPULATED PROTECTIVE ORDER
SFI-542921v1
- 8 -
CASE NO. 06-0430 PJH

        (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this litigation;

        (c)     the Receiving Party's employees to whom disclosure is reasonably necessary for the purposes of this litigation;

        (d)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). With regard to Experts (as defined in this Order) who are also Competitors of a Party, disclosure shall be made only to those individuals as to whom the procedures set forth in paragraph 7.4, below, have been followed;

        (e)     the Court and its personnel;

        (f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

        (g)     the author of the document or the original source of the information.

    7.4    <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts" Who Are Competitors of a Party.</u>

        (a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert who is a Competitor of the Designating Party any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's

current resume, (4) identifies the Expert's current employer(s), and (5) explains why the Expert satisfies the definition of a Competitor.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

7.5 In any such proceeding, the Party opposing disclosure to the Competitor Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

1  and in no event more than three court days after receiving the subpoena or order. Such
2  notification must include a copy of the subpoena or court order.

3  The Receiving Party also must immediately inform in writing the Party who caused the
4  subpoena or order to issue in the other litigation that some or all the material covered by the
5  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
6  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
7  caused the subpoena or order to issue.

8  The purpose of imposing these duties is to alert the interested parties to the existence of
9  this Protective Order and to afford the Designating Party in this case an opportunity to try to
10 protect its confidentiality interests in the court from which the subpoena or order issued. The
11 Designating Party shall bear the burdens and the expenses of seeking protection in that court of its
12 confidential material – and nothing in these provisions should be construed as authorizing or
13 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14 9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
16 Material to any person or in any circumstance not authorized under this Stipulated Protective
17 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
18 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
19 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
20 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
21 Be Bound" that is attached hereto as Exhibit A.

22 10. FILING PROTECTED MATERIAL.

23 Except as provided in this paragraph, without written permission from the Designating
24 Party or a court order secured after appropriate notice to all interested persons, a Party may not
25 file in the public record in this action any Protected Material. A Party that seeks to file under seal
26 any Protected Material must comply with Civil Local Rule 79-5. If the Court denies the request
27 to seal, then the Receiving Party must wait three business days. If the Designating Party does not
28 file a motion for a protective order within three business days of the denial of the request to seal,

STIPULATED PROTECTIVE ORDER
SFI-542921v1
- 11 -
CASE NO. 06-0430 PJH

the Receiving Party may file the Protected Material in the public record. If the Designating Party moves for a protective order within three business days, the Receiving Party may, in opposing such motion, seek leave to file the Protected Material at issue in the public record in the event that the motion is denied, and may file such information in the public record if the request to do so is granted. Protected Material subject to a request to file under seal will, upon becoming appropriate for filing in the public record pursuant to the terms of this paragraph and upon actual filing, be deemed filed when initially presented to the Court with the request to file under seal.

11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled (i) to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials contain Protected Material, and (ii) to retain or destroy, as it chooses, any work product, even if it contains Protected Material. Any such retained material that contains or constitutes Protected Material remains subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

STIPULATED PROTECTIVE ORDER
SFI-542921v1
CASE NO. 06-0430 PJH
- 12 -

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 2, 2006           By:   /S/ Claire Kennedy-Wilkins
                                    Claire Kennedy-Wilkins, Esq.
                                    Todd F. Jackson, Esq.
                                    Lindsay E. Nako, Esq.
                                    LEWIS FEINBERG RENAKER &
                                    JACKSON, P.C.
                                    1330 Broadway, Suite 1800
                                    Oakland, CA 94612
                                    Telephone: (510) 839-6824
                                    Facsimile: (510) 839-7839
                                    Email: ckwilkins@lewisfeinberg.com
                                    Email: tjackson@lewisfeinberg.com
                                    Email: lnako@lewisfeinberg.com

                                    James M. Finberg
                                    LIEFF, CABRASER, HEIMANN &
                                    BERNSTEIN, LLP
                                    275 Battery Street, 30th Floor
                                    San Francisco, CA 94111-3339
                                    Telephone: (415) 956-1000
                                    Facsimile: (415) 956-1008
                                    Email: jfinberg@lchb.com

                                    Rachel Geman, Esq.
                                    LIEF, CABRASER, HEIMANN &
                                    BERNSTEIN, LLP
                                    780 Third Avenue, 48th Floor
                                    New York, NY 10017-2024
                                    Telephone (212-355-9500
                                    Facsimile: (212) 355-9592
                                    Email: rgeman@lchb.com

