1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10        SAN FRANCISCO DIVISION

11

12  THOMAS ROSENBURG *et al.*, on behalf of          Case No. CV 06-00430 PJH
    themselves and classes of those similarly situated,
13                                                    **STIPULATION AND [~~PROPOSED~~]
             Plaintiffs,                              ORDER REGARDING
14                                                    SETTLEMENT OF CLAIMS OF
        v.                                            INDIVIDUAL EMPLOYEES CRIBB
15                                                    AND LONGBINE**
    INTERNATIONAL BUSINESS
16  MACHINES CORPORATION,

17           Defendant.

18

19

20        This Stipulation is entered into by and between Denise Longbine ("Longbine") and

21  Donald Cribb ("Cribb"), by and through their undersigned counsel, and International Business

22  Machines Corporation ("IBM" or the "Company"), by and through its undersigned counsel.

23  Longbine, Cribb, and the Company are collectively referred to herein as the "Parties."

24                                  <u>RECITALS</u>

25        WHEREAS, Cribb has been employed by IBM since 1979.

26        WHEREAS, Longbine was employed by IBM from August 30, 2000 until May 9, 2006.

27

28

1
2
WHEREAS, Cribb filed an opt-in form in the above action, and Longbine signed an opt-in form in the above action, which has not been filed with the Court.

3
4
5
WHEREAS, the proposed class settlement reflected in the Joint Stipulation of Settlement and Release of All Claims that was filed with the Court for preliminary approval on November 22, 2006 does not encompass employees in the position held by Cribb and Longbine.

6
7
8
9
10
WHEREAS, in accordance with the Agreements and General Releases ("Agreements") attached hereto as Exhibit A, the Parties desire to settle fully and finally all differences between them, including but not limited to claims that could have been asserted in the above action or claims arising from the employment by IBM of Cribb and Longbine.

11
12
WHEREAS, the undersigned counsel for Cribb and Longbine have determined that the Agreements reflect a reasonable compromise of disputed issues.

13
14
15
16
WHEREAS, the Parties request that the Court approve as reasonable the Agreements and the releases set forth therein, including but not limited to the releases of claims under the Fair Labor Standards Act and state wage laws.

17
18
THEREFORE, the Parties stipulate and agree as follows:

**STIPULATION AND AGREEMENT**

19
20
21
22
23
24
25
1.      Cribb and Longbine are represented by counsel in the above action.  Cribb has filed with the Court an opt-in form consenting to join the action, and Longbine has signed such a form, which has not been filed with the Court.  Concurrently with filing this Stipulation, Cribb has filed a Notice of Withdrawal of Opt-In Form for Court approval, as described in the Proposed Order attached as Exhibit D to the Joint Stipulation of Settlement and Release of All Claims that was filed with the Court for preliminary approval on November 22, 2006.  Longbine agrees not to file her opt-in form.

26
27
2.      There exists a dispute among the Parties as to whether Longbine and/or Cribb can recover under the Fair Labor Standards Act or any other claim asserted in this action.

28

- 2 -

1  IBM denies liability in the action and denies that Longbine and Cribb are entitled to any recovery

2  whatsoever.

3        3.      The settlement reflected in the Agreements attached as Exhibit A

4  represents a reasonable compromise of disputed issues and is approved.

6  Dated: December 20, 2006           By: _____ /S/ Donna M. Mezias _____
                                              Donna M. Mezias

8                                      Donna M. Mezias (SBN 111902)
                                       JONES DAY
9                                      555 California Street, 26th Floor
                                       San Francisco, CA  94104
                                       Telephone:   (415) 626-3939
10                                     Facsimile:    (415) 875-5700

11                                     Glen D. Nager, *pro hac vice*
                                       JONES DAY
12                                     51 Louisiana Avenue, N.W.
                                       Washington, D.C.  20001-2113
13                                     Telephone:   (202) 879-5464
                                       Facsimile:    (202) 626-1700

15                                     Matthew W. Lampe, *pro hac vice*
                                       JONES DAY
16                                     325 John H. McConnell Boulevard
                                       Suite 600
17                                     Columbus, Ohio  43215-2673
                                       Telephone:   (614) 469-3939
18                                     Facsimile:    (614) 461-4198

19                                     *Attorneys for Defendant IBM*

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
RE CASE SCHEDULE AND TOLLING

