1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11          SAN FRANCISCO DIVISION

12

| | |
|---|---|
| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,<br><br>                    Plaintiffs,<br><br>      v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>                    Defendant. | Case No. CV 06-00430 PJH<br><br>**STIPULATION AND [~~PROPOSED~~ ORDER] AMENDING PROPOSED ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS, (4) APPROVING RELEASES AND (5) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES, AND AMENDING CERTAIN EXHIBITS THERETO**<br><br>Hearing Date:   January 3, 2007<br>Hearing Time:   9:00 a.m.<br>Coutroom of the Hon. Phyllis Hamilton |

13

14

15

16

17

18

19

20

21

22

23

24

25          This Stipulation is entered into by and between Thomas Rosenburg, James Baxter, Sherry

26  Mattson, Steve Park, Fnu Kennedy, Exaldo Topacio, Vincent Letizio, Frank Vasterling, Robert

27  Carlo, Laurence Tosi III, Michelle Peel, Denise Rambsel, Robin Daniels, Marcia Howie, Rebecca

28  Taylor and Alan Erece ("Plaintiffs"), by and through their undersigned counsel, and International

Business Machines Corporation ("IBM" or the "Company"), by and through its undersigned counsel.  Plaintiffs and the Company are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on November 22, 2006, Plaintiffs filed a Motion for Order (1) Conditionally Certifying Settlement Classes And Collective Action, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination Of Notice And Claim Form To The Class, (4) Approving Releases And (5) Setting Date For Fairness Hearing And Related Dates ("Motion"), and a Proposed Order (1) Conditionally Certifying Settlement Classes And Collective Action, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination Of Notice And Claim Form To The Class, (4) Approving Releases And (5) Setting Date For Fairness Hearing And Related Dates ("Proposed Order");

WHEREAS, on November 28, 2006, Plaintiffs filed a corrected version of the Proposed Order to address the fact that Exhibit 1 of the Proposed Order that was filed on November 22, 2006 was missing a page;

WHEREAS, on December 13, 2006, IBM filed a Statement of Non-Opposition to Plaintiffs' Motion;

WHEREAS, after the filing of the Motion, two of the attorneys for Plaintiffs, James M. Finberg and Eve H. Cervantez, announced that as of January 1, 2007, they will be joining the Altshuler Berzon law firm;

WHEREAS, in order to address this change, the Parties are amending the Proposed Order, the Joint Stipulation of Settlement and Release of All Claims ("Settlement Agreement"), attached as Exhibit 1 to the Proposed Order, and the Notice of Proposed Settlement of a Class Action Lawsuit and Fairness Hearing ("Notice"), attached as Exhibit A to the Settlement Agreement.

THEREFORE, the Parties stipulate and agree as follows:

## STIPULATION AND AGREEMENT

1.    Paragraph 1.6 of the Settlement Agreement is hereby amended to read:

"Class Counsel" refers to James M. Finberg and Eve H.

1   Cervantez of Altshuler Berzon, LLP; Kelly M. Dermody,
    Rachel Geman and Jahan C. Sagafi of Lieff, Cabraser,
2   Heimann & Bernstein, LLP; Steven G. Zieff, David Lowe,
    and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP;
3   Todd F. Jackson, Claire Kennedy-Wilkins, and Lindsay
    Nako of Lewis, Feinberg, Renaker & Jackson, P.C.; Adam
4   T. Klein, Justin M. Swartz, and Piper Hoffman of Outten &
    Golden, LLP; Ira Spiro and Gregory N. Karasik of Spiro,
5   Moss, Barness, Harrison & Barge, LLP; J. Derek Braziel of
    Lee & Braziel, LLP; Richard Burch of Bruckner Burch,
6   PLLC; and David Borgen and Roberta Steele of Goldstein,
    Demchak, Baller, Borgen and Dardarian.  For purposes of
7   providing any notices required under this Agreement, Class
    Counsel shall refer to James M. Finberg, Altshuler Berzon,
8   LLP, 177 Post Street, Suite 300, San Francisco, CA 94108.

9          2.     The Proposed Order and the Notice are amended to reflect the new law

10  firm affiliation and address of James M. Finberg and Eve H. Cervantez.  The amended versions of

11  the Proposed Order and the Notice are attached hereto.

12         3.     For purposes of the January 3, 2007 hearing on Plaintiffs' Motion, the

13  version of the Proposed Order, with exhibits, as amended, that is attached hereto is substituted for

14  the prior version of the Proposed Order and its exhibits (filed originally on November 22, 2006

15  and in corrected form on November 28, 2006).

16

17  Dated:  December 20, 2006              By: _____
                                                  James M. Finberg
18
                                          James M. Finberg (SBN 114850)
19                                        Eve H. Cervantez (SBN 164709)
                                          Jahan C. Sagafi (SBN 224887)
20                                        LIEFF, CABRASER, HEIMANN &
                                             BERNSTEIN, LLP
21                                        275 Battery Street, 30th Floor
                                          San Francisco, CA  94111-3339
22                                        Telephone:  (415) 956-1000
                                          Facsimile:  (415) 956-1008
23                                        Email:  jfinberg@lchb.com
                                          Email:  ecervantez@lchb.com
24                                        Email:  jsagafi@lchb.com

25

26

27

28

1

Dated: December 19, 2006

By: _____
      Stephen Berzon

2

3

Stephen Berzon (SBN 46540)
ALTSHULER, BERZON, NUSSBAUM,
  RUBIN AND DEMAIN, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altshulerberzon.com

4

5

6

7

Dated: December ___, 2006

By: _____
      Rachel Geman

8

9

Rachel Geman (RG 0998 [NY])
Jahan C. Sagafi
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

10

11

12

13

14

Dated: December ___, 2006

By: _____
      Steven G. Zieff

15

16

Steven G. Zieff (SBN 084222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: szieff@reztlaw.com
Email: dal@reztlaw.com
Email: kjs@reztlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

NYI-2295121v2

- 4 -

1

Dated:  December ___, 2006

By: _____
          Stephen Berzon

2

3

Stephen Berzon (SBN 46540)
ALTSHULER, BERZON, NUSSBAUM,
   RUBIN AND DEMAIN, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altshulerberzon.com

4

5

6

7

Dated:  December 26, 2006

By: _____
          Rachel Geman

8

9

Rachel Geman (RG 0998 [NY])
Jahan C. Sagafi
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
Email:  rgeman@lchb.com

10

11

12

13

14

Dated:  December ___, 2006

By: _____
          Steven G. Zieff

15

16

Steven G. Zieff (SBN 084222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone:  (415) 434-9800
Facsimile:  (415) 434-0513
Email:  szieff@reztlaw.com
Email:  dal@reztlaw.com
Email:  kjs@reztlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
AMENDING PROPOSED ORDER AND EXHIBITS
NO. CV 06-00430 PJH

1

Dated: December ___, 2006

By: _____
              Stephen Berzon

2

3

Stephen Berzon (SBN 46540)
ALTSHULER, BERZON, NUSSBAUM,
   RUBIN AND DEMAIN, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sberzon@altshulerberzon.com

4

5

6

7

Dated: December ___, 2006

By: _____
              Rachel Geman

8

9

Rachel Geman (RG 0998 [NY])
Jahan C. Sagafi
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

10

11

12

13

14

Dated: December _19_, 2006

By: _____
              Steven G. Zieff

15

16

Steven G. Zieff (SBN 084222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: szieff@reztlaw.com
Email: dal@reztlaw.com
Email: kjs@reztlaw.com

17

18

19

20

21

22

23

24

25

26

27

28

1

Dated:  December 19, 2006

By: _Todd F. Jackson_

2

Todd F. Jackson

3

Todd F. Jackson (SBN 202598)
Claire Kennedy-Wilkins (SBN 231897)

4

Lindsay E. Nako (SBN 239090)
LEWIS FEINBERG RENAKER &

5

  JACKSON, P.C.
1330 Broadway, Suite 1800

6

Oakland, CA  94612
Telephone:  (510) 839-6824

7

Facsimile:  (510) 839-7839
Email:  tjackson@lewisfeinberg.com

8

Email:  ckwilkins@lewisfeinberg.com
Email:  lnako@lewisfeinberg.com

9

10

Dated:  December ___, 2006

By: _____

Adam T. Klein

11

Adam T. Klein (AK 3293 [NY])

12

Justin M. Swartz (JS 7989 [NY])
Piper Hoffman (PH 4990 [NY])

13

OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor

14

New York, NY 10016
Telephone:  (212) 245-1000

15

Facsimile:  (212) 977-4005
Email:  atk@outtengolden.com

16

Email:  jms@outtengolden.com
Email:  ph@outtengolden.com

17

18

Dated:  December ___, 2006

By: _____

Ira Spiro

19

Ira Spiro (SBN 67641)

20

SPIRO MOSS BARNESS HARRISON &
  BARGE, LLP

21

11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625

22

Telephone:  (310) 235-2468
Facsimile:  (310) 235-2456

23

Email:  ispiro@smbhblaw.com

24

25

26

27

28

- 5 -

1

Dated: December ___, 2006          By: _____
                                        Todd F. Jackson

2

3                                    Todd F. Jackson (SBN 202598)
                                     Claire Kennedy-Wilkins (SBN 231897)
4                                    Lindsay E. Nako (SBN 239090)
                                     LEWIS FEINBERG RENAKER &
5                                        JACKSON, P.C.
                                     1330 Broadway, Suite 1800
6                                    Oakland, CA 94612
                                     Telephone: (510) 839-6824
7                                    Facsimile: (510) 839-7839
                                     Email: tjackson@lewisfeinberg.com
8                                    Email: ckwilkins@lewisfeinberg.com
                                     Email: lnako@lewisfeinberg.com

9

Dated: December 20, 2006           By: _____
10                                      Adam T. Klein

11                                   Adam T. Klein (AK 3293 [NY])
                                     Justin M. Swartz (JS 7989 [NY])
12                                   Piper Hoffman (PH 4990 [NY])
                                     OUTTEN & GOLDEN LLP
13                                   3 Park Ave., 29th Floor
                                     New York, NY 10016
14                                   Telephone: (212) 245-1000
                                     Facsimile: (212) 977-4005
15                                   Email: atk@outtengolden.com
                                     Email: jms@outtengolden.com
16                                   Email: ph@outtengolden.com

17

Dated: December ___, 2006          By: _____
18                                      Ira Spiro

19                                   Ira Spiro (SBN 67641)
                                     SPIRO MOSS BARNESS HARRISON &
20                                       BARGE, LLP
                                     11377 W. Olympic Blvd., Fl. 5
21                                   Los Angeles, CA 90064-1625
                                     Telephone: (310) 235-2468
22                                   Facsimile: (310) 235-2456
                                     Email: ispiro@smbhblaw.com

23

24

25

26

27

28

NYI-2295121v2          - 5 -

1      Dated: December ___, 2006          By: _____

2                                                   Todd F. Jackson

3                                              Todd F. Jackson (SBN 202598)
Claire Kennedy-Wilkins (SBN 231897)
Lindsay E. Nako (SBN 239090)

4                                              LEWIS FEINBERG RENAKER &
JACKSON, P.C.

5                                              1330 Broadway, Suite 1800
Oakland, CA 94612

6                                              Telephone: (510) 839-6824
Facsimile: (510) 839-7839

7                                              Email: tjackson@lewisfeinberg.com
Email: ckwilkins@lewisfeinberg.com

8                                              Email: lnako@lewisfeinberg.com

9

10      Dated: December ___, 2006          By: _____
                                                 Adam T. Klein

11                                              Adam T. Klein (AK 3293 [NY])
Justin M. Swartz (JS 7989 [NY])

12                                              Piper Hoffman (PH 4990 [NY])
OUTTEN & GOLDEN LLP

13                                              3 Park Ave., 29th Floor
New York, NY 10016

14                                              Telephone: (212) 245-1000
Facsimile: (212) 977-4005

15                                              Email: atk@outtengolden.com
Email: jms@outtengolden.com

16                                              Email: ph@outtengolden.com

17

18      Dated: December 20, 2006          By: _____
                                                 Ira Spiro

19                                              Ira Spiro (SBN 67641)

20                                              SPIRO MOSS BARNESS HARRISON &
BARGE, LLP

21                                              11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625

22                                              Telephone: (310) 235-2468
Facsimile: (310) 235-2456

23                                              Email: ispiro@smbhblaw.com

24

25

26

27

28

1    Dated: December 19, 2006          By: _____
2                                          Derek Braziel

3                                      J. Derek Braziel (00793380 [TX])
                                       LEE & BRAZIEL, LLP
4                                      208 N. Market Street
                                       Dallas, TX  75202
5                                      Telephone:  (214) 749-1400
                                       Facsimile:  (214) 749-1010
6                                      Email:  jdbraziel@l-b-law.com

7    Dated: December ____, 2006        By: _____
                                           Richard Burch
8
                                       Richard Burch (24001807 [TX])
9                                      BRUCKNER BURCH, PLLC
                                       5847 San Felipe, Suite 3900
10                                     Houston, TX 77057
                                       Telephone:  (713) 877-8788
11                                     Facsimile:  (713) 877-8065
                                       Email:  rburch@brucknerburch.com
12

13   Dated: December ____, 2006        By: _____
                                           David Borgen
14
                                       David Borgen (SBN 99354)
15                                     GOLDSTEIN, DEMCHAK, BALLER,
                                         BORGEN & DARDARIAN
16                                     300 Lakeside Drive, Suite 1000
                                       Oakland, CA 94612
17                                     Telephone:  (510) 763-9800
                                       Facsimile:  (510) 835-1417
18                                     Email:  borgen@gdblegal.com

19                                     *Attorneys for Plaintiffs and the proposed
                                       Plaintiff Classes*
20

21
                                       By: _____
22   Dated: December 19, 2006              Donna Mezias

23                                     Donna Mezias (SBN 111902)
24                                     JONES DAY
                                       555 California Street, 26th Floor
25                                     San Francisco, CA  94104
                                       Telephone:   (415) 626-3939
26                                     Facsimile:   (415) 875-5700

27

28

Dated: December ___, 2006

By: _____
Derek Braziel

J. Derek Braziel (00793380 [TX])
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

Dated: December 19, 2006

By: _____
Richard Burch

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

Dated: December ___, 2006

By: _____
David Borgen

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: borgen@gdblegal.com

*Attorneys for Plaintiffs and the proposed
Plaintiff Classes*

By: _____
Donna Mezias

Dated: December 19, 2006

Donna Mezias (SBN 111902)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

1

Dated: December ___, 2006

By: _____
Derek Braziel

2

3

J. Derek Braziel (00793380 [TX])
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

4

5

6

7

Dated: December ___, 2006

By: _____
Richard Burch

8

9

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

10

11

12

13

Dated: December 19, 2006

By: _____
David Borgen

14

15

David Borgen (SBN 99354)
GOLDSTEIN, DEMCHAK, BALLER,
   BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: borgen@gdblegal.com

16

17

18

19

*Attorneys for Plaintiffs and the proposed
Plaintiff Classes*

20

21

By: _____
Donna Mezias

22

Dated: December 19, 2006

23

Donna Mezias (SBN 111902)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
AMENDING PROPOSED ORDER AND EXHIBITS
NO. CV 06-00430 PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glen D. Nager, *pro hac vice*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:      (202) 879-5464
Facsimile:       (202) 626-1700

Matthew W. Lampe, *pro hac vice*
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio  43215-2673
Telephone:      (614) 469-3939
Facsimile:       (614) 461-4198

*Attorneys for Defendant IBM*

STIPULATION AND [PROPOSED] ORDER
AMENDING PROPOSED ORDER AND EXHIBITS
NO. CV 06-00430 PJH

1

**ORDER**

2

3

The foregoing Stipulation is approved, and IT IS SO ORDERED.

4

5    DATED: ___1/11/07_____    _____

6                                      Hon. Phyllis J. Hamilton
                                       United States District Judge

7

8    

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit I

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

12

13

14

15

16

17

18

19

20

21

| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>            Defendant. | Case No. CV 06-00430 PJH<br><br>**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS, (4) APPROVING RELEASES AND (5) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES** |
| --- | --- |

22

        After discovery and two mediation sessions, and notwithstanding their adversarial

23

positions in this matter, Plaintiffs and IBM (collectively, the "Parties") negotiated a settlement of

24

this litigation.  The terms of the proposed settlement ("Settlement") are set forth in the proposed

25

Joint Stipulation of Settlement and Release of All Claims ("Settlement Agreement," attached

26

hereto as Exhibit 1).

27

        On November 22, 2006, Plaintiffs filed a Motion For Order Conditional Certifying

28

Settlement Classes, Preliminarily Approving Class Action Settlement, Approving Notice and

Releases, and Setting Fairness Hearing ("Motion").  In their Motion, the Plaintiffs requested that this Court grant conditional certification of a nationwide settlement class and certain settlement subclasses, together with a co-extensive FLSA collective action.  Plaintiffs also requested that the Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached hereto as Exhibit A to the Settlement Agreement), a proposed Opt-Out Statement (attached hereto as Exhibit B to the Settlement Agreement), a proposed Claim Form (attached hereto as Exhibit C to the Settlement Agreement), and individual releases to be signed by Plaintiffs Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling (attached hereto as Exhibit E to the Settlement Agreement).  Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I.   **Background**

Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs") contend that IBM misclassified certain employees as exempt from the overtime requirements of the Fair Labor Standards Act and various state laws.  Specifically, Plaintiffs assert that, on behalf of themselves and a proposed class and subclasses of persons alleged to be similarly situated, IBM violated federal and state wage laws by failing to pay overtime, during specified time periods, to employees holding positions at IBM that the Company coded as 498Q (bands 6-8), 498R (bands 6-8), 498S (bands 6-8), 498T (bands 6-8), 498U (bands 6-8), 499A (bands 6-8), 4325, 5343, 5338, and 594J (bands 6-8).  Plaintiffs also contend that, due to this alleged misclassification, IBM violated the Employee Retirement Income Security Act by denying certain benefit credits allegedly due based upon employees' purported overtime hours.  IBM has

1  disputed, and it continues to dispute, Plaintiffs' allegations in this lawsuit, and the Company

2  denies any liability for any of the claims that have or could have been alleged by Plaintiffs or the

3  persons that they seek to represent.

4  **II.**     **Definition Of The Settlement Class And Subclasses**

5          The Parties have entered into the Settlement Agreement solely for the purposes of

6  compromising and settling their disputes in this matter.  As part of the Settlement Agreement,

7  IBM has agreed not to oppose, for settlement purposes only, conditional certification of the

8  following settlement class and subclasses:

9              1.     The Class.  The Class includes:  (1) all current and former
             IBM employees who are or were employed by IBM in a Covered
10            Position Code at any time during the Covered Period, and (2) to the
             extent that they are not included in part (1) of this definition,
11            current and former IBM employees who participated in the United
             States Department of Labor, Wage Hour Division, Compliance
12            Actions, Case Nos. 1325099 and 1283294.

