1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated, | Case No. CV 06-00430 PJH |
| Plaintiffs, | [~~PROPOSED~~] ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS, (4) APPROVING RELEASES AND (5) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22        After discovery and two mediation sessions, and notwithstanding their adversarial

23  positions in this matter, Plaintiffs and IBM (collectively, the "Parties") negotiated a settlement of

24  this litigation.  The terms of the proposed settlement ("Settlement") are set forth in the proposed

25  Joint Stipulation of Settlement and Release of All Claims ("Settlement Agreement," attached

26  hereto as Exhibit 1).

27        On November 22, 2006, Plaintiffs filed a Motion For Order Conditional Certifying

28  Settlement Classes, Preliminarily Approving Class Action Settlement, Approving Notice and

1    Releases, and Setting Fairness Hearing ("Motion").  In their Motion, the Plaintiffs requested that

2    this Court grant conditional certification of a nationwide settlement class and certain settlement

3    subclasses, together with a co-extensive FLSA collective action  Plaintiffs also requested that the

4    Court grant preliminary approval to the Settlement Agreement, including the plan of allocation in

5    that Agreement, and that the Court approve a proposed Notice of Proposed Settlement of Class

6    Action Lawsuit and Fairness Hearing ("Class Notice," attached hereto as Exhibit A to the

7    Settlement Agreement), a proposed Opt-Out Statement (attached hereto as Exhibit B to the

8    Settlement Agreement), a proposed Claim Form (attached hereto as Exhibit C to the Settlement

9    Agreement), and individual releases to be signed by Plaintiffs Thomas Rosenburg, James Baxter,

10   Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve

11   Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels,

12   Rebecca Taylor, and Frank Vasterling (attached hereto as Exhibit E to the Settlement

13   Agreement).  Having reviewed the Settlement Agreement and Motion, along with the Parties'

14   prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as

15   follows:

16   **I.    Background**

17        Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

18   Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

19   Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs")

20   contend that IBM misclassified certain employees as exempt from the overtime requirements of

21   the Fair Labor Standards Act and various state laws.  Specifically, Plaintiffs assert that, on behalf

22   of themselves and a proposed class and subclasses of persons alleged to be similarly situated,

23   IBM violated federal and state wage laws by failing to pay overtime, during specified time

24   periods, to employees holding positions at IBM that the Company coded as 498Q (bands 6-8),

25   498R (bands 6-8), 498S (bands 6-8), 498T (bands 6-8), 498U (bands 6-8), 499A (bands 6-8),

26   4325, 5343, 5338, and 594J (bands 6-8).  Plaintiffs also contend that, due to this alleged

27   misclassification, IBM violated the Employee Retirement Income Security Act by denying certain

28   benefit credits allegedly due based upon employees' purported overtime hours.  IBM has

disputed, and it continues to dispute, Plaintiffs' allegations in this lawsuit, and the Company

denies any liability for any of the claims that have or could have been alleged by Plaintiffs or the

persons that they seek to represent.

## II.   Definition Of The Settlement Class And Subclasses

The Parties have entered into the Settlement Agreement solely for the purposes of

compromising and settling their disputes in this matter.   As part of the Settlement Agreement,

IBM has agreed not to oppose, for settlement purposes only, conditional certification of the

following settlement class and subclasses:

> 1.      The Class.  The Class includes: (1) all current and former
> IBM employees who are or were employed by IBM in a Covered
> Position Code at any time during the Covered Period, and (2) to the
> extent that they are not included in part (1) of this definition,
> current and former IBM employees who participated in the United
> States Department of Labor, Wage Hour Division, Compliance
> Actions, Case Nos. 1325099 and 1283294.
>
> 2.      The California Subclass.  The California Subclass includes:
> all current and former IBM employees who are or were employed
> by IBM in a Covered Position Code in California at any time during
> the Covered Period applicable to persons employed in that State.
>
> 3.      The Kentucky Subclass.  The Kentucky Subclass includes:
> all current and former IBM employees who are or were employed
> by IBM in a Covered Position Code in Kentucky at any time during
> the Covered Period applicable to persons employed in that State.
>
> 4.      The New York Subclass.  The New York Subclass includes:
> all current and former IBM employees who are or were employed
> by IBM in a Covered Position Code in New York at any time
> during the Covered Period applicable to persons employed in that
> State.