| | |
|---|---|
| 1 | Steven G. Zieff, Esq. |
| 2 | David A. Lowe, Esq. |
| | Kenneth J. Sugarman, Esq. |
| 3 | RUDY, EXELROD & ZIEFF, LLP |
| | 351 California Street, Suite 700 |
| 4 | San Francisco, CA 94104 |
| | Telephone: (415) 434-9800 |
| 5 | Facsimile (415) 434-0513 |
| | Email: szieff@reztlaw.com |
| 6 | Email: dal@reztlaw.com |
| | Email: kjs@reztlaw.com |
| 7 | |
| | Adam T. Klein, Esq. |
| 8 | Justin M. Swartz, Esq. |
| | Piper Hoffman, Esq. |
| 9 | OUTTEN & GOLDEN LLP |
| | 3 Park Avenue, 29th Floor |
| 10 | New York, NY 10016 |
| | Telephone (212) 245-1000 |
| 11 | Facsimile: (212) 977-4005 |
| | Email: atk@ottengolden.com |
| 12 | Email: jms@outtengolden.com |
| 13 | Email: ph@outtengolden.com |
| | |
| 14 | David Borgen, Esq. |
| | GOLDSTEIN, DEMCHAK, BALLER & |
| 15 | BORGEN & DARDARIAN |
| | 300 Lakeside Drive, Suite 1000 |
| 16 | Oakland, CA 94612 |
| | Telephone: (510) 763-9800 |
| 17 | Facsimile:   (510) 835-1414 |
| 18 | Email:  borgen@gdblegal.com |
| | |
| 19 | Ira Spiro, Esq. |
| | SPIRO MOSS BARNESS HARRISON & |
| 20 | BARGE, LLP |
| | 11377 W. Olympic Blvd., Fl. 5 |
| 21 | Los Angeles, CA 90064-1625 |
| | Telephone: (310) 235-2468 |
| 22 | Facsimile: (310) 235-2456 |
| 23 | Email: ispiro@smbhblaw.com |
| | |
| 24 | J. Derek Braziel, Esq. |
| | LEE & BRAZIEL, LLP |
| 25 | 208 N. Market Street |
| | Dallas, TX 75202 |
| 26 | Telephone: (214) 749-1400 |
| | Facsimile (214) 749-1010 |
| 27 | Email: jdbraziel@l-b-law.com |
| 28 | |

STIPULATED PROTECTIVE ORDER
SFI-542921v1

- 14 -

CASE NO. 06-0430 PJH

|   |   |   |
|---|---|---|
| 1 |  | Richard Burch, Esq. |
| 2 |  | BRUCKNER BURCH, PLLC |
|   |  | 5847 San Felipe, Suite 3900 |
| 3 |  | Houston, TX 77057 |
|   |  | Telephone: (713) 877-8788 |
| 4 |  | Facsimile: (713) 877-8065 |
|   |  | Email: rburch@brucknerburch.com |
| 5 |  |  |
|   |  | Attorneys for Plaintiffs |
| 6 |  |  |
| 7 |  |  |
|   | DATED: June 2, 2006 | By: ___/S/ Donna M. Mezias_____ |
| 8 |  | Donna M. Mezias |
|   |  | Donna M. Mezias |
| 9 |  | Aaron L. Agenbroad (*pro hac vice*) |
|   |  | JONES DAY |
| 10 |  | 555 California Street, 26th Floor |
|    |  | San Francisco, CA 94104 |
| 11 |  | Telephone: (415) 626-3939 |
|    |  | Facsimile: (415-875-5700 |
| 12 |  | Email: dmezias@jonesday.com |
|    |  | Email: alagenbroad@joneday.com |
| 13 |  |  |
|    |  | Glen D. Nager (*pro hac vice*) |
| 14 |  | JONES DAY |
|    |  | 51 Louisiana Avenue, N.W. |
| 15 |  | Washington, D.C. 20001-2113 |
|    |  | Telephone: (202) 879-3939 |
| 16 |  | Facsimile: (202) 626-1700 |
|    |  | Email: gdnager@jonesday.com |
| 17 |  |  |
|    |  | Matthew W. Lampe (*pro hac vice*) |
| 18 |  | JONES DAY |
|    |  | 325 John H. McConnell Blvd., Suite 600 |
| 19 |  | Columbus, OH 43215-2676 |
|    |  | Telephone: (614) 469-3939 |
| 20 |  | Facsimile: (614) 461-4198 |
|    |  | Email: mwlampe@jonesday.com |
| 21 |  |  |
|    |  | Meir Feder (*pro hac vice*) |
| 22 |  | Marla S.K. Bergman (*pro hac vice*) |
|    |  | Wendy C. Butler (*pro hac vice*) |
| 23 |  | JONES DAY |
|    |  | 222 East 41st Street |
| 24 |  | New York, NY 10017-6702 |
|    |  | Telephone: (212) 326-3939 |
| 25 |  | Facsimile: (212) 755-7306 |
|    |  | Email: mfeder@jonesday.com |
| 26 |  | Email: msbergman@jonesday.com |
|    |  | Email: wbutler@jonesday.com |
| 27 |  |  |
|    |  | Attorneys for Defendant |
| 28 |  |  |

STIPULATED PROTECTIVE ORDER  
SFI-542921v1

- 15 -

CASE NO. 06-0430 PJH

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

3  DATED: 6/7/06  _____
      Phyllis J. Hamilton
      United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

STIPULATED PROTECTIVE ORDER
SFI-542921v1

- 16 -

CASE NO. 06-0430 PJH

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Thomas Rosenburg et al. v. International Business Machines Corp.*, Case No. 06-0430 PJH, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
                [signature]