1    Dated: December 20, 2006                By:
                                                  James M. Finberg
2
3                                            James M. Finberg (SBN 114850)
                                             Eve H. Cervantez (SBN 164709)
4                                            Jahan C. Sagafi (SBN 224887)
                                             LIEFF, CABRASER, HEIMANN &
5                                                 BERNSTEIN, LLP
                                             275 Battery Street, 30th Floor
6                                            San Francisco, CA  94111-3339
                                             Telephone:  (415) 956-1000
7                                            Facsimile:  (415) 956-1008
                                             Email:  jfinberg@lchb.com
8                                            Email:  ecervantez@lchb.com
                                             Email:  jsagafi@lchb.com
9
                                             Rachel Geman (RG 0998 [NY])
10                                           LIEFF, CABRASER, HEIMANN &
                                                 BERNSTEIN, LLP
11                                           780 Third Avenue, 48th Floor
                                             New York, NY 10017-2024
12                                           Telephone:  (212) 355-9500
                                             Facsimile:  (212) 355-9592
13                                           Email:  rgeman@lchb.com

14                                           Steven G. Zieff (SBN 084222)
                                             David A. Lowe (SBN 178811)
15                                           Kenneth J. Sugarman (SBN 195059)
                                             RUDY, EXELROD & ZIEFF, LLP
16                                           351 California Street, Suite 700
                                             San Francisco, CA  94104
17                                           Telephone:  (415) 434-9800
                                             Facsimile:  (415) 434-0513
18                                           Email:  szieff@reztlaw.com
                                             Email:  dal@reztlaw.com
19                                           Email:  kjs@reztlaw.com

20                                           Todd F. Jackson (SBN 202598)
                                             Claire Kennedy-Wilkins (SBN 231897)
21                                           Lindsay E. Nako (SBN 239090)
                                             LEWIS FEINBERG RENAKER &
22                                                 JACKSON, P.C.
                                             1330 Broadway, Suite 1800
23                                           Oakland, CA  94612
                                             Telephone:  (510) 839-6824
24                                           Facsimile:  (510) 839-7839
                                             Email:  tjackson@lewisfeinberg.com
25                                           Email:  ckwilkins@lewisfeinberg.com
                                             Email:  lnako@lewisfeinberg.com
26

27

28

582231.1                         - 4 -        STIPULATION AND [PROPOSED] ORDER
                                              RE SETTLEMENT OF CRIBB AND LONGBINE CLAIMS
                                              NO. CV 06-00430 PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Adam T. Klein (AK 3293 [NY])
Justin M. Swartz (JS 7989 [NY])
Piper Hoffman (PH 4990 [NY])
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
Email:  atk@outtengolden.com
Email:  jms@outtengolden.com
Email:  ph@outtengolden.com

Ira Spiro (SBN 67641)
SPIRO MOSS BARNESS HARRISON &
    BARGE, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625
Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456
Email:  ispiro@smbhblaw.com

J. Derek Braziel (00793380 [TX])
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX  75202
Telephone:  (214) 749-1400
Facsimile:  (214) 749-1010
Email:  jdbraziel@l-b-law.com

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone:  (713) 877-8788
Facsimile:  (713) 877-8065
Email:  rburch@brucknerburch.com

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone:  (510) 763-9800
Facsimile:  (510) 835-1417
Email:  borgen@gdblegal.com

*Attorneys for Longbine and Cribb*

1

## <u>ORDER</u>

2

3        The foregoing Stipulation is approved, and IT IS SO ORDERED.

4

5    DATED: _____1/3/07_____    _____

6                                   Hon. Phyllis J. Hamilton
                                     United States

7



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

## AGREEMENT AND GENERAL RELEASE ("RELEASE")

This Agreement and General Release ("Agreement") is entered into by International Business Machines Corporation ("IBM") and Denise Longbine ("Longbine") (collectively referred to herein as the "Parties") in connection with *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"). The Parties will not execute this Agreement unless and until the Court has approved and entered the Stipulation and Proposed Order Regarding Settlement of Claims of Individual Employees Cribb and Longbine ("Order") attached hereto as Exhibit A. This Agreement shall not become effective or enforceable until all of the following have occurred: (1) the Court has approved and entered the Order; (2) Longbine has executed this Agreement; and (3) the period during which Longbine may revoke the Agreement, as described below, has expired.