13            2.     The California Subclass.  The California Subclass includes:
             all current and former IBM employees who are or were employed
14            by IBM in a Covered Position Code in California at any time during
             the Covered Period applicable to persons employed in that State.

15            3.     The Kentucky Subclass.  The Kentucky Subclass includes:
             all current and former IBM employees who are or were employed
16            by IBM in a Covered Position Code in Kentucky at any time during
             the Covered Period applicable to persons employed in that State.

17            4.     The New York Subclass.  The New York Subclass includes:
             all current and former IBM employees who are or were employed
18            by IBM in a Covered Position Code in New York at any time
             during the Covered Period applicable to persons employed in that
19            State.

20

21          For purposes of these definitions, the term "Covered Position Code" means the positions

22  at IBM that the Company coded as 498Q (bands 6-8), 498R (bands 6-8), 498S (bands 6-8), 498T

23  (bands 6-8), 498U (bands 6-8), 499A (bands 6-8), 4325, 5343, 5338, and 594J (bands 6-8).  The

24  term "Covered Period" means:  (A) for employees who worked in Covered Position Codes in

25  New York, January 24, 2000 to the date of the Order Granting Preliminary Approval of

26  Settlement; (B) for employees who worked in Covered Position Codes in Kentucky, October 2,

27  2001 until the date of the Order Granting Preliminary Approval of Settlement; (C) for employees

28  who worked in Covered Position Codes in California, from January 24, 2002 to the date of the

1   Order Granting Preliminary Approval of Settlement; (E) for employees who worked in Covered

2   Position Codes in Illinois and Minnesota, from March 13, 2003 to the date of the Order Granting

3   Preliminary Approval of Settlement; and (F) for employees who worked in Covered Position

4   Codes in all other states, from April 19, 2003 to the date of the Order Granting Preliminary

5   Approval of Settlement.

6          On behalf of the Class, based on allegations that they were misclassified as exempt from

7   overtime pay requirements, Plaintiffs assert claims for overtime pay under the FLSA and the laws

8   of various states, and claims for benefit credits under ERISA.  On behalf of the California

9   Subclass, based on allegations that they were misclassified as exempt, Plaintiffs assert claims for

10  overtime and premium payments, missed meal breaks, waiting time penalties, recordkeeping

11  violations and a violation of the Unfair Competition Law.  On behalf of the Kentucky Subclass,

12  based on allegations that they were misclassified as exempt, Plaintiffs assert claims for overtime

13  pay and recordkeeping violations.  On behalf of the New York Subclass, based on claims that

14  they were misclassified as exempt, Plaintiffs assert claims for overtime pay and spread-of-hours

15  pay.

16  **III.    Designation Of The Class As An FLSA Collective Action**

17         The Court finds that the members of the Class are similarly situated within the meaning of

18  Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining

19  whether the terms of settlement are fair.  Accordingly, the Court conditionally certifies the Class

20  as an FLSA collective action.  The Court authorizes the Notice, Exhibit A to the Settlement

21  Agreement, to be mailed to potential members of the FLSA collective action, notifying them of

22  the pendency of the FLSA claim, and of their ability to joint their claims.  Putative members of

23  the FLSA collective action who wish to join that claim must sign the Claim Form, Exhibit C to

24  the Settlement Agreement, and return it by mail to the Claims Administrator, such that it is

25  received by the Claims Administrator within 70 days of the mailing of the Notice and Claim

26  Form.

27

28

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

**IV.    Rule 23 Certification of the Class And Subclasses**

In examining potential conditional certification of the nationwide settlement class and subclasses, the Court has considered:  (1) the allegations, information, arguments, and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings and other motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in multiple conferences and arguments before this Court; (4) IBM's conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class and subclasses specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class and subclasses specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with certifying the Class and Subclasses, the Court makes the following findings:

a.    The Class and Subclasses each have more than 100 members, and therefore each is therefore sufficiently numerous that joinder of all Class or Subclass Members is impracticable;

b.    There are questions of law or fact common to all Class and Subclass Members, including whether the Class and Subclass Members were properly classified as exempt from overtime and whether they regularly exercised independent judgment and discrimination on matters of substantial importance;

c.    The Class and Subclass Representatives' claims are typical of their respective Classes' claims in that the Class Representatives raise the same claims as the Class Members;

d.    The Class and Subclass Representatives can fairly and adequately represent the their respective Classes' interests, in that (1) Class Representatives have retained counsel who

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC. CASE NO. CV 06-00430 PJH

1    are qualified and experienced in the issues raised in this litigation, and (2) none of the Class

2    Representatives has any apparent interests antagonistic to the interests of the classes they seek to

3    represent;

4              e.       The common questions of law and fact set forth in paragraph b., above,

5    predominate over any questions affecting only individual members;

6              f.       The class action device is superior to all other available methods for fairly

7    and efficiently settling this matter.

8         Based on those considerations and findings, the Court hereby finds that the Class and

9    Subclasses proposed in this matter are readily identifiable and that the requirements of Federal

10   Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and

11   adequacy of the representatives and their counsel.

12        The Court further concludes that the requirements of Federal Rule of Civil Procedure

13   23(b)(3) are satisfied because questions of law and fact common to the members of the settlement

14   class and subclasses ("Class Members") predominate over any questions affecting only individual

15   members and that a settlement class is superior to other available methods for the fair and

16   efficient adjudication of this matter.

17        Therefore, solely for the purpose of determining whether the terms of settlement are fair,

18   reasonable, and adequate, the Court conditionally certifies pursuant to Rule 23(a) and (b)(3) of

19   the Federal Rules of Civil Procedure the following: (1) the Class; (2) the California Subclass; (3)

20   the Kentucky Subclass; and (4) the New York Subclass, as defined in Section II, above.

21   **V.     Appointment Of Class Representatives And Class Counsel**

22        Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

23   Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

24   Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs")

25   are appointed as class representatives of the Class, both under Rule 23 and unde 29 U.S.C.

26   § 216(b).  Thomas Rosenburg and Alan Erece are appointed as class representatives of the

27   California Subclass.  Frank Vasterling is appointed as class representative of the Kentucky

28   Subclass.  Exaldo Topacio is appointed as class representative of the New York Subclass.

1    The following law firms are appointed as class counsel for the Class and Subclasses

2  ("Class Counsel"):  James M. Finberg and Eve H. Cervantez of Altshuler Berzon, LLP; Kelly M.

3  Dermody, Rachel Geman and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP;

4  Steven G. Zieff, David Lowe, and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP; Todd F.

5  Jackson, Claire Kennedy-Wilkins, and Lindsay Nako of Lewis, Feinberg, Renaker & Jackson,

6  P.C.; Adam T. Klein, Justin M. Swartz, and Piper Hoffman of Outten & Golden, LLP; Ira Spiro

7  and Gregory N. Karasik of Spiro, Moss, Barness, Harrison & Barge, LLP; J. Derek Braziel of Lee

8  & Braziel, LLP; Richard Burch of Bruckner Burch, PLLC; and David Borgen and Roberta Steele

9  of Goldstein, Demchak, Baller, Borgen and Dardarian.

10  **VI.    Disposition Of Settlement Class And Subclasses If Settlement Agreement Does Not**
     **Become Effective**

11

12    If, for any reason, the Settlement Agreement ultimately does not become effective, IBM's

13  agreement not to oppose conditional certification of the settlement class and subclasses shall be

14  null and void in its entirety; this Order conditionally certifying the settlement class and subclasses

15  shall be vacated; the Parties shall return to their respective positions in this lawsuit as those

16  positions existed immediately before the Parties executed the Settlement Agreement; and nothing

17  stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing

18  documents shall be deemed an admission of any kind by any of the Parties or used as evidence

19  against, or over the objection of, any of the Parties for any purpose in this action or in any other

20  action.  In particular, the class and subclasses certified for purposes of settlement shall be

21  decertified, and IBM will retain the right to contest whether this case should be maintained as a

22  class action or collective action and to contest the merits of the claims being asserted by

23  Plaintiffs.  In such a case, the Parties will negotiate and submit for Court approval a case schedule

24  which shall, among other things, propose dates for completion of class certification and merits

25  discovery and the filing of motions (and opposition thereto), including but not limited to

26  Plaintiffs' motion for *Hoffman-LaRoche* notice, Plaintiffs' motion for class certification under

27  Fed. R. Civ. P. 23, and Defendant's summary judgment motions.  Further, if a mutually agreed

28  upon class settlement is not approved, the Parties agree that the stipulation regarding tolling they

1   filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling

2   period referenced in paragraph 3 of that stipulation shall be the later of: (1) the date the Court

3   denies the Motion for Order Conditionally Certifying Settlement Classes and Preliminarily

4   Approving Class Action Settlement, or (2) if such motion is timely filed, the date the Court denies

5   the Parties' joint motion for reconsideration of such denial.  All other provisions regarding tolling

6   in that stipulation shall remain in full force and effect.

7   **VII.   Preliminary Approval Of The Terms Of The Settlement Agreement, Including The
        Proposed Plan Of Allocation**

8

9          The Court has reviewed the terms of the Settlement Agreement attached as Exhibit 1, and

10  the Parties' description of the Settlement in the Motion papers.  Based on that review, the Court

11  concludes that the Settlement has no obvious defects and is within the ranges of possible

12  Settlement approval such that notice to the Class is appropriate.

13         The Court has also read and considered the declarations of James Finberg and Steven

14  Zieff in support of preliminary approval.  Based on review of those declarations, the Court

15  concludes that the Settlement was negotiated at arms length and is not collusive.  The Court

16  further finds that Class Counsel were fully informed about the strengths and weaknesses of the

17  Class's case when they entered into the Settlement Agreement.

18         As to the proposed plan of allocation, the Court finds that the proposed plan is rationally

19  related to the relative strengths and weaknesses of the respective claims asserted.  The proposed

20  plan of allocation is also within the range of possible approval such that notice to the Class is

21  appropriate.

22         Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement

23  and the Plan of Allocation.

24  **VIII.   Approval Of The Form And Manner Of Distributing Class Notice, Opt-Out
          Statement, And Claim Form**

25

26         Plaintiffs have also submitted for this Court's approval a proposed Class Notice, Opt-Out

27  Statement, and a proposed Claim Form.  The Court now considers each of these documents in

28  turn.

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

The proposed Class Notice appears to be the best notice practical under the circumstances and appears to allow Class Members a full and fair opportunity to consider the proposed Settlement and develop a response.  The proposed plan for distributing the Class Notice, and the Opt-Out Statement and Claim Form, which are to be attached to the Class Notice, likewise appears to be a reasonable method calculated to reach all members of the Class who would be bound by the Settlement.  Under this plan, the Claims Administrator will distribute the Class Notice to Class Members by first class U.S. Mail.  There appears to be no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Class Notice and Opt-Out Statement fairly, plainly, accurately, and reasonably informs Class Members of:  (1) appropriate information about the nature of this litigation, the settlement class and subclasses at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed service payments to Plaintiffs, and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.  Similarly, the proposed Claim Form appears to allow members of the settlement class and subclasses a full and fair opportunity to submit a claim for proceeds in connection with the Settlement.  Moreover, the Claim Form fairly, accurately, and reasonably informs Class Members that failure to complete and submit a Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain any share of the Settlement Payment.

The Court, having reviewed the proposed Class Notice, Opt-Out Statement, and Claim Form (collectively "Notice Materials"), finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of

Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Notice Materials are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3. Within 30 days of the date of entry of this Order, IBM will provide the Claims Administrator with the information regarding Class Members specified in the Settlement Agreement.

4. Within 45 days of the date of this Order, the Claims Administrator shall mail, via first class United States mail, postage prepaid, the final version of the Class Notice, along with the Opt-Out Statement and Claim Form, using each Class Member's last known address as recorded in IBM's human resource records.  The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator shall notify Class Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). In no event shall the Claims Administrator make any mailing to any Class Member more than 60 days after the initial mailing.

5.      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX.   Procedures For Final Approval Of The Settlement

### A.      Fairness Hearing

The Court hereby schedules, for the 11th day of July, 2007, at the hour of 9:00 a.m., a hearing to determine whether to grant final certification of the Settlement Class and Subclasses, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing").  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and expenses to Class Counsel, and any service payment to be made to the class representatives.

### B.      Deadline To Request Exclusion From The Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator using the form ("Opt-Out Statement") provided with the Class Notice.  To be effective, any such Opt-Out Statement must be sent to the Claims Administrator at the address provided in the Class Notice via First Class United States Mail, postmarked by 60 days after the Claims Administrator mails the Class Notice.

The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Class Counsel and IBM's Counsel, as specified in the Settlement Agreement, not later than three calendar days after receipt thereof.  The Claims Administrator also shall, within three business days of the end of the Opt-Out Period, file with the Clerk of Court, with social security numbers redacted, stamped copies of any Opt-Out Statements.  The Claims Administrator shall, within three business days of the end of the Opt-Out Period, send a final list of all Opt-out Statements to Class Counsel and IBM's Counsel by both facsimile and overnight delivery.  The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-

Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under the terms of the Settlement Agreement.

**C.     Deadline For Class Counsel To File A Petition For An Award Of Attorneys' Fees And Reimbursement Of Expenses.**

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than 35 days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum filed by any objector no later than 14 days before the Fairness Hearing.

**D.     Deadline For Class Counsel To File A Petition For Approval Of Service Payments To Plaintiffs.**

Class Counsel shall file with this Court their petition for an award of service payments to Plaintiffs Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling no later than 35 days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum filed by any objector no later than 14 days before the Fairness Hearing.

**E.     Deadline For Filing Objections To Settlement**

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the Settlement must do so in writing.  To be considered, any such objection must be sent to the Claims Administrator, at the address provided in the Class Notice, via First-Class United States mail, postage prepaid.  In addition, any such objection must be received by the Claims Administrator no later than 60 days after the date the Class Notice is mailed to such Class Member.  An objector who wishes to appear at the Fairness Hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections.

The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than three calendar days after receipt thereof.  The Claims Administrator shall also file the date-stamped originals of any objections with the Clerk of Court within three business days after the Opt-Out Period.  On or

before 14 days before the Fairness Hearing, the Parties may file with the Court written responses to any filed objections.

### F.       Deadline For Filing Motion For Judgment And Final Approval

No later than 35 days before the Fairness Hearing, Plaintiffs and IBM will submit a joint Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

### G.       Deadline For Submitting Claim Forms

A Class Member who does not opt out will be eligible to receive his or her proportionate share of the settlement benefit.  To receive this share, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement.  Completion of the Claim Form includes: (1) an oath that, at some point during the applicable period, he or she worked overtime; (2) an acknowledgement that, by signing the Claim Form, he or she opts in to the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth in the Notice.  To be effective, the Claim Form must be sent to the Claims Administrator at the address provided in the Class Notice by First Class United States Mail, postage prepaid, and must be received by the Claim Administrator within 70 days after the mailing of the Class Notice.

### H.       Plaintiffs' And Class Members' Release

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiffs and each individual Class Member who does not timely opt out will release claims, by operation of this Court's entry of the Judgment and Final Approval, as described in Section 4 of the Settlement Agreement, regardless of whether he or she submits a Claim Form or receives any share of the Settlement Fund.  The Court has reviewed the release in the Settlement Agreement, which is incorporated as well into the Claim Form, and finds it to be fair, reasonable, and enforceable.

### I.       Releases of Class Representatives

In addition, Plaintiffs Rosenburg, Baxter, Carlo, Erece, Howie, Kennedy, Letizio, Mattson, Park, Peel, Rambsel, Topacio, Tosi, Daniels, Taylor, and Vasterling will execute individual releases in exchange for any court-approved service payments.  The Court has reviewed these individual releases and finds them to be fair, reasonable, and enforceable.

1

**J.     Opt-In Form Of Daniel Cribb**

2          Class Counsel has filed a Notice of Withdrawal of Opt-In Form of Daniel Cribb.

3   Accordingly, the Court hereby approves such notice and the Opt-In Form of Daniel Cribb is

4   deemed withdrawn.

5

6

7   DATED: _____         _____

8                                        Hon. Phyllis J. Hamilton
                                         United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **THOMAS ROSENBURG** *et al.*, **on behalf of themselves and classes of those similarly situated,**<br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>    **Defendant.** | **Case No. CV 06-00430 PJH**<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE OF ALL CLAIMS** |

This Joint Stipulation of Settlement and Release of All Claims, including all Exhibits hereto (collectively, the "Agreement"), is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they seek to represent (as hereinafter defined), on the one hand, and Defendant (as hereinafter defined).

## RECITALS

WHEREAS, Plaintiffs Thomas Rosenburg, John Shelly, and Exaldo Topacio filed their initial Complaint on January 24, 2006 as a proposed class action, in which they alleged, among other things, that International Business Machines Corporation ("IBM") misclassified putative class members as exempt from overtime pay requirements under federal and state wage and hour laws and improperly withheld credits that the putative class members alleged are due under certain benefit plans.

WHEREAS, the Complaint asserted claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), various California state laws, and the New York Labor Law and sought recovery of, among other things, unpaid compensation, pension benefits, waiting time penalties, compensation for failure to provide itemized statements of total hours worked, injunctive relief, and attorneys' fees and costs.

WHEREAS, a First Amended Complaint was filed on March 13, 2006, adding claims under the wage laws of Colorado, Illinois, Minnesota, and New Jersey brought by additional Plaintiffs James Baxter, Sherry Mattson, Steve Park, and Fnu Kennedy.

WHEREAS, on June 7, 2006, Plaintiffs agreed to dismiss the claims of Plaintiff Shelly without prejudice, which dismissal was granted by the Court on June 12, 2006.

WHEREAS, on March 29, 2006, Defendant filed a motion to dismiss the ERISA claims and to strike certain state law claims. Plaintiffs opposed the motion, and on May 10, 2006, the Court held a hearing on the motion. On June 12, 2006, the Court issued an Order denying the motion to dismiss the ERISA claims and granting certain portions of the motion to strike certain state law claims.

WHEREAS, on November 22, 2006, Plaintiffs filed a Second Amended Complaint adding claims under the wage laws of Connecticut, Kentucky, Massachusetts, Maryland, North Carolina, Ohio, Pennsylvania, Washington, and Wisconsin and added additional Plaintiffs Vincent Letizio, Frank Vasterling, Robert Carlo, Laurence Tosi III, Michelle Peel, Denise Rambsel, Robin Daniels, Marcia Howie, Rebecca Taylor and Alan Erece.

WHEREAS, Defendant denied and continues to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined) and has denied and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting that benefit credits, pay and/or overtime amounts were improperly withheld from any employees, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation.

WHEREAS, Class Counsel (as hereinafter defined) has conducted extensive investigation of this case, reviewing tens of thousands of documents produced by IBM, deposing 5 IBM corporate representatives, reviewing data on potential class members, including salary, position worked, and dates of hire and termination, and interviewing hundreds of putative class members regarding their job duties and overtime hours.

WHEREAS, the Parties participated in mediation sessions of this matter on September 13, 2006 (presided over by David Rotman) and October 19, 2006 (presided over by Antonio Piazza).

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined). Based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.    **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1    **Charity.** "Charity" shall mean the American Red Cross.