For purposes of these definitions, the term "Covered Position Code" means the positions

at IBM that the Company coded as 498Q (bands 6-8), 498R (bands 6-8), 498S (bands 6-8), 498T

(bands 6-8), 498U (bands 6-8), 499A (bands 6-8), 4325, 5343, 5338, and 594J (bands 6-8).  The

term "Covered Period" means:  (A) for employees who worked in Covered Position Codes in

New York, January 24, 2000 to the date of the Order Granting Preliminary Approval of

Settlement; (B) for employees who worked in Covered Position Codes in Kentucky, October 2,

2001 until the date of the Order Granting Preliminary Approval of Settlement; (C) for employees

who worked in Covered Position Codes in California, from January 24, 2002 to the date of the

1  Order Granting Preliminary Approval of Settlement; (E) for employees who worked in Covered

2  Position Codes in Illinois and Minnesota, from March 13, 2003 to the date of the Order Granting

3  Preliminary Approval of Settlement; and (F) for employees who worked in Covered Position

4  Codes in all other states, from April 19, 2003 to the date of the Order Granting Preliminary

5  Approval of Settlement.

6          On behalf of the Class, based on allegations that they were misclassified as exempt from

7  overtime pay requirements, Plaintiffs assert claims for overtime pay under the FLSA and the laws

8  of various states, and claims for benefit credits under ERISA.  On behalf of the California

9  Subclass, based on allegations that they were misclassified as exempt, Plaintiffs assert claims for

10  overtime and premium payments, missed meal breaks, waiting time penalties, recordkeeping

11  violations and a violation of the Unfair Competition Law.  On behalf of the Kentucky Subclass,

12  based on allegations that they were misclassified as exempt, Plaintiffs assert claims for overtime

13  pay and recordkeeping violations.  On behalf of the New York Subclass, based on claims that

14  they were misclassified as exempt, Plaintiffs assert claims for overtime pay and spread-of-hours

15  pay.

16  **III.    Designation Of The Class As An FLSA Collective Action**

17          The Court finds that the members of the Class are similarly situated within the meaning of

18  Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining

19  whether the terms of settlement are fair.  Accordingly, the Court conditionally certifies the Class

20  as an FLSA collective action.  The Court authorizes the Notice, Exhibit A to the Settlement

21  Agreement, to be mailed to potential members of the FLSA collective action, notifying them of

22  the pendency of the FLSA claim, and of their ability to joint their claims.  Putative members of

23  the FLSA collective action who wish to join that claim must sign the Claim Form, Exhibit C to

24  the Settlement Agreement, and return it by mail to the Claims Administrator, such that it is

25  received by the Claims Administrator within 70 days of the mailing of the Notice and Claim

26  Form.

27

28

-4-                  [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

**IV.    Rule 23 Certification of the Class And Subclasses**

In examining potential conditional certification of the nationwide settlement class and subclasses, the Court has considered:  (1) the allegations, information, arguments, and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings and other motions filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in multiple conferences and arguments before this Court; (4) IBM's conditional agreement, for settlement purposes only, not to oppose conditional certification of the settlement class and subclasses specified in the Settlement Agreement; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the settlement class and subclasses specified in the Settlement Agreement; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with certifying the Class and Subclasses, the Court makes the following findings:

        a.      The Class and Subclasses each have more than 100 members, and therefore each is therefore sufficiently numerous that joinder of all Class or Subclass Members is impracticable;

        b.      There are questions of law or fact common to all Class and Subclass Members, including whether the Class and Subclass Members were properly classified as exempt from overtime and whether they regularly exercised independent judgment and discrimination on matters of substantial importance;

        c.      The Class and Subclass Representatives' claims are typical of their respective Classes' claims in that the Class Representatives raise the same claims as the Class Members;

        d.      The Class and Subclass Representatives can fairly and adequately represent the their respective Classes' interests, in that (1) Class Representatives have retained counsel who

1 are qualified and experienced in the issues raised in this litigation, and (2) none of the Class

2 Representatives has any apparent interests antagonistic to the interests of the classes they seek to

3 represent;

4       e.    The common questions of law and fact set forth in paragraph b., above,

5 predominate over any questions affecting only individual members;

6       f.    The class action device is superior to all other available methods for fairly

7 and efficiently settling this matter.

8     Based on those considerations and findings, the Court hereby finds that the Class and

9 Subclasses proposed in this matter are readily identifiable and that the requirements of Federal

10 Rule of Civil Procedure 23(a) are satisfied, including numerosity, commonality, typicality, and

11 adequacy of the representatives and their counsel.

12     The Court further concludes that the requirements of Federal Rule of Civil Procedure

13 23(b)(3) are satisfied because questions of law and fact common to the members of the settlement

14 class and subclasses ("Class Members") predominate over any questions affecting only individual

15 members and that a settlement class is superior to other available methods for the fair and

16 efficient adjudication of this matter.