Within 10 calendar days after this Agreement becomes effective, IBM will provide Longbine $5,000, less applicable taxes and withholdings ("Settlement Payment"). For tax withholding and reporting purposes, the Settlement Payment shall be allocated as follows: 50% shall be treated as wages and 50% shall be treated as liquidated damages and interest. The payment treated as wages shall be made net of all applicable employment taxes and shall be reported to the Internal Revenue Service and Longbine under Longbine's name and social security number on an IRS Form W-2. The payment treated as liquidated damages and interest shall be made without withholding and shall be reported to the Internal Revenue Service and Longbine, to the extent required by law, under Longbine's name and social security number on an IRS Form 1099. IBM shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including the employer's share of FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages. Such tax obligations shall be in addition to IBM's obligation to pay the Settlement Payment. The Settlement Payment shall not be considered as a payment of overtime, salary, wages and/or compensation under the terms of any benefit plan or for any purpose except for tax purposes. The receipt by Longbine of this Settlement Payment shall not affect the amount of any contribution to which she is entitled or the level of her benefits under any benefit plan. Longbine shall be solely responsible for all taxes, interest and penalties owed by her with respect to any payment received pursuant to this Agreement (other than the employer's share of all state and federal payroll taxes imposed by applicable law, which will be paid by IBM, as described above), and will indemnify, defend and hold IBM harmless from and against any and all taxes and interest as a result of her failure to timely pay such taxes. Longbine acknowledges and agrees that she has not relied upon any advice from IBM as to the taxability of the payments received pursuant to this Agreement.

In exchange for the Settlement Payment, Longbine agrees not to file the opt-in form that she signed in connection with the Litigation and further agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter the "Company"), from all claims, demands, actions or liabilities that she may have against the Company of whatever kind arising out of circumstances occurring prior to Longbine's execution of this Agreement, including, but not limited to, claims that are related to her employment with IBM or the claims in the Litigation or any other claims that could have been brought in the Litigation based on facts alleged in the Litigation. Longbine agrees that this Agreement also releases from liability the Company's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Longbine agrees that she has voluntarily executed this Agreement on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future. She also agrees that the release set forth in this Agreement covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, 43 Pa. Stat. §§ 333.103 *et seq.*, 333.104(c), 333.108 and 333.113, and any state and local anti-discrimination laws. Longbine also agrees that this release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Longbine agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This release covers both claims that Longbine knows about and those that she does not know about that have accrued by the time Longbine executes this Agreement, except that this release does not cover any payments to which Longbine may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Longbine expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Agreement does not release or waive claims arising after the execution of this Agreement. Longbine acknowledges that she has voluntarily entered into this release. Longbine acknowledges that the payment provided to her in exchange for this release constitutes consideration for the release, in that it is a payment to which she would not have been entitled had she not signed this release.

Longbine has been given the opportunity to take a period of at least twenty-one days within which to consider this Agreement. In the event Longbine signs this Agreement before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Longbine is hereby advised to consult with her attorney about this Agreement prior to executing this Agreement. Longbine hereby acknowledges that she did, prior to executing this Agreement, consult with her attorney about this Agreement.

This Agreement is not effective or enforceable for the period of seven days after Longbine signs it, and Longbine may revoke it during that time frame.

Longbine hereby acknowledges that she understands and agrees to this Agreement.

This Agreement has been approved by the Court.

The Parties acknowledge that this Agreement reflects their wish to resolve their dispute in a reasonable fashion. The Parties in no way acknowledge fault or liability, and this Agreement will not be construed as an admission of liability by IBM.

In case any part of this Agreement shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

DATED: _____        BY: _____
                                             Denise Longbine

NOTARIZATION
State of Pennsylvania
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by Denise Longbine who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

DATED: _____        BY: _____
                                             for IBM

                                           _____
                                             Printed Name and Title

## AGREEMENT AND GENERAL RELEASE ("RELEASE")

This Agreement and General Release ("Agreement") is entered into by International Business Machines Corporation ("IBM") and Donald Cribb ("Cribb") (collectively referred to herein as the "Parties") in connection with *Thomas Rosenburg, et al. v. International Business Machines Corp.*, Case No. 06-00430 PJH (the "Litigation"). The Parties will not execute this Agreement unless and until the Court has approved and entered the Stipulation and Proposed Order Regarding Settlement of Claims of Individual Employees Cribb and Longbine ("Order") attached hereto as Exhibit A. This Agreement shall not become effective or enforceable until all of the following have occurred: (1) the Court has approved and entered the Order; (2) Cribb has executed this Agreement; (3) the period during which Cribb may revoke the Agreement, as described below, has expired; and (4) the Court enters an Order approving the Notice of Withdrawal of Opt-In Form of Daniel Cribb as described in Exhibit D to the Joint Stipulation of Settlement and Release of All Claims that was filed with the Court for preliminary approval on November 22, 2006.