1.2    **Class; Class Member; Subclass.** "Class" shall mean (1) all current and former IBM employees who are or were employed by IBM in a Covered Position Code at any time during the Covered Period and (2) to the extent that they are not included in part (1) of this definition, current and former IBM employees who participated in the United States Department of Labor, Wage Hour Division, Compliance Actions, Case Nos. 1325099 and 1283294 ("DOL Settlements"). A member of the Class is a "Class Member." "California Subclass" shall mean: all current and former IBM employees who are or were employed by IBM in a Covered Position Code in California at any time during the Covered Period applicable to persons employed in that State. "Kentucky Subclass" shall mean: all current and former IBM employees who are or were employed by IBM in a Covered Position Code in Kentucky at any time during the Covered Period applicable to persons employed in that State. "New York Subclass" shall mean: all current and former IBM employees who are or were employed by IBM in a Covered Position Code in New York at any time during the Covered Period applicable to persons employed in that State.

1.3    **Covered Position Codes.** "Covered Position Codes" shall mean the positions coded 498Q (bands 6-8), 498R (bands 6-8), 498S (bands 6-8), 498T (bands 6-8), 498U (bands 6-8), 499A (bands 6-8), 5343, 5338, 4325, and 594J (bands 6-8) at IBM during the Covered Period.

1.4    **Covered Period.** "Covered Period" shall mean the following: For employees who were employed in Covered Position Codes in New York, from January 24, 2000 to the date of the Order Granting Preliminary Approval. For employees who were employed in Covered Position Codes in Kentucky, from October 2, 2001 until the date of the Order Granting Preliminary Approval. For employees who were employed in Covered Position Codes in California, from January 24, 2002 to the date of the Order Granting Preliminary Approval. For employees who were employed in Covered Position Codes in Illinois and Minnesota, from March 13, 2003 to the date of the Order Granting Preliminary Approval. For employees who were employed in Covered Position Codes in all other states, from April 19, 2003 to the date of the Order Granting Preliminary Approval. For purposes of this Agreement, the state of employ (or state of work) is the state of the location to which the employee is assigned by IBM Real Estate Site Operations for internal accounting purposes

1.5    **Claims Administrator.** "Claims Administrator" means the entity jointly selected by the Parties to provide notice to the Class and administer payment of claims submitted by Class Members.

1.6    **Class Counsel.** "Class Counsel" refers to James M. Finberg, Eve H. Cervantez, Rachel Geman, and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP; Steven G. Zieff, David Lowe, and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP; Todd F.

Jackson, Claire Kennedy-Wilkins, and Lindsay Nako of Lewis, Feinberg, Renaker & Jackson, P.C.; Adam T. Klein, Justin M. Swartz, and Piper Hoffman of Outten & Golden, LLP; Ira Spiro and Gregory N. Karasik of Spiro, Moss, Barness, Harrison & Barge, LLP; J. Derek Braziel of Lee & Braziel, LLP; Richard Burch of Bruckner Burch, PLLC; and David Borgen and Roberta Steele of Goldstein, Demchak, Baller, Borgen and Dardarian. For purposes of providing any notices required under this Agreement, Class Counsel shall refer to James M. Finberg, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 30th Floor, San Francisco, CA 94111-3339.

**1.7**   **Defendant's Counsel.** "Defendant's Counsel" refers to Jones Day. For purposes of providing any notices required under this Agreement, Defendant's Counsel shall refer to Matthew W. Lampe, Jones Day, P.O. Box 165017, Columbus, Ohio 43216-5017.

**1.8**   **Court.** "Court" refers to the United States District Court for the Northern District of California, the Honorable Phyllis J. Hamilton presiding.

**1.9**   **Defendant.** "Defendant" shall mean International Business Machines Corporation.

**1.10**   **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the joint Motion for Judgment and Final Approval.

**1.11**   **Effective Date; Effective.** "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have occurred:

    (A)   the Court has entered Judgment and ruled on the motions for awards of service payments for certain Plaintiffs pursuant to Section 3.3 and for attorneys' fees and reasonable costs pursuant to Section 3.2; and

    (B)   the Judgment and the rulings on such motions have become Final. "Final" means the later of:

        (1)   The time for seeking rehearing or reconsideration and/or appellate review has expired and there is no one with standing to seek such review; or

        (2)   If rehearing, reconsideration and appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired, and the Judgment has not been modified, amended or reversed in any way.

**1.12**   **First Amended Complaint.** "First Amended Complaint" refers to the First Amended Complaint, filed on March 13, 2006.

**1.13**   **Second Amended Complaint.** "Second Amended Complaint" refers to the Second Amended Complaint filed on November 22, 2006.

**1.14  Litigation.** "Litigation" means *Rosenburg, et al. v. International Business Machines Corp.*, Case No. 06-00430 PJH, pending in the United States District Court of the Northern District of California.

**1.15  Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, inter alia, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

**1.16  Parties.** "Parties" shall mean and refer to Plaintiffs, the Class, and Defendant.

**1.17  Plaintiffs.** "Plaintiffs" shall mean and include Thomas Rosenburg, James Baxter, Sherry Mattson, Steve Park, Fnu Kennedy, Exaldo Topacio, Vincent Letizio, Frank Vasterling, Robert Carlo, Laurence Tosi III, Michelle Peel, Denise Rambsel, Robin Daniels, Marcia Howie, Rebecca Taylor and Alan Erece and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation.

**1.18  Qualified Class Member.** "Qualified Class Member" means a Class Member who does not opt out and who meets the requirements regarding the execution and return of the Claim Form and Release set forth in Section 3.4(A).

**1.19  Settlement Payment.** "Settlement Payment" means the $65,000,000.00, plus any interest accrued as provided in Section 3.1(B), that Defendant pays to settle as described in Section 3.1.

**1.20  Net Settlement Payment.** "Net Settlement Payment" shall be the remainder of the Settlement Payment after deductions for court-approved attorneys' fees and costs as described in Section 3.2, court-approved service payments to certain Plaintiffs as described in Section 3.3, and a reserve for reasonable costs of settlement administration.

**1.21  Recovery Period.** "Recovery Period" shall mean the following: For those employed in Covered Position Codes in New York, from January 24, 2000 to the date of the Order granting final approval. For those employed in Covered Position Codes in Kentucky, from October 2, 2001 until the date of the Order granting final approval. For those employed in Covered Position Codes in California, from January 24, 2002 to the date of the Order granting final approval. For those employed in Covered Position Codes in Illinois and Minnesota, from March 13, 2003 to the date of the Order granting final approval. For those employed in Covered Position Codes in all other states, from April 19, 2003 to the date of the Order granting final approval.

## 2.  APPROVAL AND CLASS NOTICE

**2.1  Retention of Claims Administrator.** Within 40 calendar days after the execution of this Agreement, the Parties shall retain a Claims Administrator. The Claims Administrator shall be responsible for the claims administration process, distribution to Qualified Class Members, and other duties as provided herein. The Claims Administrator shall be required to agree in writing to treat information it receives or generates as part of the

claims administration process as confidential and to use such information solely for purposes of claims administration. The fees and expenses of the Claims Administrator shall be paid out of the Settlement Payment. The Claims Administrator shall be required to agree to a reasonable cap for fees and expenses for claims administration work, and such cap shall provide the basis for the reserve described in Section 1.20. Any fees and expenses in excess of the cap shall not be paid to the Claims Administrator unless the Claims Administrator files a declaration with the Court explaining the basis for the additional fees and costs and receives approval by the Court for such payments. In no event shall the Claims Administrator seek additional fees and expenses after the Fairness Hearing.

2.2   **Preliminary Approval by the Court.** On (and not before or after) November 22, 2006, at or about (but not before) 4:15 p.m. Eastern Standard Time, Plaintiffs and Defendant will submit this Agreement to the Court, together with a Motion for Order Conditionally Certifying Settlement Classes and Preliminarily Approving Class Action Settlement, a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as Exhibit A, a proposed Opt-Out Statement in the form attached as Exhibit B, a Claim Form and Release in the form attached as Exhibit C, a proposed Preliminary Approval Order in the form attached as Exhibit D, and individual releases for Plaintiffs Thomas Rosenburg, James R. Baxter, Sherry Mattson, Steve Park, Fnu Kennedy, Exaldo Topacio, Vincent Letizio, Frank Vasterling, Robert Carlo, Laurence Tosi III, Michelle Peel, Denise Rambsel, Robin Daniels, Marcia Howie, Alan Erece, and Rebecca Taylor in the form attached as Exhibit E. Plaintiffs will seek, and Defendant will not oppose, conditional certification of the following classes and/or subclasses:

   (1)   Under ERISA and the FLSA, the Class;

   (2)   Under the state wage laws of California, New York and Kentucky, respectively, the California Subclass, the New York Subclass, and the Kentucky Subclass.

If the Court denies the Motion for Order Conditionally Certifying Settlement Classes and Preliminarily Approving Class Action Settlement, then the Litigation will resume unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement has been attempted, and Defendant retains the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this Litigation. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and opposition thereto), including but not limited to Plaintiffs' motion for *Hoffmann-LaRoche* notice, Plaintiffs' motion for class certification under Fed. R. Civ. P. 23, and Defendant's summary judgment motions. Further, if a mutually agreed class settlement is not approved, the Parties agree that the stipulation regarding tolling they filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling period referenced in paragraph 3 of that stipulation shall be the later of: (1) the date the Court denies the Motion for Order Conditionally

Certifying Settlement Classes and Preliminarily Approving Class Action Settlement or (2) if such motion is timely filed, the date the Court denies the Parties' joint motion for reconsideration of such denial.  All other provisions regarding tolling in that stipulation shall remain in full force and effect.

**2.3     Class Notice.**

(A)      Within 30 calendar days of the date of the Order Granting Preliminary Approval, IBM will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, employee serial numbers and Social Security numbers, of all Class Members.

(B)      Within 15 calendar days after receiving the information described in Section 2.3(A), the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as Exhibit A, the Opt-Out Statement in the form attached as Exhibit B, and the Claim Form and Release in the form attached as Exhibit C, to all Class Members using each individual's last known address as recorded in Defendant's human resources records.  The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and shall attempt remailings as described below.  The Claims Administrator shall notify Class Counsel and Defendant's Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s) as set forth below.

**2.4     Class Member Opt-Out.**

(A)      Any Class Member may request exclusion from the Class by "opting out."  Class Members who choose to do so must submit a written and signed request for exclusion to the Claims Administrator, in the form attached as Exhibit B, which will be attached to the Notice described in Section 2.3.  To be effective, such Opt-Out Statements must be sent via First Class United States Mail and postmarked by a date certain to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which will be 60 calendar days after the Claims Administrator makes the initial mailing of the Notice.  The Claims Administrator shall attempt remailings to Class Members for whom the Notice is returned by the post office as undeliverable, but in no event shall the Claims Administrator attempt remailings of the Notice to any Class Member more than 60 calendar days after the date of the initial mailing under Section 2.3(B).  The end of the "Opt-Out Period" shall be 70 calendar days after the last day on which the Claims Administrator makes the initial mailing under Section 2.3(B).

(B)      The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel not later than 3 calendar days after receipt thereof.  The Claims Administrator also shall, within 3 business days of

- 7-

the end of the Opt-Out Period, file with the Clerk of Court, with Social Security Numbers redacted, stamped copies of any Opt-Out Statements. The Claims Administrator shall, within 3 business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendant's Counsel by both facsimile and overnight delivery. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

**2.5**     **Excessive Opt-Outs.** In the event that 500 or more Class Members elect to opt out of the settlement, Defendant shall have the right, in its sole discretion, to void this Agreement, by filing with the Court of a Notice of Withdrawal. In no event shall Defendant file such a Notice of Withdrawal later than 30 calendar days after the end of the Opt-Out Period. If Defendant files a timely Notice of Withdrawal, the Litigation will proceed as if no settlement has been attempted. In that event, the Court will enter an order decertifying any and all settlement classes, and Defendant retains the right to contest whether this Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and opposition thereto), including but not limited to Plaintiffs' motion for *Hoffmann-LaRoche* notice, Plaintiffs' motion for class certification under Fed. R. Civ. P. 23, and Defendant's summary judgment motions. Further, if Defendant files a timely Notice of Withdrawal, the Parties agree that the stipulation regarding tolling they filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling period referenced in paragraph 3 of that stipulation shall be 30 calendar days after the date that Defendant files the Notice of Withdrawal. All other provisions regarding tolling in that stipulation shall remain in full force and effect.

**2.6**     **Claim Form and Release.** A Class Member who does not opt out pursuant to Section 2.4 will be deemed eligible for a payment hereunder if and only if he or she timely and fully executes and returns the Claim Form and Release (in accordance with the instructions), in the form attached as Exhibit C, which will be attached to the Notice described in Section 2.3, including: (1) an oath that, during the applicable period, he or she worked overtime; (2) an acknowledgement that, by signing the Claim Form and Release, he or she opts in to the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth in Section 4.1(A) of this Agreement. The oath must be personally filled out by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf. To be effective, Class Members' Claim Form and Release must be sent to the Claims Administrator via First Class United States Mail, postage prepaid, and be received by 70 calendar days after the initial mailing of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

2.7    **Objections to Settlement.**

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be sent to the Claims Administrator via First-Class United States mail, postage prepaid, and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be for each Class Member 60 days after the initial mailing by the Claims Administrator of such Notice. The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties by facsimile and overnight delivery not later than 3 calendar days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Court within 3 business days after the end of the Opt-Out Period.

(B)    An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in Section 2.7(A). Any Class Member who has submitted an Opt-Out Form may not submit objections to the settlement.

(C)    The Parties may file with the Court written responses to any filed objections not later than 14 calendar days before the Fairness Hearing.

2.8    **Motion for Judgment and Final Approval.** Not later than 35 calendar days before the Fairness Hearing, Plaintiffs and Defendant will submit a joint Motion for Judgment and Final Approval. The Fairness Hearing shall be held on (but not before) July 11, 2006, or the first available date thereafter.

2.9    **Entry of Judgment.** At the Fairness Hearing, the Parties will request that the Court, among other things, (a) grant final certification of the Class, including the requested subclasses, for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement and Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out pursuant to Section 2.4, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) approve as fair the individual releases in the form attached as Exhibit E.

2.10   **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties shall proceed as follows: The Litigation will resume unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Judgment, or (2) attempt to renegotiate the settlement and seek Court

-9-

approval of the renegotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed settlement is not approved:

(A)    The Litigation will proceed as if no settlement has been attempted. In that event, the class and subclasses certified for purposes of settlement shall be decertified, and Defendant retains the right to contest whether this Litigation should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs in this action. In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and opposition thereto), including but not limited to Plaintiffs' motion for *Hoffmann-LaRoche* notice, Plaintiffs' motion for class certification under Fed. R. Civ. P. 23, and Defendant's summary judgment motions. Further, the Parties agree that the stipulation regarding tolling they filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling period referenced in paragraph 3 of that stipulation shall be the later of: (1) the date of the Court's order denying entry of Judgment in accordance with this Agreement or (2) if such motion is timely filed, the date the Court denies the Parties' joint motion for reconsideration of such denial. All other provisions regarding tolling in that stipulation shall remain in full force and effect.

(B)    The Court will provide notice to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Agreement. Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Claims Administrator in mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(C)    The Parties will share in equal parts the fees and expenses of the Claims Administrator.

## 3.    SETTLEMENT TERMS

### 3.1    Settlement Payment.

(A)    Defendant agrees to pay $65,000,000.00, which shall resolve and satisfy any claim for attorneys' fees and costs approved by the Court and any and all amounts to be paid to Class Members, and shall also cover the reserve set aside for reasonable costs of settlement administration, and any court-approved service payments to Plaintiffs. This Settlement Payment shall constitute a special award to the Class and to any Class Members receiving a payment and shall not be considered as a payment of overtime, salary, wages, and/or compensation for any purpose except for tax purposes as provided under Section 3.5. Other than the employer's share of payroll taxes described in Section 3.5(C), under no circumstances will Defendant be required to pay more than $65,000,000.00 total for any reason under the Agreement. No portion of the Settlement Payment will revert to IBM.

- 10-

(B)     The Settlement Payment will accrue interest from December 1, 2006 until IBM transfers the Settlement Payment to the Claims Administrator as described in Section 5(D), at an interest rate equal to 5.28125% per annum calculated on the basis of a 360 day year for the actual number of days elapsed. Interest accrued on the Settlement Payment, net of taxes and any reasonable fees associated with investing such amount (which shall not be higher than the fees associated with investing that amount in an investment of similar term and yield), shall immediately become part of the Settlement Payment.

(C)     If the reserve set aside for costs of claims administration exceeds the actual costs of claims administration or if Qualified Class Members fail to cash their checks, these remaining funds shall be paid to Charity.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     At the Fairness Hearing, Class Counsel shall petition the Court for no more than 25% of the Settlement Payment as an award of attorneys' fees. Class Counsel shall also seek reimbursement of reasonable litigation costs and expenses. Defendant will not oppose such a fee and cost application. Defendant shall have no additional liability for fees and costs, including without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs. These fees and costs are included in, and shall be paid by the Claims Administrator from, the Settlement Payment and will be paid to Class Counsel no later than 10 calendar days after the Effective Date.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

**3.3     Payments To Certain Plaintiffs.** At the Fairness Hearing, (1) Plaintiffs Thomas Rosenburg, James R. Baxter, Sherry Mattson, Steve Park, Fnu Kennedy and Exaldo Topacio, Plaintiffs who participated in the discovery process, will apply to the Court to receive no more than $5,000 each from the Settlement Payment for services rendered to the Class; and (2) Plaintiffs Vincent Letizio, Frank Vasterling, Robert Carlo, Laurence Tosi, III, Michelle Peel, Denise Rambsel, Robin Daniels, Marcia Howie, Alan Erece and Rebecca Taylor, Plaintiffs who did not participate in the discovery process, will apply to the Court to receive no more than $1,500 each from the Settlement Payment for services rendered to the Class. IBM will not oppose such applications. These amounts will be paid by the Claims Administrator no later than 10 calendar days after the Effective Date, provided that the respective Plaintiffs have executed and provided to Defendant's Counsel individual releases in the form attached as Exhibit E (and provided that any applicable revocation period has expired; if a revocation period applicable to any Plaintiff has not expired, the payment will be made no later than 10 calendar days after the

578578.1

expiration of the revocation period). The service payments and the requirements for obtaining such payments set forth in this Section 3.3(A) are separate and apart from, and in addition to, other recovery to which these Plaintiffs might be entitled, and other requirements for obtaining such recovery, under other provisions of this Agreement. The substance of the above-referenced Plaintiffs' application for service awards is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for service payments shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. These service payments shall constitute a special award to Plaintiffs receiving such payments and shall not be considered as a payment of overtime, salary, wages and/or compensation to any Qualified Class Member under the terms of any company benefit plan or for any purpose except for tax purposes as provided under Section 3.5

**3.4    Distribution to Class Members.**

(A)    A Class Member who does not opt out pursuant to Section 2.4 will be deemed eligible for a payment hereunder if and only if he or she timely and fully executes and returns the Claim Form and Release (in accordance with the instructions), including the oath, release and opt-in acknowledgement in accordance with section 2.6 above. Regardless of whether he or she timely and fully executes and returns the Claim Form and Release, any Class Member who does not opt out pursuant to Section 2.4 is subject to the releases set forth in Section 4.