17     Therefore, solely for the purpose of determining whether the terms of settlement are fair,

18 reasonable, and adequate, the Court conditionally certifies pursuant to Rule 23(a) and (b)(3) of

19 the Federal Rules of Civil Procedure the following: (1) the Class; (2) the California Subclass; (3)

20 the Kentucky Subclass; and (4) the New York Subclass, as defined in Section II, above.

21 **V.    Appointment Of Class Representatives And Class Counsel**

22     Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

23 Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

24 Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs")

25 are appointed as class representatives of the Class, both under Rule 23 and unde 29 U.S.C.

26 § 216(b). Thomas Rosenburg and Alan Erece are appointed as class representatives of the

27 California Subclass. Frank Vasterling is appointed as class representative of the Kentucky

28 Subclass. Exaldo Topacio is appointed as class representative of the New York Subclass.

1        The following law firms are appointed as class counsel for the Class and Subclasses

2  ("Class Counsel"):  James M. Finberg and Eve H. Cervantez of Altshuler Berzon, LLP; Kelly M.

3  Dermody, Rachel Geman and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP;

4  Steven G. Zieff, David Lowe, and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP; Todd F.

5  Jackson, Claire Kennedy-Wilkins, and Lindsay Nako of Lewis, Feinberg, Renaker & Jackson,

6  P.C.; Adam T. Klein, Justin M. Swartz, and Piper Hoffman of Outten & Golden, LLP; Ira Spiro

7  and Gregory N. Karasik of Spiro, Moss, Barness, Harrison & Barge, LLP; J. Derek Braziel of Lee

8  & Braziel, LLP; Richard Burch of Bruckner Burch, PLLC; and David Borgen and Roberta Steele

9  of Goldstein, Demchak, Baller, Borgen and Dardarian.

10  **VI.**    **Disposition Of Settlement Class And Subclasses If Settlement Agreement Does Not**

11        **Become Effective**

12        If, for any reason, the Settlement Agreement ultimately does not become effective, IBM's

13  agreement not to oppose conditional certification of the settlement class and subclasses shall be

14  null and void in its entirety; this Order conditionally certifying the settlement class and subclasses

15  shall be vacated; the Parties shall return to their respective positions in this lawsuit as those

16  positions existed immediately before the Parties executed the Settlement Agreement; and nothing

17  stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing

18  documents shall be deemed an admission of any kind by any of the Parties or used as evidence

19  against, or over the objection of, any of the Parties for any purpose in this action or in any other

20  action.  In particular, the class and subclasses certified for purposes of settlement shall be

21  decertified, and IBM will retain the right to contest whether this case should be maintained as a

22  class action or collective action and to contest the merits of the claims being asserted by

23  Plaintiffs.  In such a case, the Parties will negotiate and submit for Court approval a case schedule

24  which shall, among other things, propose dates for completion of class certification and merits

25  discovery and the filing of motions (and opposition thereto), including but not limited to

26  Plaintiffs' motion for *Hoffman-LaRoche* notice, Plaintiffs' motion for class certification under

27  Fed. R. Civ. P. 23, and Defendant's summary judgment motions.  Further, if a mutually agreed

28  upon class settlement is not approved, the Parties agree that the stipulation regarding tolling they

1    filed with the Court on November 8, 2006 shall be amended such that the end date for the tolling

2    period referenced in paragraph 3 of that stipulation shall be the later of: (1) the date the Court

3    denies the Motion for Order Conditionally Certifying Settlement Classes and Preliminarily

4    Approving Class Action Settlement, or (2) if such motion is timely filed, the date the Court denies

5    the Parties' joint motion for reconsideration of such denial.  All other provisions regarding tolling

6    in that stipulation shall remain in full force and effect.

7    **VII.   Preliminary Approval Of The Terms Of The Settlement Agreement, Including The**
8    **Proposed Plan Of Allocation**

9         The Court has reviewed the terms of the Settlement Agreement attached as Exhibit 1, and

10   the Parties' description of the Settlement in the Motion papers.  Based on that review, the Court

11   concludes that the Settlement has no obvious defects and is within the ranges of possible

12   Settlement approval such that notice to the Class is appropriate.

13        The Court has also read and considered the declarations of James Finberg and Steven

14   Zieff in support of preliminary approval.  Based on review of those declarations, the Court

15   concludes that the Settlement was negotiated at arms length and is not collusive.  The Court

16   further finds that Class Counsel were fully informed about the strengths and weaknesses of the

17   Class's case when they entered into the Settlement Agreement.

18        As to the proposed plan of allocation, the Court finds that the proposed plan is rationally

19   related to the relative strengths and weaknesses of the respective claims asserted.  The proposed

20   plan of allocation is also within the range of possible approval such that notice to the Class is

21   appropriate.