Within 10 calendar days after this Agreement becomes effective, IBM will provide Cribb $5,000, less applicable taxes and withholdings ("Settlement Payment"). For tax withholding and reporting purposes, the Settlement Payment shall be allocated as follows: 50% shall be treated as wages and 50% shall be treated as liquidated damages and interest. The payment treated as wages shall be made net of all applicable employment taxes and shall be reported to the Internal Revenue Service and Cribb under Cribb's name and social security number on an IRS Form W-2. The payment treated as liquidated damages and interest shall be made without withholding and shall be reported to the Internal Revenue Service and Cribb, to the extent required by law, under Cribb's name and social security number on an IRS Form 1099. IBM shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including the employer's share of FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages. Such tax obligations shall be in addition to IBM's obligation to pay the Settlement Payment. The Settlement Payment shall not be considered as a payment of overtime, salary, wages and/or compensation under the terms of any benefit plan or for any purpose except for tax purposes. The receipt by Cribb of this Settlement Payment shall not affect the amount of any contribution to which he is entitled or the level of his benefits under any benefit plan. Cribb shall be solely responsible for all taxes, interest and penalties owed by him with respect to any payment received pursuant to this Agreement (other than the employer's share of all state and federal payroll taxes imposed by applicable law, which will be paid by IBM, as described above), and will indemnify, defend and hold IBM harmless from and against any and all taxes and interest as a result of his failure to timely pay such taxes. Cribb acknowledges and agrees that he has not relied upon any advice from IBM as to the taxability of the payments received pursuant to this Agreement.

In exchange for the Settlement Payment, Cribb agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter the "Company"), from all claims, demands, actions or liabilities that he may have against the Company of whatever kind arising out of circumstances occurring prior to Cribb's execution of this Agreement, including, but not limited to, claims that are related to his employment with IBM or the claims in the Litigation or any other claims that could have been brought in the Litigation based on facts alleged in the Litigation. Cribb agrees

that this Agreement also releases from liability the Company's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Cribb agrees that he has voluntarily executed this Agreement on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that the release set forth in this Agreement covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, N.C. Gen. Stat. §§ 95-25.1 et seq., 95-25.6, 95-25.7, 95-25.7A, 95-25.8, 95-25.13, 95-25.15 and 95-25.22, 13 N.C. Admin. Code §§ 12.0801-12.0807 and any state and local anti-discrimination laws. Cribb also agrees that this release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Cribb agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This release covers both claims that Cribb knows about and those that he does not know about that have accrued by the time Cribb executes this Agreement, except that this release does not cover any payments to which Cribb may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Cribb expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Agreement does not release or waive claims arising after the execution of this Agreement. Cribb acknowledges that he has voluntarily entered into this release. Cribb acknowledges that the payment provided to him in exchange for this release constitutes consideration for the release, in that it is a payment to which he would not have been entitled had he not signed this release.

Cribb has been given the opportunity to take a period of at least twenty-one days within which to consider this Agreement. In the event Cribb signs this Agreement before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Cribb is hereby advised to consult with his attorney about this Agreement prior to executing this Agreement. Cribb hereby acknowledges that he did, prior to executing this Agreement, consult with his attorney about this Agreement.

This Agreement is not effective or enforceable for the period of seven days after Cribb signs it, and Cribb may revoke it during that time frame.

Cribb hereby acknowledges that he understands and agrees to this Agreement.

This Agreement has been approved by the Court.

The Parties acknowledge that this Agreement reflects their wish to resolve their dispute in a reasonable fashion. The Parties in no way acknowledge fault or liability, and this Agreement will not be construed as an admission of liability by IBM.

In case any part of this Agreement shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.


DATED: _____     BY: _____
                                              Donald Cribb


NOTARIZATION
State of North Carolina
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by Donald Cribb who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.



DATED: _____     BY: _____
                                              for IBM

                                          _____
                                          Printed Name and Title