(B)    Class Members who meet the requirements of Section 3.4(A) regarding the execution and return of the Claim Form and Release shall be referred to herein as "Qualified Class Members."

(C)    Settlement payments to Qualified Class Members shall not be considered as a payment of overtime, salary, wages and/or compensation to any Qualified Class Member under the terms of any company benefit plan or for any purpose except for tax purposes as provided under Section 3.5. The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under any company benefit plan.

(D)    In the event that a Class Member fails to submit the requisite Claim Form and Release within the time period set forth in the Claim Form and Release, the Class Member shall forfeit any right to distribution from the Settlement Payment and, if he or she does not opt out, will be bound by the releases set forth in Section 4.

(E)    A Qualified Class Member's proportionate share of the Settlement shall be determined by the Claims Administrator as follows:

(1)    Each Qualified Class Member who did not work in a Covered Position Code during a Covered Period shall be paid $50 ("Alternate Payment"). The sum of all Alternate Payments shall be deducted from the Net

Settlement Payment before the proportionate share of other Qualified Class Members is calculated.

(2)   For Qualified Class Members who do not receive the Alternate Payment described in the preceding subsection, each Qualified Class Member's proportionate share of the Settlement Payment shall be determined according to the following formula as calculated by the Claims Administrator, subject to any adjustments described in section 3.4(G) (in agreeing to this formula, which implements the Parties' compromise as to the resolution of claims, IBM does not admit that any Class Member's claim has merit, irrespective of position, band or state of employment):

(a)   For each "Pay Period" in which the Qualified Class Member held a Covered Position during the Recovery Period, multiply the Qualified Class Member's "Base Earnings" for that Pay Period by the appropriate "Job Factor" for that Pay Period and by the "State Factor" for that Pay Period; the sum of the resulting calculations is the "Individual Class Member Numerator" for each such Qualified Class Member.

(b)   Add all Qualified Class Members' Individual Class Member Numerators to obtain the "Total Class Member Denominator."

(c)   To determine the "Resulting Decimal" for the Qualified Class Member, divide the Qualified Class Member's Individual Class Member Numerator by the Total Class Member Denominator.

(d)   To determine the amount to be paid to the Qualified Class Member, multiply the Resulting Decimal by the total amount available for distribution from the Net Settlement Payment after deductions have been made for all Alternate Payments pursuant to Section 3.4(E)(1) and Minimum Payments pursuant to Section 3.4(G).

(F)   The following definitions shall apply to the terms described in the formula set forth in this Section 3.4.

(1)   "Base Earnings" means, for Qualified Class Members who received payroll earnings code E001 and/or E005, the base salary for each Pay Period during the Recovery Period, as the base salary changed from time to time during the Recovery Period. For Qualified Class Members who received payroll earnings code E371, "Base Earnings" means the sum of the daily payments for each day worked during each Pay Period during the Recovery Period.

(2)   "Pay Period" shall mean any bimonthly period in which an employee had positive Base Earnings.

- 13-

(3)     "Job Factor," which accounts for the fact that the relative challenges that Class Members would face in seeking to establish their respective claims would vary with the Covered Position Codes they held, shall be determined as follows:

    (a)     A Qualified Class Member will have a Job Factor of 20 for Pay Periods worked in band 6 of the 499A, 498Q, 498R, 498S, 498T, or 498U Position Code.

    (b)     A Qualified Class Member will have a Job Factor of 15 for Pay Periods worked in band 7 of the 499A, 498Q, 498R, 498S, 498T, or 498U Position Code.

    (c)     A Qualified Class Member will have a Job Factor of 6 for Pay Periods worked in band 8 of the 499A, 498Q, 498R, 498S, 498T, or 498U Position Code.

    (d)     A Qualified Class Member will have a Job Factor of 6 for Pay Periods worked in band 6 of the 594J Position Code, or for Pay Periods worked in the 5338 Position Code.

    (e)     A Qualified Class Member will have a Job Factor of 2 for Pay Periods worked in band 7 of the 594J Position Code, or for Pay Periods worked in the 5343 Position Code

    (f)     A Qualified Class Member will have a Job Factor of 1 for Pay Periods worked in band 8 of the 594J Position Code or for Pay Periods worked in the 4325 job code.

(4)     "State Factor," which accounts for the fact that the measure of allowable damages and the liability standard varies with the applicable state law, shall be determined as follows:

    (a)     All Class Members will have a State Factor of 3 for Pay Periods worked in a Covered Position Code in California.

    (b)     All Class Members will have a State Factor of 1 for Pay Periods worked in a Covered Position Code in all states other than California.

(G)     For purposes of this Section 3.4(G), "Prior Settlement Amount" shall mean a settlement payment received through the DOL Settlements and/or the class settlement in *Santangelo, et al. v. IBM Corporation*, Case No. 04CC00078, Orange County, California, Superior Court, and/or a settlement payment from IBM in another matter involving alleged withholding of overtime and/or a payment provided by IBM in lieu of overtime. For all whole or partial Pay Periods of any Qualified Class Member covered by a Prior Settlement Amount, such Qualified Class Member shall be deemed to have zero Base Earnings for

- 14-

such Pay Period in calculating the distribution due to such a Qualified Class Member. If the foregoing adjustment results in any Qualified Class Member having an Individual Class Member Numerator of zero, then such Qualified Class Member shall be paid $50 ("Minimum Payment"). The sum of all Minimum Payments shall be deducted from the Net Settlement Payment before the proportionate share of other Qualified Class Members is calculated. IBM will provide the Claims Administrator a list that contains, for each Prior Settlement Amount received by Class Members during the Recovery Period, the Class Members' names, the payment amount(s), and the dates that each payment covered.

(H)    IBM and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5

## 3.5    Taxability of Settlement Payments.

(A)    For tax purposes, 50% of payments to Qualified Class Members pursuant to Section 3.4 shall be treated as wages and 50% of such payments shall be treated as liquidated damages and interest.

(B)    Payments treated as wages pursuant to Section 3.5(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. Payments treated as liquidated damages and interest pursuant to Section 3.5(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099. Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099. Any service payments pursuant to Section 3.3 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(C)    Defendant shall pay the employer's share of all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.5(A). Such tax obligations shall be in addition to IBM's obligation to pay the $65,000,000.00 described in Section 3.1.

(D)    Class Members will be solely responsible for all taxes, interest and penalties owed by the Class Members with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 3.5(C)) and will indemnify, defend and hold Defendant and the Claims Administrator harmless from and against any and all taxes and interest as a result of a Class Member's failure to

578578.1

timely pay such taxes. Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice from Defendant as to the taxability of the payments received pursuant to this Agreement.

## 4.   RELEASE

### 4.1   Release of Claims.

(A)   By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, Plaintiffs and each individual Class Member who does not timely opt out pursuant to Section 2.4 forever and fully release Defendant, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any such Class Member has or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Litigation and that arose during any time that such Class Member worked in a Covered Position up until the date of the Order granting final approval ("Released Claims"). The Released Claims include without limitation claims asserted in the Litigation and any other claims based on alleged misclassification under state or federal law governing overtime pay, exempt status, denial of meal periods and rest breaks, denial of spread of hours pay, failure to pay wages upon termination, failure to provide itemized wage statements, unfair competition, failure to make payments due to Class Members had they been classified as nonexempt, failure to provide benefits or benefit credits, failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 218, 218.5, 226, 510, 512, 1174, 1174.5, and 1194, Cal. Wage Order No. 4, the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, 8-6-106, and 8-6-118, the Colorado Minimum Wage Order No. 22, the Connecticut Minimum Wage Act, Conn. Gen. Stats. §§ 31-58 *et seq.*, 31-13a, 31-60, 31-66, 31-68, and 31-76c, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 115/1 *et seq.* and the regulations promulgated thereunder, 820 Ill. Comp. Stat. §§ 105/4a and 105/12a, Ill. Admin. Code §§ 210.100 *et seq.* and 210.770, the Kentucky Wage and Hour Laws, KRS §§ 337.010 *et seq.*, 337.020, 337.055, 337.060, 337.070, 337.285, 337.320, and 337.385(1), Md. Code Ann. Labor & Employment Art. §§ 3-401 *et seq.*, 3-415, 3-

- 16-

420, and 3-424, 21 Mass. Gen. Laws ch. 151 §§ 1A *et seq.*, 1B and 15, Minn. Stat 541.07(5), Minn. Stat. §§ 177.21 *et seq.*, 177.25(1), 177.30, and 181.01 *et seq.*, Minn. Rules 5200 *et seq.*, 26 Minn. Rev. Stat. § 661 *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-2 *et seq.*, 34:11-56a *et seq.*, 34:11-56a4, and 34:11-56a20, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.* and 663(1), the New York Wage Payment Act, New York Labor Law § 190 *et seq.*, New York State Department of Labor regulations, 12 N.Y.C.R.R. part 142, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, 95-25.6, 95-25.7, 95-25.7A, 95-25.8, 95-25.13, 95-25.15 and 95-25.22, 13 N.C. Admin. Code §§ 12.0801-12.0807, Ohio Rev. Code Ann. §§ 4111.01 *et seq.*, 4111.08, 4111.03, 4111.10, 4113.15, 43 Pa. Stat. §§ 333.103 *et seq.*, 333.104(c), 333.108 and 333.113, Wis. Stat. §§ 103.001 *et seq.* and 103.13, Wis. Admin. Code §§ DWD 274.01 *et seq.*, DWD 274.06 and DWD 274.07, and Wash. Rev. Code Sec. 49.46.090, 49.46.100, 49.46.130, and 49.46.070, and the statutes and regulations of all other states relating to the foregoing.

(B)     Each Class Member who does not timely opt out in accordance with the procedures set forth in Section 2.4 is deemed to have acknowledged that this Agreement is intended to include in its effect all claims asserted in or based upon the facts alleged in the Litigation that arose during any time that such Class Member worked in a Covered Position Code up until the date of the Order granting final approval, including both asserted and unasserted claims, and including those claims that each or any Class Member does not know or suspect to exist in his or her favor against Defendant. The Plaintiffs and each Class Member who does not timely opt out of this Agreement waive all rights and benefits afforded by section 1542 of the Civil Code of the State of California, understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**4.2     Release of Fees and Costs for Settled Matters.** Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class. Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals.

**4.3     No Assignment.** Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**4.4    Non-Admission of Liability.**  By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied.  Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for class or collective action litigation other than for purposes of settlement.  Rather, Defendant enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Agreement.  The Parties understand and agree that this Agreement and all exhibits thereto are settlement documents and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**5.    PLAN OF DISTRIBUTION**

(A)    Within 30 calendar days after the date of the Order granting final approval, IBM will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, employee serial numbers and Social Security numbers, of all Qualified Class Members, together with information regarding their compensation and states of work for their respective periods of employment within Recovery Periods while working in Covered Positions, as well as the Covered Position Codes held during each such period of employment.  With the exception of addresses, this data, and any other data provided by IBM to the Claims Administrator pursuant to this Agreement shall be conclusively presumed to be accurate.  In order for the Claim Administrator to create a plan of distribution, within 30 calendar days after the date of the Order granting final approval, IBM will give a preliminary report to the Claims Administrator and Class Counsel regarding: 1) interest to date on the Settlement Payment; 2) the reasonable costs associated with investing the Settlement Amount; 3) the estimated taxes on the interest earned on the Settlement Amount.

(B)    Within 20 calendar days after the Effective Date, the Claims Administrator shall provide to Class Counsel and Defendant's Counsel a proposed plan of distribution of the Settlement Payment, containing the names of and proposed distribution to each Qualified Class Member ("Plan of Distribution").  At the same time, the Claims Administrator shall also provide an itemized list of its costs and expenses and all other amounts to be deducted from the Settlement Payment.  Each Party shall have 7 calendar days from receipt of the Plan of Distribution to serve the other Party and the Claims Administrator with any corrections to the Plan of

Distribution, or to comment on the administrative costs and expenses or other deductions. The Claims Administrator shall make any changes to the Plan of Distribution agreed upon by the Parties and then serve the final Plan of Distribution within 5 calendar days of receiving such corrections. If the Parties disagree over the Plan of Distribution, they will submit any disagreement to the Court for resolution. Any dispute over administrative costs and expenses shall also be submitted to the Court.

(C)     Within 33 calendar days after the Effective Date, IBM will provide the Claims Administrator with a final report on any interest accrued on the Settlement Payment and any taxes and reasonable fees incurred on the investment (which shall not be higher than the fees associated with investing that amount in an investment of similar term and yield).

(D)     Within 33 calendar days of Effective Date, IBM shall transfer the Settlement Payment, plus any interest accrued on the Settlement Payment and less any taxes and reasonable fees incurred on the investment (which shall not be higher than the fees associated with investing that amount in an investment of similar term and yield), to the Claims Administrator.

(E)     The Claims Administrator will make every effort to mail to all Qualified Class Members their proportionate share of the Settlement Payment within 60 calendar days after the Effective Date of this Agreement or, if any Party submits a disagreement to the Court pursuant to Section 5(B), within 30 calendar days after the Court resolves any such disagreement. The Claims Administrator shall use reasonable efforts to make a second mailing to Qualified Class Members whose checks are returned because of incorrect addresses. Such efforts shall include using social security numbers to obtain better address information and, for Qualified Class Members whose payment is greater than $100, attempting to call such Qualified Class Members. Any additional efforts undertaken shall be in the sole discretion of the Claims Administrator. All efforts of the Claims Administrator to send checks to Qualified Class Members shall cease no later than 2 months after the Claims Administrator makes the initial mailing of checks.

## 6.    PUBLIC STATEMENTS; CLASS MEMBER INQUIRIES; NO SOLICITATION

### 6.1    Public Statements; Class Member Inquiries; No Solicitation.

(A)     The Parties agree that the only press release regarding this matter that will be issued by either Party will be a mutually agreed upon press release regarding this Agreement, which shall be released at 4:25 p.m. Eastern Standard Time on November 22, 2006, following the filing with the Court at 4:15 p.m. Eastern Standard Time of this Agreement.

(B)     The mutually agreed upon press release will be posted, after November 22, 2006, on www.overtimepaylawsuitagainstibm.com, the website Class Counsel maintains regarding the Litigation (hereinafter, "Website"). The Court-approved

- 19-

Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing will be posted on the Website if and when it is approved by the Court. The Website will be taken down at the latest after settlement checks are mailed to Class Members.

(C)     As of the date of the Order Granting Preliminary Approval, Class Counsel agree to remove from, and will not restore to, the Website any reference to or information about the Litigation, subject to the following exception: Class Counsel may post on the Website general background information agreed upon by Defendant regarding claims administration and processing, and, consistent with the timing discussed in Section 6.1(A) and (B), a copy of the mutually agreed upon press release and the Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

(D)     Class Counsel, Plaintiffs, and Defendant agree not to discourage Class Members from seeking payment from the Settlement Payment.

(E)     Plaintiffs and Class Counsel agree not to disparage IBM and agree to refrain from publicly or in the media taking any action designed to harm the public perception of the Company. Class Counsel and Plaintiffs shall respond to any and all press inquiries about the Litigation solely by providing factual information that is contained in the agreed-upon press release and/or materials filed by the Parties on November 22, 2006 pursuant to this Agreement. Nothing in this clause shall prevent Plaintiffs or Class Counsel from giving sworn testimony as required by law or other legal process.

(F)     Nothing contained in this Section shall prevent Class Counsel from providing legal advice to Class Members.

7.     **REPRESENTATIONS SECTION.** IBM represents and affirms that it will exercise reasonable diligence and act in good faith to provide accurate data to the Claims Administrator. Similarly, IBM represents and affirms that it has exercised reasonable diligence and acted in good faith during the discovery process of the Litigation to provide accurate data to Class Counsel about the Class Members. IBM further represents and affirms that, as to representations that it made prior to mediation in the Litigation about the content of data that it produced in discovery, such representations were accurate to the best of IBM's information and belief.

8.     **MISCELLANEOUS**

8.1     **Cooperation Between the Parties; Further Acts.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

8.2     **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous

578578.1

negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**8.3    Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**8.4    Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**8.5    Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**8.6    Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**8.7    Blue Penciling.** Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

**8.8    Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law shall govern.

**8.9    Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.  The Court shall not have jurisdiction to modify the terms of the Agreement or to increase IBM's payment obligations hereunder.

**8.10    Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**8.11** **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendant had signed the same instrument.

**8.12** **Facsimile Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

**8.13** **Signature by Class Counsel.** Class Counsel represent, by their signatures below, that they have been authorized by Plaintiffs to sign this Agreement on Plaintiffs' behalf.