22        Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement

23   and the Plan of Allocation

24   **VIII.  Approval Of The Form And Manner Of Distributing Class Notice, Opt-Out**
25   **Statement, And Claim Form**

26        Plaintiffs have also submitted for this Court's approval a proposed Class Notice, Opt-Out

27   Statement, and a proposed Claim Form.  The Court now considers each of these documents in

28   turn.

1    The proposed Class Notice appears to be the best notice practical under the circumstances

2    and appears to allow Class Members a full and fair opportunity to consider the proposed

3    Settlement and develop a response.  The proposed plan for distributing the Class Notice, and the

4    Opt-Out Statement and Claim Form, which are to be attached to the Class Notice, likewise

5    appears to be a reasonable method calculated to reach all members of the Class who would be

6    bound by the Settlement.  Under this plan, the Claims Administrator will distribute the Class

7    Notice to Class Members by first class U.S. Mail.  There appears to be no additional method of

8    distribution that would be reasonably likely to notify Class Members who may not receive notice

9    pursuant to the proposed distribution plan.

10    The Class Notice and Opt-Out Statement fairly, plainly, accurately, and reasonably

11    informs Class Members of:  (1) appropriate information about the nature of this litigation, the

12    settlement class and subclasses at issue, the identity of Class Counsel, and the essential terms of

13    the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's

14    forthcoming application for attorneys' fees, the proposed service payments to Plaintiffs, and other

15    payments that will be deducted from the settlement fund; (3) appropriate information about how

16    to participate in the Settlement; (4) appropriate information about this Court's procedures for final

17    approval of the Settlement Agreement and Settlement; (5) appropriate information about how to

18    challenge or opt-out of the Settlement, if they wish to do so; and (6) appropriate instructions as to

19    how to obtain additional information regarding this litigation, the Settlement Agreement, and the

20    Settlement.  Similarly, the proposed Claim Form appears to allow members of the settlement

21    class and subclasses a full and fair opportunity to submit a claim for proceeds in connection with

22    the Settlement.  Moreover, the Claim Form fairly, accurately, and reasonably informs Class

23    Members that failure to complete and submit a Claim Form, in the manner and time specified,

24    shall constitute a waiver of any right to obtain any share of the Settlement Payment.

25    The Court, having reviewed the proposed Class Notice, Opt-Out Statement, and Claim

26    Form (collectively "Notice Materials"), finds and concludes that the proposed plan for

27    distributing the same will provide the best notice practicable, satisfies the notice requirements of

28

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

Rule 23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby Orders as follows:

      1.     The form and manner of distributing the proposed Notice Materials are hereby approved.

      2.     Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

      3.     Within 30 days of the date of entry of this Order, IBM will provide the Claims Administrator with the information regarding Class Members specified in the Settlement Agreement.

      4.     Within 45 days of the date of this Order, the Claims Administrator shall mail, <u>via</u> first class United States mail, postage prepaid, the final version of the Class Notice, along with the Opt-Out Statement and Claim Form, using each Class Member's last known address as recorded in IBM's human resource records.  The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator shall notify Class Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as undeliverable after any subsequent mailing(s). In no event shall the Claims Administrator make any mailing to any Class Member more than 60 days after the initial mailing.

5.     The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## IX.     Procedures For Final Approval Of The Settlement

### A.     Fairness Hearing

The Court hereby schedules, for the 11th day of July, 2007, at the hour of 9:00 a.m., a hearing to determine whether to grant final certification of the Settlement Class and Subclasses, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing").  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and expenses to Class Counsel, and any service payment to be made to the class representatives.

### B.     Deadline To Request Exclusion From The Settlement

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator using the form ("Opt-Out Statement") provided with the Class Notice.  To be effective, any such Opt-Out Statement must be sent to the Claims Administrator at the address provided in the Class Notice via First Class United States Mail, postmarked by 60 days after the Claims Administrator mails the Class Notice.

The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Opt-Out Statement on Class Counsel and IBM's Counsel, as specified in the Settlement Agreement, not later than three calendar days after receipt thereof.  The Claims Administrator also shall, within three business days of the end of the Opt-Out Period, file with the Clerk of Court, with social security numbers redacted, stamped copies of any Opt-Out Statements.  The Claims Administrator shall, within three business days of the end of the Opt-Out Period, send a final list of all Opt-out Statements to Class Counsel and IBM's Counsel by both facsimile and overnight delivery.  The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH

1  Out Statements in its files until such time as the Claims Administrator is relieved of its duties and

2  responsibilities under the terms of the Settlement Agreement.