- 22-

DATED: November 22 2006          IBM CORPORATION

By: _____
                                     Jennifer M. Daniels

Its: Assistant General Counsel and Chief Trust and
                                        Compliance Officer


DATED: November ___, 2006          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
                                     James M. Finberg

James M. Finberg
Eve H. Cervantes
Rachel Geman
Jahan C. Sagafi

*Attorneys for Plaintiff* _____

DATED: November ___, 2006          RUDY, EXELROD & ZIEFF, LLP

By: _____
                                     Steven G. Zieff

Steven G. Zieff
David Lowe
Kenneth J. Sugarman

*Attorneys for Plaintiff* _____

DATED:  November __, 2006          IBM CORPORATION


By:  _____

Its:  _____




DATED: November 22, 2006          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By  _____
              James M. Finberg

James M. Finberg
Eve H. Cervantes
Rachel Geman
Jahan C. Sagafi

DATED:  November __, 2006          RUDY, EXELROD & ZIEFF, LLP


By:  _____
              Steven G. Zieff

Steven G. Zieff
David Lowe
Kenneth J. Sugarman

DATED:  November __, 2006          LEWIS, FEINBERG, RENAKER & JACKSON, PC


By:  _____
              Todd F. Jackson

Todd F. Jackson
Claire Kennedy-Wilkins
Lindsay Nako

- 23-

DATED: November ___, 2006     IBM CORPORATION

By: _____

Its: _____

DATED: November ___, 2006     LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
        James M. Finberg

James M. Finberg
Eve H. Cervantes
Rachel Geman
Jahan C. Sagafi

DATED: November 22, 2006     RUDY, EXELROD & ZIEFF, LLP

By: _____Steven G. Zieff_____
        Steven G. Zieff

Steven G. Zieff
David Lowe
Kenneth J. Sugarman

DATED: November ___, 2006     LEWIS, FEINBERG, RENAKER & JACKSON, PC

By: _____
        Todd F. Jackson

Todd F. Jackson
Claire Kennedy-Wilkins
Lindsay Nako

- 23-

DATED:  November __, 2006          IBM CORPORATION

                                   By: _____

                                   Its: _____



DATED: November __, 2006           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

                                   By: _____
                                        James M. Finberg

                                   James M. Finberg
                                   Eve H. Cervantes
                                   Rachel Geman
                                   Jahan C. Sagafi

DATED:  November __, 2006          RUDY, EXELROD & ZIEFF, LLP

                                   By: _____
                                        Steven G. Zieff

                                   Steven G. Zieff
                                   David Lowe
                                   Kenneth J. Sugarman

DATED:  November __, 2006          LEWIS, FEINBERG, RENAKER & JACKSON, PC

                                   By: _____
                                        Todd F. Jackson

                                   Todd F. Jackson
                                   Claire Kennedy-Wilkins
                                   Lindsay Nako

- 23-

DATED: November 22, 2006      OUTTEN & GOLDEN LLP

By: _____
           Adam F. Klein

Adam F. Klein
Justin M. Swartz
Piper Hoffman

DATED:  November __, 2006     SPIRO MOSS BARNESS HARRISON & BARGE, LLP

By: _____
           Ira Spiro

DATED: November 22, 2006      LEE & BRAZIEL

By: _____
           J. Derek Braziel

DATED:  November __, 2006     BRUCKNER BURCH, PLLC

By: _____
           Richard Burch

DATED:  November __, 2006     GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

By: _____
           David Borgen

*Class Counsel*

DATED:  November __, 2006          OUTTEN & GOLDEN LLP


                                   By: _____
                                        Adam F. Klein

                                   Adam F. Klein
                                   Justin M. Swartz
                                   Piper Hoffman

DATED:  November 20, 2006          SPIRO MOSS BARNESS HARRISON & BARGE, LLP
        *Dec*

                                   By: _____
                                        Ira Spiro

DATED:  November __, 2006          LEE & BRAZIEL


                                   By: _____
                                        J. Derek Braziel

DATED:  November __, 2006          BRUCKNER BURCH, PLLC


                                   By: _____
                                        Richard Burch

DATED:  November __, 2006          GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                   DARDARIAN


                                   By: _____
                                        David Borgen


                                   *Class Counsel*

- 24-

DATED: November __, 2006          OUTTEN & GOLDEN LLP


                                  By: _____
                                          Adam F. Klein

                                  Adam F. Klein
                                  Justin M. Swartz
                                  Piper Hoffman

DATED: November __, 2006          SPIRO MOSS BARNESS HARRISON & BARGE, LLP


                                  By: _____
                                          Ira Spiro

DATED: November __, 2006          LEE & BRAZIEL


                                  By: _____
                                          J. Derek Braxiel

DATED: November __, 2006          BRUCKNER BURCH, PLLC


                                  By: _____
                                          Richard Burch

DATED: November 22, 2006          GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
                                  DARDARIAN

                                  By: _____
                                          David Borgen

                                  *Class Counsel*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ROSENBURG, JAMES R. BAXTER, SHERRY MATTSON, STEVE PARK, FNU KENNEDY, and EXALDO TOPACIO, on behalf of themselves and classes of those similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>    Defendant. | Case No. 06-0430 PJH<br><br><br><br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING** |

TO:   CERTAIN PERSONS WHO HAVE WORKED FOR INTERNATIONAL BUSINESS MACHINES CORPORATION ("IBM" OR "DEFENDANT") IN BANDS 6-8 OF POSITION CODES 499A, 498Q, 498R, 498S, 498T, 498U, OR 594J, OR IN POSITION CODES 4325, 5338 OR 5343 ("CLASS MEMBERS").

    Based on information in IBM's records, you may be a Class Member who is entitled to participate in the proposed $65 million settlement of the case captioned *Thomas Rosenburg, et al. v. International Business Machines Corporation* (the "Lawsuit"). **Please read this Notice carefully.** It contains important information about your rights concerning the class action settlement described below.

    As described more fully below, to participate in the settlement, you must submit a properly completed Claim Form and Release in time for the Claims Administrator to receive it by [DATE]. If you fail to turn in a timely Claim Form and Release, you will receive no monetary distribution from the settlement. Unless you "Opt Out" of the Lawsuit and the settlement by submitting an Opt-Out Statement postmarked by [DATE], you will be bound by the terms of this settlement, regardless of whether you submit a Claim Form and Release or receive money.

    **Class Members are encouraged to participate in this settlement. The law prohibits retaliation against current or former employees who participate in settlements. Participation does not change the settlement amount that IBM will pay, because IBM will pay the same, fixed amount regardless of the number of Class Members who participate**.

    <u>**Important Deadlines**</u>:

- Deadline for the Claim Form and Release: must be mailed in time for the Claims Administrator to receive it by [DATE]

- Deadline for the Opt-Out Statement: must be postmarked by [DATE]

- Deadline for objecting to the settlement: must be mailed in time for the Claims Administrator to receive it by [DATE]

For assistance completing the enclosed Claim Form and Release or for assistance with related matters, please contact the Claims Administrator at [CONTACT INFORMATION]

This Notice explains the nature of the Lawsuit and the terms of the settlement and informs you of your rights and obligations.  This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.  This Notice contains information about the following topics:

1. What Is This Lawsuit About

2. What Is A Class Action

3. What Is The Purpose Of This Notice

4. Who Is Included In The Lawsuit

5. Who Is Class Counsel

6. What Are The Benefits And Terms Of The Proposed Settlement (including information about how you can participate in the Settlement)

7. When Is The Fairness Hearing To Approve Settlement

8. How Can You Object To The Proposed Settlement

9. How Can You Opt Out Of The Settlement

10. How Can You Examine Court Records

11. What If You Have Questions

## 1.     What Is This Lawsuit About

Sixteen current and former employees ("Plaintiffs") of IBM brought this lawsuit, in which they claimed that IBM violated the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), and various state wage laws by unlawfully classifying certain employees as exempt from receiving overtime pay.  Plaintiffs also alleged violations of certain state law meal break requirements and other state law wage requirements.  Plaintiffs, for themselves and for others whom they claim are similarly situated, sought to recover unpaid overtime wages and sought to receive credit for overtime wages under IBM's pension and savings plans.  Plaintiffs also sought recovery of statutory damages, interest, attorneys' fees and costs, and other relief.

IBM has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit.  To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, IBM

has concluded that it is in its best interests to resolve and settle the Lawsuit by entering into a settlement agreement (the "Settlement").

The Lawsuit is presently before Judge Phyllis J. Hamilton, United States District Judge for the United States District Court for the Northern District of California. Judge Hamilton has not made any decision on the merits. On [DATE] the Court conditionally certified this matter as a class action and granted preliminary approval of the Settlement, subject to a fairness hearing which will take place on [DATE].

**2.    What is A Class Action**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "Plaintiffs" or "Class Representatives," file a lawsuit asserting claims on behalf of the entire class.

**3.    What Is The Purpose Of This Notice**

Judge Hamilton has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of the proposed Settlement and of your rights, including:

- To inform you of your right to "opt out" of the settlement class, and thereby preserve your ability to independently bring any claim that you might have;

- To inform you of your right to file objections to the Settlement;

- To inform you of the steps you must take to receive any share of the settlement funds.

**4.    Who Is Included In The Lawsuit**

You are a Class Member if you meet all of the following criteria:

1. Your Position Code was or is: 499A, 498Q, 498R, 498S, 498T, 498U, 594J, 4325, 5338, and/or 5343 (collectively "Class Positions");[1]

2. Your Job Band was or is: 6, 7 or 8 (collectively "Class Job Bands"); and

3. You have been employed by IBM in a Class Position and Class Job Band at any time during one or more of the following time periods ("Class Periods"):

    a. From January 24, 2002 until [Preliminary Approval Date] in California, or

    b. From October 2, 2001 until [Preliminary Approval Date] in Kentucky, or

---

[1] The 499A position code is currently called Technical Services Professional in IBM's job library, and the 594J position code is currently called IT Specialist in IBM's job library. However, these positions may be referred to, or may in the past have been referred to, by different informal titles. The remaining Class Positions are predecessors to the 449A and 594J position codes.

    c.   From March 13, 2003 until [Preliminary Approval Date] in Illinois and Minnesota, or

    d.   From January 24, 2000 until [Preliminary Approval Date] in New York, or

    e.   From April 19, 2003 until [Preliminary Approval Date] in any other state.

You also are a Class Member if you participated in the United States Department of Labor, Wage Hour Division, Compliance Actions, Case Nos. 1325099 and 1283294 ("DOL Settlements").

## 5.    Who Is Class Counsel

The Court has approved and appointed a number of firms to represent all members of the Class.  Class Counsel can be reached at the following phone number: [___-___-____].  Class Counsel are:

James M. Finberg
Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA  94108

Steven G. Zieff, Esq.
David A. Lowe
Kenneth J. Sugarman
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104

Adam T. Klein
Justin M. Swartz
Piper Hoffman
OUTTEN & GOLDEN LP
Three Park Avenue, 29th Floor
New York, New York  10016

Todd F. Jackson, Esq.
Claire Kennedy-Wilkins
Lindsay E. Nako
LEWIS, FEINBERG, RENAKER
 & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612

Kelly M. Dermody
Jahan C. Sagafi
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  9111

Rachel Geman
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, New York  10017-2024

Ira Spiro
SPIRO MOSS BARNESS HARRISON
 & BARGE, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA  90064-1625

J. Derek Braziel
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, Texas  75202

- 4 -

Richard Burch                              David Borgen
BRUCKNER BURCH, PLLC                        GOLDSTEIN, DEMCHAK, BALLER,
5847 San Felipe, Suite 3900                  BORGEN & DARDARIAN
Houston, Texas  77057                       300 Lakeside Drive Suite 1000
                                            Oakland, CA  94612

## 6.    What Are The Benefits And Terms Of The Proposed Settlement

Plaintiffs and Defendant have agreed to the Settlement summarized below.  The complete terms and conditions of the proposed Settlement are on file with the Clerk of Court at the address listed below in Section 10.  The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals.

a.     *What are the benefits of the settlement*

Class Members who timely and properly complete and return the Claim Form and Release, as described in Section 6.c. below, will be eligible to receive a specified share of a $65 million settlement fund (including any interest on the investment of the settlement fund, net of reasonable fees and taxes associated with the investment), less certain deductions described below, based on a formula approved by the Court.  Amounts that are not claimed by Class Members and are not necessary to cover expenses and fees associated with the Lawsuit and/or the Settlement will be paid to charity.  IBM will pay the entire $65 million regardless of how many employees submit a Claim Form and Release.

The following adjustments will be made to the $65 million amount prior to distribution of the settlement funds to the Class Members:

- Investment Interest:  The settlement fund will be invested from December 1, 2006 until IBM transfers the Settlement Payment to the Claims Administrator.  Interest earned on this investment will become part of the settlement fund and, after payment of taxes and reasonable fees for making the investment, will be distributed in proportionate shares to Class Members who take appropriate steps, as described more fully below.

- Settlement Administration Fees:  A reserve will be set aside for reasonable costs, estimated to be [], associated with administering the Settlement.  The reserve will be used to pay a claims administration company for mailings, processing claims, providing information and assistance to Class Members, and preparing information to be reported to the Court.

- Payments to Class Representatives:  If the Court approves such payments, each of 6 Class Representatives will receive $5,000 each (for a total of $30,000).  These payments are made because these Class Representatives provided service to the Class by helping Class Counsel to formulate claims, and providing deposition testimony.  In addition, if the Court approves such payments, 10 Class Representatives will receive $1,500 each (for a total of $15,000).  The additional

- 5 -

payments to these Class Representatives are smaller because they did not provide service to the Class to the same extent as did the 6 above-referenced Class Representatives, although the group of 10 Class Representatives nonetheless provided service to the Class.  The payments outlined in this paragraph are separate from and in addition to the shares of the settlement fund that these Class Representatives may be eligible to receive as Class Members.

- Attorneys' Fees:  Class Counsel will apply to the Court for attorneys' fees in the amount of 25% of the settlement fund, which amounts to $16.25 million.  This amount will be requested based on the thousands of hours Class Counsel spent in pursuing this case on behalf of the Class Members, the risks that Class Counsel took that no fees would ever be recovered, and the result achieved for the class.  In litigating this matter, Class Counsel reviewed tens of thousands of pages of documents produced by IBM, including documents regarding Class Member job duties, the classification decision, and IBM's organization, procedures and policies; interviewed approximately a thousand current and former employees; assisted dozens of Class Members in preparing sworn declarations; deposed IBM's corporate representatives; defended certain Class Representatives' depositions; drafted and responded to written interrogatories and requests for production of documents; opposed IBM's motion to dismiss parts of the claims in the Lawsuit; reviewed and analyzed IBM's payroll data (including through the use of expert statisticians); and otherwise aggressively pursued the case.  Class Counsel will also apply for an amount not to exceed $250,000 to reimburse Class Counsel for actual out-of-pocket expenses paid by Class Counsel to litigate this case.  These expenses include copying charges, deposition transcripts, expert analysis and similar litigation expenses.

The remaining amount in the settlement fund (the "Net Settlement Fund") will be distributed according to the method set forth below in the "How Will My Share Be Calculated If I Participate" section.

     b.    *What is the legal effect of participating in the settlement*

If the Court grants final approval of the Settlement, in exchange for the $65 million payment set forth above, this action will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge IBM from any and all claims that are asserted in the Lawsuit or that arise from the facts alleged in the Litigation and that arose during any time that such Class Members worked in a Class Position and Class Job Band up through and including the date that the Court grants final approval of the Settlement.  When claims are "released," that means that a person covered by the release cannot sue IBM for any of the claims that are covered by the release.

The exact terms of the Release in the Settlement Agreement read:

"(A)   By operation of the entry of the Judgment and Final Approval, and except as to such rights or claims as may be created by this Agreement, Plaintiffs and each individual Class Member who does

- 6 -

not timely opt out pursuant to Section 2.4 forever and fully release Defendant, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any such Class Member has or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Litigation and that arose during any time that such Class Member worked in a Covered Position Code up until the date of the Order granting final approval ("Released Claims").  The Released Claims include without limitation claims asserted in the Litigation and any other claims based on alleged misclassification under state or federal law governing overtime pay, exempt status, denial of meal periods and rest breaks, denial of spread of hours pay, failure to pay wages upon termination, failure to provide itemized wage statements, unfair competition, failure to make payments due to Class Members had they been classified as nonexempt, failure to provide benefit credits, failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 218, 218.5, 226, 510, 512, 1174, 1174.5, and 1194, Cal. Wage Order No. 4, the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, 8-6-106, and 8-6-118, the Colorado Minimum Wage Order No. 22, the Connecticut Minimum Wage Act, Conn. Gen. Stats. §§ 31-58 *et seq.*, 31-13a, 31-60, 31-66, 31-68, and 31-76c, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 115/1 *et seq.* and the regulations promulgated thereunder, 820 Ill. Comp. Stat. §§ 105/4a and 105/12a, Ill. Admin. Code §§ 210.100 *et seq.* and 210.770, the Kentucky Wage and Hour Laws, KRS §§ 337.010 *et seq.*, 337.020, 337.055, 337.060, 337.070, 337.285, 337.320, and 337.385(1), Md. Code Ann. Labor & Employment Art. §§ 3-401 *et seq.*, 3-415, 3-420, and 3-424, 21 Mass. Gen. Laws ch. 151 §§ 1A *et seq.*, 1B and 15, Minn. Stat 541.07(5), Minn. Stat. §§ 177.21 *et seq.*, 177.25(1), 177.30, and 181.01 *et seq.*, Minn. Rules 5200 *et seq.*, 26 Minn. Rev. Stat. § 661 *et seq.*, the New Jersey Wage

- 7 -

and Hour Law, N.J.S.A. §§ 34:11-2 *et seq.*, 34:11-56a *et seq.*, 34:11-56a4, and 34:11-56a20, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.* and 663(1), the New York Wage Payment Act, New York Labor Law § 190 *et seq.*, New York State Department of Labor regulations, 12 N.Y.C.R.R. part 142, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, 95-25.6, 95-25.7, 95-25.7A, 95-25.8, 95-25.13, 95-25.15 and 95-25.22, 13 N.C. Admin. Code §§ 12.0801-12.0807, Ohio Rev. Code Ann. §§ 4111.01 *et seq.*, 4111.08, 4111.03, 4111.10, 4113.15, 43 Pa. Stat. §§ 333.103 *et seq.*, 333.104(c), 333.108 and 333.113, Wis. Stat. §§ 103.001 *et seq.* and 103.13, Wis. Admin. Code §§ DWD 274.01 *et seq.*, DWD 274.06 and DWD 274.07, and Wash. Rev. Code Sec. 49.46.090, 49.46.100, 49.46.130, and 49.46.070, and the statutes and regulations of all other states relating to the foregoing.

(B)   Each Class Member who does not timely opt out in accordance with the procedures set forth in Section 2.4 is deemed to have acknowledged that this Agreement is intended to include in its effect all claims arising from or based upon the Litigation or the facts alleged therein that arose during any time that such Class Member worked in a Covered Position Code up until the date of the Order granting final approval, including both asserted and unasserted claims, and including those claims that each or any Class Member does not know or suspect to exist in his or her favor against Defendant.  The Plaintiffs and each Class Member who does not timely opt out of this Agreement waive all rights and benefits afforded by section 1542 of the Civil Code of the State of California, understanding the significance of that waiver.  Section 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

c.   *How can I participate in the settlement*

If you wish to receive a distribution from the settlement fund, you must timely complete and return the enclosed Claim Form and Release according to instructions provided on the form, including:  (1) an oath that, at some point during the applicable period, you worked overtime; (2) an acknowledgement that, by signing the Claim Form and Release, you opt in to the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth in Section 6.b of this Notice.  The oath must be personally filled out by the current or former employee who seeks to participate in the Settlement or someone with a legal right to act on his or her behalf.

The Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator via First Class United States Mail, and received by [DATE].  If you do not

- 8 -

properly complete and timely submit the Claim Form and Release in order for it to be received by [DATE], you will not be eligible to receive any monetary distribution.  Class Counsel recommend that you send your Claim Form and Release in the enclosed postage-prepaid envelope.

You should keep in mind that if you do not opt out, and if you do not properly and timely complete and return the Claim Form and Release in accordance with instructions provided on the form, you will not receive a distribution from the settlement fund, but you will still be bound by the Release described in Section 6.b.

      d.    *How will my share be calculated if I participate*

Each Class Member who submits a timely and properly completed Claim Form and Release will receive a share of the Net Settlement Fund (that is, the settlement funds that remain after deductions are made for claims administration costs, class representative payments, and attorneys' fees and expenses).  Class Members who previously received settlement payments through Department of Labor proceedings and/or the class settlement in *Santangelo, et al. v. IBM Corporation*, Case No. 04CC00078, Orange County, California, Superior Court, and/or another matter involving alleged withholding of overtime, and/or who received from IBM payment(s) in lieu of overtime (hereinafter, "Prior Settlement Amount(s)"), shall have their respective distributions from the Settlement reduced in light of such Prior Settlement Amount(s).