3  **C.  Deadline For Class Counsel To File A Petition For An Award Of Attorneys'**
   **Fees And Reimbursement Of Expenses.**

4

5  Class Counsel shall file with this Court their petition for an award of attorneys' fees and

6  reimbursement of expenses no later than 35 days before the Fairness Hearing.  Class Counsel may

7  file a reply to any opposition memorandum filed by any objector no later than 14 days before the

8  Fairness Hearing.

9  **D.  Deadline For Class Counsel To File A Petition For Approval Of Service**
   **Payments To Plaintiffs.**

10  Class Counsel shall file with this Court their petition for an award of service payments to

11  Plaintiffs Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu

12  Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo

13  Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling no later than 35

14  days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum

15  filed by any objector no later than 14 days before the Fairness Hearing.

16  **E.  Deadline For Filing Objections To Settlement**

17  Any Class Member who wishes to object to the fairness, reasonableness or adequacy of

18  the Settlement Agreement or the Settlement must do so in writing.  To be considered, any such

19  objection must be sent to the Claims Administrator, at the address provided in the Class Notice,

20  via First-Class United States mail, postage prepaid.  In addition, any such objection must be

21  received by the Claims Administrator no later than 60 days after the date the Class Notice is

22  mailed to such Class Member.  An objector who wishes to appear at the Fairness Hearing, either

23  in person or through counsel hired by the objector, must state his or her intention to do so at the

24  time the objector submits his/her written objections.

25  The Claims Administrator shall stamp the date received on the original and send copies of

26  each objection to the Parties by facsimile and overnight delivery not later than three calendar days

27  after receipt thereof.  The Claims Administrator shall also file the date-stamped originals of any

28  objections with the Clerk of Court within three business days after the Opt-Out Period.  On or

1   before 14 days before the Fairness Hearing, the Parties may file with the Court written responses

2   to any filed objections.

3        **F.      Deadline For Filing Motion For Judgment And Final Approval**

4        No later than 35 days before the Fairness Hearing, Plaintiffs and IBM will submit a joint

5   Motion for Judgment and Final Approval of the Settlement Agreement and Settlement.

6        **G.      Deadline For Submitting Claim Forms**

7        A Class Member who does not opt out will be eligible to receive his or her proportionate

8   share of the settlement benefit.  To receive this share, such a Class Member must properly and

9   timely complete a Claim Form in accordance with the terms of the Settlement.  Completion of the

10  Claim Form includes: (1) an oath that, at some point during the applicable period, he or she

11  worked overtime; (2) an acknowledgement that, by signing the Claim Form, he or she opts in to

12  the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth

13  in the Notice.  To be effective, the Claim Form must be sent to the Claims Administrator at the

14  address provided in the Class Notice by First Class United States Mail, postage prepaid, and must

15  be received by the Claim Administrator within 70 days after the mailing of the Class Notice.

16       **H.      Plaintiffs' And Class Members' Release**

17       If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement

18  and Settlement, Plaintiffs and each individual Class Member who does not timely opt out will

19  release claims, by operation of this Court's entry of the Judgment and Final Approval, as

20  described in Section 4 of the Settlement Agreement, regardless of whether he or she submits a

21  Claim Form or receives any share of the Settlement Fund.  The Court has reviewed the release in

22  the Settlement Agreement, which is incorporated as well into the Claim Form, and finds it to be

23  fair, reasonable, and enforceable.

24       **I.      Releases of Class Representatives**

25       In addition, Plaintiffs Rosenburg, Baxter, Carlo, Erece, Howie, Kennedy, Letizio,

26  Mattson, Park, Peel, Rambsel, Topacio, Tosi, Daniels, Taylor, and Vasterling will execute

27  individual releases in exchange for any court-approved service payments.  The Court has

28  reviewed these individual releases and finds them to be fair, reasonable, and enforceable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**J.      Opt-In Form Of Daniel Cribb**

Class Counsel has filed a Notice of Withdrawal of Opt-In Form of Daniel Cribb.

Accordingly, the Court hereby approves such notice and the Opt-In Form of Daniel Cribb is

deemed withdrawn.

DATED: ___1/11/07_____



Hon. Phyllis J. H
Uni

IT IS SO ORDERED

Judge Phyllis J. Hamilton

[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING
SETTLEMENT CLASSES, COLLECTIVE ACTION, ETC.
CASE NO. CV 06-00430 PJH