Each Class Member's share of the Net Settlement Fund will depend on a number of factors relating to the Class Member's employment.  These factors include salary, position code and job band, dates of employment, and the state(s) of employment.  The salary, position code, job band, dates of employment, and states of employment will be conclusively derived from IBM's data and will not be subject to challenge by Class Members.

As explained below, different values or "factors" are assigned to different position codes, job bands, and states of employment.  Thus, two Class Members with the same salary and employment dates may recover different amounts because they held different positions or job bands or were employed in different states.

As explained below, these factors might have a significant effect on the percentage of the Net Settlement Fund a given Class Member will receive.  Class Members who worked in California, Illinois, Kentucky, Minnesota and New York also have longer recovery periods, or "Class Periods," than other Class Members, as noted above in the section called "Who Is Included In The Lawsuit"?

      i.    The formula for individual distributions from the Settlement

**If you are a Class Member who was employed by IBM in a Class Position and Class Job Band during the Class Period, and if you did not receive Prior Settlement Amount(s),** and if you take the appropriate steps, your share of the Net Settlement Fund will be calculated by multiplying your Base Earnings for each bimonthly pay period by two numeric factors: (1) a "Job Factor" based on your position code and band during that pay period, and (2) a "State Factor" based on the law that applies to your claim for that pay period.  The sum of the calculations for

each pay period you worked in a Class Position and Class Job Band during the Recovery Period[2] is called your "Individual Class Member Numerator."  The Individual Class Member Numerator for your claim will be divided by the sum of Individual Class Member Numerators for all approved claims to determine your "Resulting Decimal."  This Resulting Decimal will be multiplied by the Net Settlement Fund (less the $50 payments distributed to certain Class Members as described in Section 6.d.iii and the $50 minimum payments made to certain other Class Members as described in 6.d.iv below) to determine the amount of the Settlement to be awarded to your claim.  In reaching agreement with Plaintiffs about the factors to be used in this distribution formula, IBM does not admit that any claim has merit, irrespective of position, job band, or the state in which a Class Member worked.

Your **Job Factor** will be determined as follows:

| Position Code/Band | Factor |
| :---: | :---: |
| (499A, 498Q, 498R, 498S, 498T, or 498U)/ (Band 6) | 20 |
| (499A, 498Q, 498R, 498S, 498T, or 498U)/ (Band 7) | 15 |
| (499A, 498Q, 498R, 498S, 498T, or 498U)/ (Band 8) | 6 |
| (594J or 5338)/ (Band 6) | 6 |
| (594J or 5343)/ (Band 7) | 2 |
| (594J or 4325)/Band 8 | 1 |

The above factors mean, for example, that if a 499A/band 6 employee and a 594J/band 8 employee worked at the same salary for a pay period in the same state, the 594J/band 8 employee would receive only a fraction of the amount of the Settlement that the 499A/band 6 employee would.  This factor is based on Class Counsel's assessment that the challenges different Class Members would face in establishing their claims varies by position code and job band.

Your **State Factor** will be determined as follows:

| State You Worked In | Factor |
| :---: | :---: |
| California | 3 |

---

[2] The Recovery Period is similar to the Class Period defined in Section 4.  However, the Recovery Period runs through the date the Court grants final approval to the Settlement and is thus longer than the Class Period.

All States Except California                    1

The above factors mean, for example, that if a California and a New York employee worked at the same salary and in the same position code and job band for a pay period, the New York employee would receive a lesser amount of the Settlement than the California employee would receive.  This factor accounts for the fact that the measure of allowable damages and the liability standard varies with the applicable state law, and, as a result, Class Members in California face fewer challenges in establishing their claims than Class Members in other states.

        ii.        Example of the calculation formula

For example, if your Base Earnings were $1600 per bimonthly pay period for 32 pay periods, and you worked in job band 6 of 499A in California, your share of the Net Settlement Fund would be calculated as follows:

1. 1600 x 32 x 20 x 3 = 3,072,000 points = Your Individual Class Member Numerator

2. Your 3,072,000 Individual Class Member Numerator will be divided by sum of the Individual Class Member Numerators for all other approved claims to determine your Resulting Decimal.

3. Your Resulting Decimal will be multiplied by the Net Settlement Fund (less the amounts distributed to Class Members who were not employed by IBM in a Class Position and Class Job Band during the Class Period, and less the amounts distributed to Class Members described in Section 6.d.iii and 6.d.iv below) to determine your share of the Settlement.

As these examples demonstrate, the amount you recover will change according to the number of Class Members who participate in the Settlement.  As well, the factors applied to your claim may have a significant effect on the percentage of the Settlement you receive.

        iii.        Minimum Payments to Class Members Who Did **Not** Work in a Class Position and Class Band During the Class Period

There is a small percentage of Class Members who did not work for IBM in a Class Position and Class Job Band during the Class period.  If you were not employed by IBM in a Class Position and Class Job Band during the Class Period (as defined in Section 4), but if you are a Class Member, and if you take the appropriate steps, your share of the Net Settlement Fund will be $50.

        iv.        Payments to Class Members Who Received Prior Settlement Amounts

There is a small percentage of Class Members who received Prior Settlement Amounts from IBM.  If you are a Class Member who was employed by IBM in a Class Position and Class Job Band during the Class Period, and if you received Prior Settlement Amount(s), and if you take the appropriate steps, your share of the Net Settlement Fund will be calculated according to the formula set forth in Section 6.d.i, subject to the following adjustment:  For all bimonthly pay

- 11 -

periods covered by a Prior Settlement Amount(s), your Base Earnings for that pay period will be reduced to zero.  If such reductions cause your settlement share to be zero, your share of the Net Settlement Fund will be $50.

**7.      When Is The Fairness Hearing to Approve the Settlement**

The Court has granted preliminary approval of the proposed Settlement, concluding preliminarily that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement amount is fair, adequate, and reasonable.

A hearing will be held to determine whether final approval of the Settlement should be granted.  At the hearing, the Court will hear objections, if any, and arguments concerning the fairness of the proposed Settlement.  The hearing will take place before Judge Hamilton on [DATE] at [TIME] or as soon thereafter as practicable, in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.  The Court will also consider Class Counsel's application for fees and costs and the service awards sought by Class Representatives.  The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING.  YOU MAY ATTEND THE HEARING IF YOU PLAN TO OBJECT TO THE SETTLEMENT.  YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR OBJECTIONS.  IF YOU WISH TO ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTENTION TO APPEAR AT THE FAIRNESS HEARING.

**8.      How Can You Object To The Proposed Settlement**

If you want to object to the Settlement, you may submit a written statement of the objection to the Claims Administrator at the address below.  Your objection will not be heard unless it is mailed to the Claim Administrator via First Class United State Mail, postage prepaid, and received by the Claims Administrator no later than [DATE].  If you wish to present your objection at the fairness hearing, you must state your intention to do so in your written objection.

[Address]

**9.      How Can You Opt Out Of The Settlement**

You have the right to exclude yourself, and yourself only, from this Lawsuit and Settlement.  **If you choose to exclude yourself, you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against IBM, but you will not be eligible to receive the benefits of this Settlement**.

If you intend to exclude yourself, you must complete the enclosed Opt-out Statement and mail it to the Claims Administrator at the address below.  The Opt-out Statement must be mailed to the Claim Administrator via First Class United States Mail, postage prepaid, and postmarked no later than [DATE].

- 12 -

[Address]

## 10.     How Can You Examine Court Records

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far.  In order to see the complete file, including a copy of the settlement agreement, you should visit the Clerk of Court, [Address].  The Clerk will make all files relating to this lawsuit available to your for inspection and copying at your own expense.

## 11.     What If You Have Questions

If you have questions about this Notice, or want additional information, you can contact the Claims Administrator at [PHONE NUMBER].

**Dated**:


**This Notice is sent to you by Order of the United States District Court for the Northern District of California.**

578619.2

Exhibit B

## OPT-OUT STATEMENT
### Thomas Rosenburg, et al. v. International Business Machines Corp.

## SUBMIT THIS FORM ONLY IF YOU DO NOT WISH TO REMAIN A CLASS MEMBER. IF YOU SUBMIT THIS FORM, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY MONEY FROM THE SETTLEMENT.

I wish to opt out of the class settlement of the *Rosenburg, et al. v. IBM Corp.* case. I understand that by opting out, I will be excluded from the class settlement and will receive no money from the settlement. I understand that if I opt out, I may bring a separate lawsuit. I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this lawsuit. I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk. I understand that counsel for the class will not represent my interests if I opt out.


_____

Print Name


_____

Social Security Number


_____

Signature


## SEND TO CLAIMS ADMINISTRATOR AT
## [Address]

## MUST BE MAILED BY UNITED STATES FIRST CLASS MAIL AND POSTMARKED NO LATER THAN [DATE].

## WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS — YOU MAY WISH TO MAIL RETURN RECEIPT REQUESTED.



Exhibit C

## Rosenburg v. IBM

Claims Administrator
[NAME]
[ADDRESS]
[ADDRESS]
[PHONE NUMBER]

## CLAIM FORM AND RELEASE
## INSTRUCTIONS

**In order to receive any portion of the settlement funds you MUST sign, date, and return this CLAIM FORM AND RELEASE in time for the Claims Administrator to receive it by [DATE]. If the Claims Administrator does not receive the CLAIM FORM AND RELEASE by [DATE], you will not be eligible to receive any portion of the settlement funds. For more information on the Settlement, how your share of the settlement funds will be calculated, and your rights, please see the attached NOTICE.**

**By signing, dating, and returning the CLAIM FORM AND RELEASE, you are also consenting to become a party to this action under the federal Fair Labor Standards Act, 29 U.S.C. 216(b), and agreeing to the release of claims set forth below. (For Further Information, see NOTICE.)**

The Claim Form and Release must be personally filled out by the current or former employee who seeks to participate in the settlement or someone with a legal right to act on his or her behalf.

If you are a Class Member and you did not opt out of the settlement, and if you properly complete the Claim Form and Release and timely mail it to the Claims Administrator, you will be eligible for a distribution from the Settlement in accordance with the formula described in section 6 of the Notice.

You may return the Claim Form and Release in the addressed, pre-paid envelope that has been enclosed. This Claim Form and Release must be sent to the address on that envelope:

Rosenburg v. IBM Claims Administrator
[NAME]
[ADDRESS]

BE SURE TO MAKE A COPY OF THE SIGNED CLAIM FORM FOR YOUR RECORDS.

## CHANGES OF ADDRESS

It is **your responsibility** to keep a current address on file with the Claims Administrator. Please make sure to notify the Claims Administrator of any change of address.



## **Rosenburg v. IBM**
Claims Administrator
[Name]
[Address]
[Address]
[Phone]

### CLAIM FORM AND RELEASE

*THIS FORM MUST BE RECEIVED BY THE CLAIMS ADMINISTRATOR NO LATER THAN [DATE].*

[To be pre-inserted by Claims Administrator:]

[To be provided by employee:]

Name/Address Changes, if any

Claim Number: _____
Name: _____
Address: _____
City, State ZipCode: _____

_____
_____
_____
(____) _____
AreaCode        Home Telephone Number

## TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

---

**Substitute IRS Form W-9**

Enter your Social Security Number:  ☐☐☐ -- ☐☐ -- ☐☐☐☐

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number; **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

By signing below, I swear that, at some point during my employment as a Class Member as described in the Notice, I worked overtime.

By signing below, I hereby opt into the case pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and give my consent to become a party.

By signing below, I forever and fully release IBM, its owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit (collectively, the "Releasees") from any and all past and present matters, claims, demands, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which I have or might have, known or unknown, of any kind whatsoever, that are based upon or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit and that arose during any time that I worked in a Covered Position (as defined in the Notice) up until the date of the Order granting final approval of the settlement ("Released Claims"). The Released Claims include without limitation claims asserted in the Litigation and any other claims based on alleged misclassification under state or federal law governing overtime pay, exempt status, denial of meal periods and rest breaks, denial of spread of hours pay, failure to pay wages upon termination, failure to provide itemized wage statements, unfair competition, failure to make payments due to Class Members had they been classified as nonexempt, failure to provide benefit credits, failure to keep records of hours worked or compensation due, and penalties for any of the foregoing, including without limitation claims under the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 218, 218.5, 226, 510, 512, 1174, 1174.5, and 1194, Cal. Wage Order No. 4, the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, 8-6-106, and 8-6-118, the Colorado Minimum Wage Order No. 22, the Connecticut Minimum Wage Act, Conn. Gen. Stats. §§ 31-58 *et seq.*, 31-13a, 31-60, 31-66, 31-68, and 31-76c, the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 115/1 *et seq.* and the regulations promulgated thereunder, 820 Ill. Comp. Stat. §§ 105/4a and 105/12a, Ill. Admin. Code §§ 210.100 *et seq.* and 210.770, the Kentucky Wage and Hour Laws, KRS §§ 337.010 *et seq.*, 337.020, 337.055, 337.060, 337.070, 337.285, 337.320, and 337.385(1), Md. Code Ann. Labor & Employment Art. §§ 3-401 *et seq.*, 3-415, 3-420, and 3-424, 21 Mass. Gen. Laws ch. 151 §§ 1A *et seq.*, 1B and 15, Minn. Stat 541.07(5), Minn. Stat. §§ 177.21 *et seq.*, 177.25(1), 177.30, and 181.01 *et seq.*, Minn. Rules 5200 *et seq.*, 26 Minn. Rev. Stat. § 661 *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-2 *et seq.*, 34:11-56a *et seq.*, 34:11-56a4, and 34:11-56a20, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.* and 663(1), the New York Wage Payment Act, New York Labor Law § 190 *et seq.*, New York State Department of Labor regulations, 12 N.Y.C.R.R. part 142, N.C. Gen. Stat. §§ 95-25.1 *et seq.*, 95-25.6, 95-25.7, 95-25.7A, 95-25.8, 95-25.13, 95-25.15 and 95-25.22, 13 N.C. Admin. Code §§ 12.0801-12.0807, Ohio Rev. Code Ann. §§ 4111.01 *et seq.*, 4111.08, 4111.03, 4111.10, 4113.15, 43 Pa. Stat. §§ 333.103 *et seq.*, 333.104(c), 333.108 and 333.113, Wis. Stat. §§ 103.001 *et seq.* and 103.13, Wis. Admin. Code §§ DWD 274.01 *et seq.*, DWD 274.06 and DWD 274.07, and Wash. Rev. Code Sec. 49.46.090, 49.46.100, 49.46.130, and 49.46.070, and the statutes and regulations of all other states relating to the foregoing.

I acknowledge that this release is intended to include in its effect all claims asserted in or arising from the facts alleged in the Lawsuit, including both asserted and unasserted claims, and including those claims that I do not know or suspect to exist in my favor against IBM. I waive

all rights and benefits afforded by section 1542 of the Civil Code of the State of California, understanding the significance of that waiver.  Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

I declare under penalty of perjury that the above information is correct.

_____          _____
Date                                                      Signature

To be valid, this Claim Form and Release must be properly completed, signed, and mailed to the Claims Administrator at the following address via First Class United States Mail, and received by [INSERT DATE]:   [INSERT ADDRESS]

**YOU MUST COMPLETE ALL PAGES OF THE CLAIM FORM AND RELEASE.**

Exhibit D

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

11

12

13

14

15

16

17

18

19

20

21

THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,

Plaintiffs,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendant.

Case No. CV 06-00430 PJH

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS, (4) APPROVING RELEASES AND (5) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

22

23

24

25

26

27

28

        After discovery and two mediation sessions, and notwithstanding their adversarial

positions in this matter, Plaintiffs and IBM (collectively, the "Parties") negotiated a settlement of

this litigation.  The terms of the proposed settlement ("Settlement") are set forth in the proposed

Joint Stipulation of Settlement and Release of All Claims ("Settlement Agreement," attached

hereto as Exhibit 1).

        On November 22, 2006, Plaintiffs filed a Motion For Order Conditional Certifying

Settlement Classes, Preliminarily Approving Class Action Settlement, Approving Notice and

1   Releases, and Setting Fairness Hearing ("Motion").  In their Motion, the Plaintiffs requested that

2   this Court grant conditional certification of a nationwide settlement class and certain settlement

3   subclasses, together with a co-extensive FLSA collective action.  Plaintiffs also requested that the

4   Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in

5   that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class

6   Action Lawsuit and Fairness Hearing ("Class Notice," attached hereto as Exhibit A to the

7   Settlement Agreement), a proposed Opt-Out Statement (attached hereto as Exhibit B to the

8   Settlement Agreement), a proposed Claim Form (attached hereto as Exhibit C to the Settlement

9   Agreement), and individual releases to be signed by Plaintiffs Thomas Rosenburg, James Baxter,

10   Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve

11   Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels,

12   Rebecca Taylor, and Frank Vasterling (attached hereto as Exhibit E to the Settlement

13   Agreement).  Having reviewed the Settlement Agreement and Motion, along with the Parties'

14   prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as

15   follows:

16   **I.**      **<u>Background</u>**

17        Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

18   Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

19   Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs")

20   contend that IBM misclassified certain employees as exempt from the overtime requirements of

21   the Fair Labor Standards Act and various state laws.  Specifically, Plaintiffs assert that, on behalf

22   of themselves and a proposed class and subclasses of persons alleged to be similarly situated,

23   IBM violated federal and state wage laws by failing to pay overtime, during specified time

24   periods, to employees holding positions at IBM that the Company coded as 498Q (bands 6-8),

25   498R (bands 6-8), 498S (bands 6-8), 498T (bands 6-8), 498U (bands 6-8), 499A (bands 6-8),

26   4325, 5343, 5338, and 594J (bands 6-8).  Plaintiffs also contend that, due to this alleged

27   misclassification, IBM violated the Employee Retirement Income Security Act by denying certain

28   benefit credits allegedly due based upon employees' purported overtime hours.  IBM has

1   disputed, and it continues to dispute, Plaintiffs' allegations in this lawsuit, and the Company

2   denies any liability for any of the claims that have or could have been alleged by Plaintiffs or the

3   persons that they seek to represent.

4   II.   **Definition Of The Settlement Class And Subclasses**

5       The Parties have entered into the Settlement Agreement solely for the purposes of

6   compromising and settling their disputes in this matter.  As part of the Settlement Agreement,

7   IBM has agreed not to oppose, for settlement purposes only, conditional certification of the

8   following settlement class and subclasses:

9           1.    The Class.  The Class includes:  (1) all current and former
            IBM employees who are or were employed by IBM in a Covered

10          Position Code at any time during the Covered Period, and (2) to the
            extent that they are not included in part (1) of this definition,

11          current and former IBM employees who participated in the United
            States Department of Labor, Wage Hour Division, Compliance

12          Actions, Case Nos. 1325099 and 1283294.

13          2.    The California Subclass.  The California Subclass includes:
            all current and former IBM employees who are or were employed

14          by IBM in a Covered Position Code in California at any time during
            the Covered Period applicable to persons employed in that State.

15          3.    The Kentucky Subclass.  The Kentucky Subclass includes:
            all current and former IBM employees who are or were employed

16          by IBM in a Covered Position Code in Kentucky at any time during
            the Covered Period applicable to persons employed in that State.

17          4.    The New York Subclass.  The New York Subclass includes:
18          all current and former IBM employees who are or were employed
            by IBM in a Covered Position Code in New York at any time

19          during the Covered Period applicable to persons employed in that
            State.

20

21      For purposes of these definitions, the term "Covered Position Code" means the positions

22   at IBM that the Company coded as 498Q (bands 6-8), 498R (bands 6-8), 498S (bands 6-8), 498T

23   (bands 6-8), 498U (bands 6-8), 499A (bands 6-8), 4325, 5343, 5338, and 594J (bands 6-8).  The

24   term "Covered Period" means:  (A) for employees who worked in Covered Position Codes in

25   New York, January 24, 2000 to the date of the Order Granting Preliminary Approval of

26   Settlement; (B) for employees who worked in Covered Position Codes in Kentucky, October 2,

27   2001 until the date of the Order Granting Preliminary Approval of Settlement; (C) for employees

28   who worked in Covered Position Codes in California, from January 24, 2002 to the date of the

Order Granting Preliminary Approval of Settlement; (E) for employees who worked in Covered Position Codes in Illinois and Minnesota, from March 13, 2003 to the date of the Order Granting Preliminary Approval of Settlement; and (F) for employees who worked in Covered Position Codes in all other states, from April 19, 2003 to the date of the Order Granting Preliminary Approval of Settlement.

On behalf of the Class, based on allegations that they were misclassified as exempt from overtime pay requirements, Plaintiffs assert claims for overtime pay under the FLSA and the laws of various states, and claims for benefit credits under ERISA.  On behalf of the California Subclass, based on allegations that they were misclassified as exempt, Plaintiffs assert claims for overtime and premium payments, missed meal breaks, waiting time penalties, recordkeeping violations and a violation of the Unfair Competition Law.  On behalf of the Kentucky Subclass, based on allegations that they were misclassified as exempt, Plaintiffs assert claims for overtime pay and recordkeeping violations.  On behalf of the New York Subclass, based on claims that they were misclassified as exempt, Plaintiffs assert claims for overtime pay and spread-of-hours pay.

III.   **Designation Of The Class As An FLSA Collective Action**

The Court finds that the members of the Class are similarly situated within the meaning of Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair.  Accordingly, the Court conditionally certifies the Class as an FLSA collective action.  The Court authorizes the Notice, Exhibit A to the Settlement Agreement, to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to joint their claims.  Putative members of the FLSA collective action who wish to join that claim must sign the Claim Form, Exhibit C to the Settlement Agreement, and return it by mail to the Claims Administrator, such that it is received by the Claims Administrator within 70 days of the mailing of the Notice and Claim Form.

1

**IV.    Rule 23 Certification of the Class And Subclasses**

2        In examining potential conditional certification of the nationwide settlement class and

3  subclasses, the Court has considered:  (1) the allegations, information, arguments, and authorities

4  cited in the Motion for Preliminary Approval and supporting memorandum and declarations;

5  (2) the allegations, information, arguments, and authorities provided by the Parties in connection

6  with the pleadings and other motions filed by each of them in this case; (3) information,

7  arguments, and authorities provided by the Parties in multiple conferences and arguments before

8  this Court; (4) IBM's conditional agreement, for settlement purposes only, not to oppose

9  conditional certification of the settlement class and subclasses specified in the Settlement

10  Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the

11  definition of the settlement class and subclasses specified in the Settlement Agreement; and

12  (6) the elimination of the need, on account of the Settlement, for the Court to consider any

13  potential trial manageability issues that might otherwise bear on the propriety of class

14  certification.

15        In connection with certifying the Class and Subclasses, the Court makes the following

16  findings:

17              a.    The Class and Subclasses each have more than 100 members, and therefore

18  each is therefore sufficiently numerous that joinder of all Class or Subclass Members is

19  impracticable;

20              b.    There are questions of law or fact common to all Class and Subclass

21  Members, including whether the Class and Subclass Members were properly classified as exempt

22  from overtime and whether they regularly exercised independent judgment and discrimination on

23  matters of substantial importance;

24              c.    The Class and Subclass Representatives' claims are typical of their

25  respective Classes' claims in that the Class Representatives raise the same claims as the Class

26  Members;

27              d.    The Class and Subclass Representatives can fairly and adequately represent

28  the their respective Classes' interests, in that (1) Class Representatives have retained counsel who

are qualified and experienced in the issues raised in this litigation, and (2) none of the Class Representatives has any apparent interests antagonistic to the interests of the classes they seek to represent;

e.      The common questions of law and fact set forth in paragraph b., above, predominate over any questions affecting only individual members;

f.      The class action device is superior to all other available methods for fairly and efficiently settling this matter.

Based on those considerations and findings, the Court hereby finds that the Class and Subclasses proposed in this matter are readily identifiable and that the requirements of Federal Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and adequacy of the representatives and their counsel.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the members of the settlement class and subclasses ("Class Members") predominate over any questions affecting only individual members and that a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court conditionally certifies pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure the following: (1) the Class; (2) the California Subclass; (3) the Kentucky Subclass; and (4) the New York Subclass, as defined in Section II, above.

## V.      Appointment Of Class Representatives And Class Counsel

Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs") are appointed as class representatives of the Class, both under Rule 23 and unde 29 U.S.C. § 216(b).  Thomas Rosenburg and Alan Erece are appointed as class representatives of the California Subclass.  Frank Vasterling is appointed as class representative of the Kentucky Subclass.  Exaldo Topacio is appointed as class representative of the New York Subclass.

The following law firms are appointed as class counsel for the Class and Subclasses ("Class Counsel"):  James M. Finberg and Eve H. Cervantez of Altshuler Berzon, LLP; Kelly M. Dermody, Rachel Geman and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP; Steven G. Zieff, David Lowe, and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP; Todd F. Jackson, Claire Kennedy-Wilkins, and Lindsay Nako of Lewis, Feinberg, Renaker & Jackson, P.C.; Adam T. Klein, Justin M. Swartz, and Piper Hoffman of Outten & Golden, LLP; Ira Spiro and Gregory N. Karasik of Spiro, Moss, Barness, Harrison & Barge, LLP; J. Derek Braziel of Lee & Braziel, LLP; Richard Burch of Bruckner Burch, PLLC; and David Borgen and Roberta Steele of Goldstein, Demchak, Baller, Borgen and Dardarian.

## VI.    Disposition Of Settlement Class And Subclasses If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, IBM's agreement not to oppose conditional certification of the settlement class and subclasses shall be null and void in its entirety; this Order conditionally certifying the settlement class and subclasses shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.  In particular, the class and subclasses certified for purposes of settlement shall be decertified, and IBM will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiffs.  In such a case, the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of class certification and merits discovery and the filing of motions (and opposition thereto), including but not limited to Plaintiffs' motion for *Hoffman-LaRoche* notice, Plaintiffs' motion for class certification under Fed. R. Civ. P. 23, and Defendant's summary judgment motions.  Further, if a mutually agreed upon class settlement is not approved, the Parties agree that the stipulation regarding tolling they

1  filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling

2  period referenced in paragraph 3 of that stipulation shall be the later of: (1) the date the Court

3  denies the Motion for Order Conditionally Certifying Settlement Classes and Preliminarily

4  Approving Class Action Settlement, or (2) if such motion is timely filed, the date the Court denies

5  the Parties' joint motion for reconsideration of such denial.  All other provisions regarding tolling

6  in that stipulation shall remain in full force and effect.

7  **VII.   Preliminary Approval Of The Terms Of The Settlement Agreement, Including The**
8  **Proposed Plan Of Allocation**

9       The Court has reviewed the terms of the Settlement Agreement attached as Exhibit 1, and

10  the Parties' description of the Settlement in the Motion papers.  Based on that review, the Court

11  concludes that the Settlement has no obvious defects and is within the ranges of possible

12  Settlement approval such that notice to the Class is appropriate.

13       The Court has also read and considered the declarations of James Finberg and Steven

14  Zieff in support of preliminary approval.  Based on review of those declarations, the Court

15  concludes that the Settlement was negotiated at arms length and is not collusive.  The Court

16  further finds that Class Counsel were fully informed about the strengths and weaknesses of the

17  Class's case when they entered into the Settlement Agreement.

18       As to the proposed plan of allocation, the Court finds that the proposed plan is rationally

19  related to the relative strengths and weaknesses of the respective claims asserted.  The proposed

20  plan of allocation is also within the range of possible approval such that notice to the Class is

21  appropriate.

22       Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement

23  and the Plan of Allocation.

24  **VIII.   Approval Of The Form And Manner Of Distributing Class Notice, Opt-Out**
25  **Statement, And Claim Form**

26       Plaintiffs have also submitted for this Court's approval a proposed Class Notice, Opt-Out

27  Statement, and a proposed Claim Form.  The Court now considers each of these documents in

28  turn.

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

1    The proposed Class Notice appears to be the best notice practical under the circumstances

2    and appears to allow Class Members a full and fair opportunity to consider the proposed

3    Settlement and develop a response.  The proposed plan for distributing the Class Notice, and the

4    Opt-Out Statement and Claim Form, which are to be attached to the Class Notice, likewise

5    appears to be a reasonable method calculated to reach all members of the Class who would be

6    bound by the Settlement.  Under this plan, the Claims Administrator will distribute the Class

7    Notice to Class Members by first class U.S. Mail.  There appears to be no additional method of

8    distribution that would be reasonably likely to notify Class Members who may not receive notice

9    pursuant to the proposed distribution plan.

10    The Class Notice and Opt-Out Statement fairly, plainly, accurately, and reasonably

11    informs Class Members of:  (1) appropriate information about the nature of this litigation, the

12    settlement class and subclasses at issue, the identity of Class Counsel, and the essential terms of

13    the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's

14    forthcoming application for attorneys' fees, the proposed service payments to Plaintiffs, and other

15    payments that will be deducted from the settlement fund; (3) appropriate information about how

16    to participate in the Settlement; (4) appropriate information about this Court's procedures for final

17    approval of the Settlement Agreement and Settlement; (5) appropriate information about how to

18    challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to

19    how to obtain additional information regarding this litigation, the Settlement Agreement, and the

20    Settlement.  Similarly, the proposed Claim Form appears to allow members of the settlement

21    class and subclasses a full and fair opportunity to submit a claim for proceeds in connection with

22    the Settlement.  Moreover, the Claim Form fairly, accurately, and reasonably informs Class

23    Members that failure to complete and submit a Claim Form, in the manner and time specified,

24    shall constitute a waiver of any right to obtain any share of the Settlement Payment.

25    The Court, having reviewed the proposed Class Notice, Opt-Out Statement, and Claim

26    Form (collectively "Notice Materials"), finds and concludes that the proposed plan for

27    distributing the same will provide the best notice practicable, satisfies the notice requirements of

28

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby Orders as follows:

1.      The form and manner of distributing the proposed Notice Materials are hereby approved.

2.      Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

3.      Within 30 days of the date of entry of this Order, IBM will provide the Claims Administrator with the information regarding Class Members specified in the Settlement Agreement.

4.      Within 45 days of the date of this Order, the Claims Administrator shall mail, <u>via</u> first class United States mail, postage prepaid, the final version of the Class Notice, along with the Opt-Out Statement and Claim Form, using each Class Member's last known address as recorded in IBM's human resource records.  The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator shall notify Class Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). In no event shall the Claims Administrator make any mailing to any Class Member more than 60 days after the initial mailing.

-10-

5.      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX.   Procedures For Final Approval Of The Settlement

### A.      Fairness Hearing

The Court hereby schedules, for the 11th day of July, 2007, at the hour of 9:00 a.m., a hearing to determine whether to grant final certification of the Settlement Class and Subclasses, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing").  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and expenses to Class Counsel, and any service payment to be made to the class representatives.

### B.      Deadline To Request Exclusion From The Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator using the form ("Opt-Out Statement") provided with the Class Notice.  To be effective, any such Opt-Out Statement must be sent to the Claims Administrator at the address provided in the Class Notice via First Class United States Mail, postmarked by 60 days after the Claims Administrator mails the Class Notice.

The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Class Counsel and IBM's Counsel, as specified in the Settlement Agreement, not later than three calendar days after receipt thereof.  The Claims Administrator also shall, within three business days of the end of the Opt-Out Period, file with the Clerk of Court, with social security numbers redacted, stamped copies of any Opt-Out Statements.  The Claims Administrator shall, within three business days of the end of the Opt-Out Period, send a final list of all Opt-out Statements to Class Counsel and IBM's Counsel by both facsimile and overnight delivery.  The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-

1  Out Statements in its files until such time as the Claims Administrator is relieved of its duties and

2  responsibilities under the terms of the Settlement Agreement.

3  **C.      Deadline For Class Counsel To File A Petition For An Award Of Attorneys'**
   **Fees And Reimbursement Of Expenses.**

4

5  Class Counsel shall file with this Court their petition for an award of attorneys' fees and

6  reimbursement of expenses no later than 35 days before the Fairness Hearing.  Class Counsel may

7  file a reply to any opposition memorandum filed by any objector no later than 14 days before the

8  Fairness Hearing.

9  **D.      Deadline For Class Counsel To File A Petition For Approval Of Service**
   **Payments To Plaintiffs.**

10  Class Counsel shall file with this Court their petition for an award of service payments to

11  Plaintiffs Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

12  Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

13  Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling no later than 35

14  days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum

15  filed by any objector no later than 14 days before the Fairness Hearing.

16  **E.      Deadline For Filing Objections To Settlement**

17  Any Class Member who wishes to object to the fairness, reasonableness or adequacy of

18  the Settlement Agreement or the Settlement must do so in writing.  To be considered, any such

19  objection must be sent to the Claims Administrator, at the address provided in the Class Notice,

20  via First-Class United States mail, postage prepaid.  In addition, any such objection must be

21  received by the Claims Administrator no later than 60 days after the date the Class Notice is

22  mailed to such Class Member.  An objector who wishes to appear at the Fairness Hearing, either

23  in person or through counsel hired by the objector, must state his or her intention to do so at the

24  time the objector submits his/her written objections.

25  The Claims Administrator shall stamp the date received on the original and send copies of

26  each objection to the Parties by facsimile and overnight delivery not later than three calendar days

27  after receipt thereof.  The Claims Administrator shall also file the date-stamped originals of any

28  objections with the Clerk of Court within three business days after the Opt-Out Period.  On or

1   before 14 days before the Fairness Hearing, the Parties may file with the Court written responses

2   to any filed objections.

3   ### F.   Deadline For Filing Motion For Judgment And Final Approval

4          No later than 35 days before the Fairness Hearing, Plaintiffs and IBM will submit a joint

5   Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

6   ### G.   Deadline For Submitting Claim Forms

7          A Class Member who does not opt out will be eligible to receive his or her proportionate

8   share of the settlement benefit.  To receive this share, such a Class Member must properly and

9   timely complete a Claim Form in accordance with the terms of the Settlement.  Completion of the

10  Claim Form includes: (1) an oath that, at some point during the applicable period, he or she

11  worked overtime; (2) an acknowledgement that, by signing the Claim Form, he or she opts in to

12  the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth

13  in the Notice.  To be effective, the Claim Form must be sent to the Claims Administrator at the

14  address provided in the Class Notice by First Class United States Mail, postage prepaid, and must

15  be received by the Claim Administrator within 70 days after the mailing of the Class Notice.

16  ### H.   Plaintiffs' And Class Members' Release

17         If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement

18  and Settlement, Plaintiffs and each individual Class Member who does not timely opt out will

19  release claims, by operation of this Court's entry of the Judgment and Final Approval, as

20  described in Section 4 of the Settlement Agreement, regardless of whether he or she submits a

21  Claim Form or receives any share of the Settlement Fund.  The Court has reviewed the release in

22  the Settlement Agreement, which is incorporated as well into the Claim Form, and finds it to be

23  fair, reasonable, and enforceable.

24  ### I.   Releases of Class Representatives

25         In addition, Plaintiffs Rosenburg, Baxter, Carlo, Erece, Howie, Kennedy, Letizio,

26  Mattson, Park, Peel, Rambsel, Topacio, Tosi, Daniels, Taylor, and Vasterling will execute

27  individual releases in exchange for any court-approved service payments.  The Court has

28  reviewed these individual releases and finds them to be fair, reasonable, and enforceable.

1

**J.      Opt-In Form Of Daniel Cribb**

2

Class Counsel has filed a Notice of Withdrawal of Opt-In Form of Daniel Cribb.

3

Accordingly, the Court hereby approves such notice and the Opt-In Form of Daniel Cribb is

4

deemed withdrawn.

5

6

7

DATED: _____          _____
Hon. Phyllis J. Hamilton

8

United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit E

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
JAMES BAXTER

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), James Baxter ("Baxter") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Baxter agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Baxter agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the Colorado Minimum Wage Act, the Colorado Minimum Wage Order No. 22, and any state and local anti-discrimination laws. Baxter also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Baxter agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Baxter knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Baxter had asserted in writing as of November 21, 2006 or any payments to which Baxter may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Baxter expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Baxter acknowledges that he has voluntarily entered into this Release. Baxter acknowledges that the payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Baxter has been given the opportunity to take a period of at least twenty-one days within which to consider this Release. In the event Baxter signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Baxter is hereby advised to consult with his attorney about this Release prior to executing this Release.  Baxter hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Baxter signs it, and Baxter may revoke it during that time frame.  If Baxter does not revoke prior to the conclusion of the seventh day after Baxter signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Baxter will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Baxter hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.


DATED: _____     BY: _____
                                                                        James Baxter



NOTARIZATION
State of Colorado
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by James Baxter who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.


                                                        _____


- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF ROBERT CARLO

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Robert Carlo ("Carlo") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Carlo agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Carlo agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, Maryland Wage and Hour Law, Maryland Code, Labor & Employment §§ 3-401 *et seq.*, 3-415, 3-420, and 3-424, Maryland Fair Employment Practices Act, Maryland Code Art. 49B, and any local anti-discrimination laws. Carlo also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Carlo agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Carlo knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Carlo had asserted in writing as of November 21, 2006 or any payments to which Carlo may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Carlo expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Carlo acknowledges that he has voluntarily entered into this Release. Carlo acknowledges that the

payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Carlo has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Carlo signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Carlo is hereby advised to consult with his attorney about this Release prior to executing this Release.  Carlo hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Carlo signs it, and Carlo may revoke it during that time frame.  If Carlo does not revoke prior to the conclusion of the seventh day after Carlo signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Carlo will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Carlo hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                      Robert Carlo


NOTARIZATION
State of Maryland
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Robert Carlo who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF ROBIN DANIELS

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Robin Daniels ("Daniels") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Daniels agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Daniels agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future. She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Stat. §§ 333.103 *et seq.*, 333.104(c), 333.108 and 333.113, the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951 *et seq.*, and any local anti-discrimination laws. Daniels also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Daniels agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Daniels knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Daniels had asserted in writing as of November 21, 2006 or any payments to which Daniels may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Daniels expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Daniels acknowledges that she has voluntarily entered into this Release. Daniels acknowledges that the

payment provided to her in exchange for this Release constitutes consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Daniels has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Daniels signs this Release before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Daniels is hereby advised to consult with her attorney about this Release prior to executing this Release.  Daniels hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Daniels signs it, and Daniels may revoke it during that time frame.  If Daniels does not revoke prior to the conclusion of the seventh day after Daniels signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Daniels will in no way alter her rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that she will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Daniels hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____      BY: _____

                                                                        Robin Daniels


NOTARIZATION
Commonwealth of Pennsylvania
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Robin Daniels who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF ALLEN ERECE

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Allen Erece ("Erece") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Erece agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Erece agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future.  He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code and related regulations, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*  Erece also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Erece agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Erece knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Erece had asserted in writing as of November 21, 2006 or any payments to which Erece may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Erece expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release.  Erece acknowledges that he has voluntarily entered into this Release.  Erece acknowledges that the

payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Erece has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Erece signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Erece is hereby advised to consult with his attorney about this Release prior to executing this Release.  Erece hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Erece signs it, and Erece may revoke it during that time frame.  If Erece does not revoke prior to the conclusion of the seventh day after Erece signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Erece will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Erece hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                              Allen Erece


NOTARIZATION
State of California
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Allen Erece who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

NYI-2292537v2

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF MARCIA HOWIE

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Marcia Howie ("Howie") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Howie agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Howie agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future.  She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, Wisconsin's Wage Laws, Wis. Stat. §§  103.001 *et seq.* and 103.13, Wis. Admin. Code §§ DWD 274.01 *et seq.*, DWD 274.06 and DWD 274.07, the Wisconsin Fair Employment Act, Wis. Stat. §§ 111.31 *et seq.*, and any local anti-discrimination laws.  Howie also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Howie agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Howie knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Howie had asserted in writing as of November 21, 2006 or any payments to which Howie may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Howie expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release.  Howie acknowledges that she has voluntarily entered into this Release.  Howie acknowledges that the

payment provided to her in exchange for this Release constitutes consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Howie has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Howie signs this Release before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Howie is hereby advised to consult with her attorney about this Release prior to executing this Release.  Howie hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Howie signs it, and Howie may revoke it during that time frame.  If Howie does not revoke prior to the conclusion of the seventh day after Howie signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Howie will in no way alter her rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that she will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Howie hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                  Marcia Howie


NOTARIZATION
State of Wisconsin
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Marcia Howie who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
FNU KENNEDY

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Fnu Kennedy ("Kennedy") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Kennedy agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Kennedy agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future.  He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the New Jersey Law Against Discrimination, any local anti-discrimination laws, and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-2 *et seq.*  Kennedy also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Kennedy agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Kennedy knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Kennedy had asserted in writing as of November 21, 2006 or any payments to which Kennedy may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Kennedy expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Kennedy acknowledges that he has voluntarily entered into this Release.  Kennedy acknowledges that the payment provided to him in exchange for this Release constitutes

consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Kennedy has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Kennedy signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Kennedy is hereby advised to consult with his attorney about this Release prior to executing this Release.  Kennedy hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Kennedy signs it, and Kennedy may revoke it during that time frame.  If Kennedy does not revoke prior to the conclusion of the seventh day after Kennedy signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Kennedy will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to receive any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Kennedy hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                    Fnu Kennedy




NOTARIZATION
State of New Jersey
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by Fnu Kennedy who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                                        _____

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF VINCENT LETIZIO

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Vincent Letizio ("Letizio") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Letizio agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Letizio agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the Connecticut Minimum Wage Act, Conn. Gen. Stats. §§ 31-58 *et seq.*, 31-13a, 31-60, 31-66, 31-68, and 31-76c, the Connecticut Human Rights and Opportunities Act, Conn. Gen. Stats. §§ 46a-51 – 46a-104, and any local anti-discrimination laws. Letizio also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Letizio agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Letizio knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Letizio had asserted in writing as of November 21, 2006 or any payments to which Letizio may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Letizio expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Letizio acknowledges that he has voluntarily entered into this Release. Letizio acknowledges that the

payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Letizio has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Letizio signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Letizio is hereby advised to consult with his attorney about this Release prior to executing this Release.  Letizio hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Letizio signs it, and Letizio may revoke it during that time frame.  If Letizio does not revoke prior to the conclusion of the seventh day after Letizio signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Letizio will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Letizio hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____        BY: _____
                                                                               Vincent Letizio


NOTARIZATION
State of Connecticut
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Vincent Letizio who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
SHERRY MATTSON

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Sherry Mattson ("Mattson") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Mattson agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Mattson agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future. She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, Illinois Human Rights Law, and the Illinois Minimum Wage Law and the regulations promulgated thereunder. Mattson also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Mattson agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Mattson knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Mattson had asserted in writing as of November 21, 2006 or any payments to which Mattson may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Mattson expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Mattson acknowledges that she has voluntarily entered into this Release. Mattson acknowledges that the payment provided to her in exchange for this Release constitutes

consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Mattson has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Mattson signs this Release before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Mattson is hereby advised to consult with her attorney about this Release prior to executing this Release.  Mattson hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Mattson signs it, and Mattson may revoke it during that time frame.  If Mattson does not revoke prior to the conclusion of the seventh day after Mattson signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Mattson will in no way alter her rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that she will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Mattson hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____       BY: _____

                                                                    Sherry Mattson

NOTARIZATION
State of Illinois
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by Sherry Mattson who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                                                  _____

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
STEVE PARK

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Steve Park ("Park") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Park agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Park agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Minnesota Human Rights Act and any local antidiscrimination statute or ordinance, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, Minn. Stat 541.07(5), Minn. Stat. §§ 177.21 *et seq.*, 177.25(1), 177.30, and 181.01 *et seq.*, Minn. Rules 5200 *et seq.*, and 26 Minn. Rev. Stat. § 661 *et seq.* Park also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Park agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Park knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Park had asserted in writing as of November 21, 2006 or any payments to which Park may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Park expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Park acknowledges that he has voluntarily entered into this Release. Park acknowledges that the

payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Park has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Park signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Park is hereby advised to consult with his attorney about this Release prior to executing this Release. Park hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of fifteen days after Park signs it, and Park may revoke it during that time frame.  Any revocation must be in writing and delivered to IBM by hand or mail within 15 days after Park signs the Release.  If delivered by mail, the revocation must be (1) postmarked within the 15 day period, (2) properly addressed to IBM; and (3) sent by certified mail return receipt requested.  If Park does not revoke prior to the conclusion of the fifteenth day after he signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Park will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Park hereby acknowledges that this Release sets forth the terms of the parties' agreement clearly and unambiguously and that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                              Steve Park


NOTARIZATION
State of Minnesota
County of _____

Subscribed and sworn to me this ____ day of _____, 200___ by Steve Park who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                                                             _____

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF MICHELLE PEEL

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Michelle Peel ("Peel") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Peel agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Peel agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future.  She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq*., 95-25.6, 95-25.7, 95-25.7A, 95-25.8, 95-25.13, 95-25.15 and 95-25.22, and 13 N.C. Admin. Code §§  12.0801-12.0807, the North Carolina Equal Employment Practices Act, N.C. Gen. Stat §§ 143-422.1 – 143.422.3, the Florida Civil Rights Act, F.S.A. §§ 760.01-760.11, Florida wage and hour law including, but not limited to, F.S.A. § 448.01, and any local anti-discrimination laws.  Peel also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Peel agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Peel knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Peel had asserted in writing as of November 21, 2006 or any payments to which Peel may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Peel expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Peel acknowledges that she has voluntarily entered into this Release. Peel acknowledges that the payment provided to her in exchange for this Release constitutes consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Peel acknowledges that she has had sufficient time to review and consider this Release prior to its execution. Further, Peel is hereby advised to consult with her attorney about this Release prior to executing this Release. Peel hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Peel hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                 Michelle Peel


NOTARIZATION
State of North Carolina
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Michelle Peel who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF DENISE RAMBSEL

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Denise Rambsel ("Rambsel") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Rambsel agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Rambsel agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future.  She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, any state anti-discrimination laws including, but not limited to, Ohio Rev. Code § 4112.01 *et. seq.*, Ohio Wage and Hour Laws, Ohio Rev. Code §§ 4111.01 *et seq*., 4111.08, 4111.03, 4111.10, 4113.15, and any local anti-discrimination laws.  Rambsel also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Rambsel agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Rambsel knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Rambsel had asserted in writing as of November 21, 2006 or any payments to which Rambsel may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Rambsel expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actua lly known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Rambsel acknowledges that she has voluntarily entered into this Release.  Rambsel

acknowledges that the payment provided to her in exchange for this Release constitutes consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Rambsel has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Rambsel signs this Release before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Rambsel is hereby advised to consult with her attorney about this Release prior to executing this Release.  Ramsel hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Rambsel signs it, and Rambsel may revoke it during that time frame.  If Rambsel does not revoke prior to the conclusion of the seventh day after Rambsel signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Rambsel will in no way alter her rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that she will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Rambsel hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                                  Denise Rambsel


NOTARIZATION
State of Ohio
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Denise Rambsel who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

- 2 -

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
THOMAS ROSENBURG

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Thomas Rosenburg ("Rosenburg") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Rosenburg agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Rosenburg agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code and related regulations, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* Rosenburg also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Rosenburg agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Rosenburg knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Rosenburg had asserted in writing as of November 21, 2006 or any payments to which Rosenburg may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Rosenburg expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Rosenburg acknowledges that he has voluntarily entered into this Release. Rosenburg

acknowledges that the payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Rosenburg has been given the opportunity to take a period of at least twenty-one days within which to consider this Release. In the event Rosenburg signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Rosenburg is hereby advised to consult with his attorney about this Release prior to executing this Release.  Rosenburg hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Rosenburg signs it, and Rosenburg may revoke it during that time frame.  If Rosenburg does not revoke prior to the conclusion of the seventh day after Rosenburg signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Rosenburg will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Rosenburg hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                              Thomas Rosenburg




NOTARIZATION
State of California
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by
_____ who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

- 2 -

_____

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF REBECCA TAYLOR

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Rebecca Taylor ("Taylor") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities she may have against IBM of whatever kind including, but not limited to, those that are related to her employment with IBM or her claims in the Litigation.

Taylor agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Taylor agrees that she has voluntarily executed this Release on her own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that she may have now or in the future.  She also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the Washington Minimum Wage Act, Wash. Rev. Code §§ 49.46.090, 49.46.100, 49.46.130, and 49.46.070 *et. seq.*, the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 *et. seq.*, Wash. Rev. Code. § 49.44.090, Wash. Rev. Code § 49.12.200, and any local anti-discrimination law.  Taylor also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Taylor agrees to waive any right she may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Taylor knows about and those that she does not know about that have accrued by the time she executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Taylor had asserted in writing as of November 21, 2006 or any payments to which Taylor may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).  .

Taylor expressly waives any and all rights that she may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release.  Taylor acknowledges that she has voluntarily entered into this Release.  Taylor acknowledges that the

payment provided to her in exchange for this Release constitutes consideration for the Release, in that it is a payment to which she would not have been entitled had she not signed this Release.

Taylor has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Taylor signs this Release before that time, she certifies, by such execution, that she knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to her, with no pressure from any IBM representative to do so.

Taylor is hereby advised to consult with her attorney about this Release prior to executing this Release.  Taylor hereby acknowledges that she did, prior to executing this Release, consult with her attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Taylor signs it, and Taylor may revoke it during that time frame.  If Taylor does not revoke prior to the conclusion of the seventh day after Taylor signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Taylor will in no way alter her rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that she will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Taylor hereby acknowledges that she understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____        BY: _____
                                                                          Rebecca Taylor


NOTARIZATION
State of Washington
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Rebecca Taylor who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF AND CLASS REPRESENTATIVE
EXALDO TOPACIO

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Exaldo Topacio ("Topacio") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Topacio agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Topacio agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future.  He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq. and 663(1), the New York Wage Payment Act, New York Labor Law § 190 et seq., New York State Department of Labor regulations, 12 N.Y.C.R.R. part 142, the New York State Human Rights Law and any local anti-discrimination laws.  Topacio also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Topacio agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Topacio knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Topacio had asserted in writing as of November 21, 2006 or any payments to which Topacio may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).  .

Topacio expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

DRAFT OF 11/13/06

This Release does not release or waive claims arising after the execution of this Release. Topacio acknowledges that he has voluntarily entered into this Release. Topacio acknowledges that the payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Topacio has been given the opportunity to take a period of at least twenty-one days within which to consider this Release. In the event Topacio signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Topacio is hereby advised to consult with his attorney about this Release prior to executing this Release. Topacio hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This release is not effective or enforceable for the period of seven days after Topacio signs it, and Topacio may revoke it during that time frame. If Topacio does not revoke prior to the conclusion of the seventh day after Topacio signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Topacio will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Topacio hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                         Exaldo Topacio


NOTARIZATION
State of New York
County of _____

Subscribed and sworn to me this ___ day of _____, 200___ by Exaldo Topacio who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

                              _____

NYI-2290635v2

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF LAURENCE TOSI

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Laurence Tosi ("Tosi") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Tosi agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Tosi agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future. He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, Massachusetts Wage and Hour Laws, 21 Mass. Gen. Laws Ch. 151 § 1A *et seq.*, Massachusetts anti-discrimination laws, including but not limited to, Mass. Gen. Laws. Ch. 6 § 56, Mass. Gen. Laws Ch. 151B § 1 *et seq.*, Mass. Gen. Laws Ch. 149 §§ 24A-24J, Mass. Gen. Laws Ch. 149, § 52D, and any local anti-discrimination laws. Tosi also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise. In addition, Tosi agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy. This Release covers both claims that Tosi knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Tosi had asserted in writing as of November 21, 2006 or any payments to which Tosi may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Tosi expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Tosi acknowledges that he has voluntarily entered into this Release. Tosi acknowledges that the

payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Tosi has been given the opportunity to take a period of at least twenty-one days within which to consider this Release.  In the event Tosi signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Tosi is hereby advised to consult with his attorney about this Release prior to executing this Release.  Tosi hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Tosi signs it, and Tosi may revoke it during that time frame.  If Tosi does not revoke prior to the conclusion of the seventh day after Tosi signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Tosi will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Tosi hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____   BY: _____
                                                                              Laurence Tosi


NOTARIZATION
Commonwealth of Massachusetts
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Laurence Tosi who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

GENERAL RELEASE ("RELEASE")
OF PLAINTIFF FRANK VASTERLING

In exchange for good and valuable consideration described in Section 3.3 of the Joint Stipulation of Settlement and Release of All Claims ("Joint Stipulation"), entered into in *Thomas Rosenburg, et al. v. International Business Machines Corp.,* Case No. 06-00430 PJH (the "Litigation"), Frank Vasterling ("Vasterling") agrees to release and hereby does release International Business Machines Corporation, its subsidiaries and affiliates, and its and their benefits plans (collectively, hereinafter "IBM"), from all claims, demands, actions or liabilities he may have against IBM of whatever kind including, but not limited to, those that are related to his employment with IBM or his claims in the Litigation.

Vasterling agrees that this also releases from liability IBM's agents, directors, officers, employees, representatives, predecessors, successors and assigns.

Vasterling agrees that he has voluntarily executed this Release on his own behalf, and also on behalf of any heirs, agents, representatives, successors and assigns that he may have now or in the future.  He also agrees that this Release covers, but is not limited to, claims arising from the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Section 1981 of Title 42 of the United States Code, the Fair Labor Standards Act, the Family and Medical Leave Act of 1993, the Sarbanes-Oxley Act of 2002, the Americans with Disabilities Act, the Equal Pay Act, the Kentucky Wage and Hour Laws, KY. REV. STAT. §§  337.010 *et seq.*, 337.020, 337.055, 337.060, 337.070, 337.285, 337.320, and 337.385(1), Kentucky anti-discrimination laws, including but not limited to, KY. REV. STAT. §§ 344.010 *et seq.*, KY. REV. STAT. § 436.165, and any local anti-discrimination laws.  Vasterling also agrees that this Release includes, but is not limited to, claims based on theories of contract or tort, whether based on common law or otherwise.  In addition, Vasterling agrees to waive any right he may have to pursue any claim or grievance through any IBM internal channel including, but not limited to, the IBM Open Door Policy.  This Release covers both claims that Vasterling knows about and those that he does not know about that have accrued by the time he executes this Release, including the claims delineated in Section 4 of the Joint Stipulation, except that this release does not cover any claims, formal or informal, that Vasterling had asserted in writing as of November 21, 2006 or any payments to which Vasterling may be entitled pursuant to the settlement of *Kathi Cooper, et al. v. IBM Personal Pension Plan and IBM Corporation* (No. 99-829).

Vasterling expressly waives any and all rights that he may have under any statute or common-law principle that would limit the effect of the foregoing Release to those claims actually known or suspected to exist, including, but not limited to, the provisions of section 1542 of the California Civil Code, to the extent deemed applicable. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

This Release does not release or waive claims arising after the execution of this Release. Vasterling acknowledges that he has voluntarily entered into this Release. Vasterling acknowledges that the payment provided to him in exchange for this Release constitutes consideration for the Release, in that it is a payment to which he would not have been entitled had he not signed this Release.

Vasterling has been given the opportunity to take a period of at least twenty-one days within which to consider this Release. In the event Vasterling signs this Release before that time, he certifies, by such execution, that he knowingly and voluntarily waived the right to the full twenty-one days, for reasons personal to him, with no pressure from any IBM representative to do so.

Vasterling is hereby advised to consult with his attorney about this Release prior to executing this Release. Vasterling hereby acknowledges that he did, prior to executing this Release, consult with his attorney about this Release.

This Release is not effective or enforceable for the period of seven days after Vasterling signs it, and Vasterling may revoke it during that time frame. If Vasterling does not revoke prior to the conclusion of the seventh day after Vasterling signs this Release, this Release will become fully enforceable at that time.

Revocation of this Release by Vasterling will in no way alter his rights and obligations under the Joint Stipulation of Settlement and Release of Class Claims, including the release of claims set forth therein, except that he will no longer be entitled to any service payment pursuant to Section 3.3 of the Joint Stipulation of Settlement and Release of Class Claims.

In case any part of this Release shall be invalid, illegal or otherwise unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Vasterling hereby acknowledges that he understands and agrees to this Release.

This Release has been approved by the Court as part of its approval of the settlement of the Litigation.

DATED: _____     BY: _____
                                                                              Frank Vasterling


NOTARIZATION
Commonwealth of Kentucky
County of

Subscribed and sworn to me this ___ day of _____, 200___ by Frank Vasterling who personally proved to me on the basis of satisfactory evidence to be the person who appeared before me.

NYI-2292541v2