UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ROSENBURG *et al.*, on behalf of themselves and classes of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | Case No. CV 06-00430 PJH<br><br>**[REVISED PROPOSED] ORDER (1) CONFIRMING FINAL CERTIFICATION OF CLASSES AND COLLECTIVE ACTION; AND (2) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |

The parties to this action having entered into a Settlement Agreement dated November 22, 2006 and having applied to this Court for preliminary and final approval of the Settlement Agreement and the terms thereof; this Court on January 11, 2007 having granted preliminary approval to the Settlement Agreement, which is attached as Exhibit 1 to this Court's January 11, 2007 order, and having directed notice of the Settlement Agreement, its terms, and the applicable procedures and schedules to be provided to proposed class and collective action members; this Court having set a final Fairness Hearing for July 11, 2007 to determine whether the Settlement Agreement should be granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair, adequate and reasonable;" and all proposed class and collective action members having been given an opportunity to comment on the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement

Agreement, the parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement, attached as Exhibit 1 to the January 11, 2007 order granting preliminary approval;

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the plaintiffs and the defendant.

3. This Court confirms as final its conditional certification of the Class, the California Subclass, the Kentucky Subclass, and the New York Subclass, as defined in the Settlement Agreement and in Section II of its January 11, 2007 order, for purposes of settlement and based on the findings in Section IV of its January 11, 2007 order and the absence of any objections from any Class Members to such certification.

4. The Court confirms as final its preliminary designation, in Section III of its January 11, 2007 order, of the Class as an FLSA collective action, for purposes of settlement and based on its findings in Section III of the January 11, 2007 order and the facts that (1) over 11,000 Class Members have now opted into the FLSA collective action, and (2) no Class Member has objected to the designation of the case as a collective action.

5. The Court confirms as final the appointment of Thomas Rosenburg, James Baxter, Robert Carlo, Alan Erece, Marcia Howie, Fnu Kennedy, Vincent Letizio, Sherry Mattson, Steve Park, Michelle Peel, Denise Rambsel, Exaldo Topacio, Laurence Tosi III, Robin Daniels, Rebecca Taylor, and Frank Vasterling ("Plaintiffs") as class representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b). The Court confirms as final the appointment of Thomas Rosenburg and Alan Erece as class representatives of the California Subclass. The Court confirms as final the appointment of Frank Vasterling as class representative of the Kentucky Subclass. The Court confirms as final the appointment of Exaldo Topacio as class representative of the New York Subclass.

6. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Class and Subclasses: James M. Finberg and Eve H. Cervantez of Altshuler Berzon LLP; Kelly M. Dermody, Rachel Geman and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP; Steven G. Zieff, David Lowe, and Kenneth J. Sugarman of Rudy, Exelrod & Zieff, LLP; Todd F. Jackson, Claire Kennedy-Wilkins, and Lindsay Nako of Lewis, Feinberg, Renaker & Jackson, P.C.; Adam T. Klein, Justin M. Swartz, and Piper Hoffman of Outten & Golden, LLP; Ira Spiro and Gregory N. Karasik of Spiro Moss Barness LLP; J. Derek Braziel of Lee & Braziel, LLP; Richard Burch of Bruckner Burch, PLLC; and David Borgen and Roberta Steele of Goldstein, Demchak, Baller, Borgen and Dardarian.

7. If, for any reason, the Settlement Agreement ultimately does not become Effective, this order certifying the Class and Subclasses under Rule 23 and the Class under 29 U.S.C. § 216(b) shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action.

8. The Notice, Opt-Out Statement, and Claim Form and Release given to Class Members, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, due process, the United States Constitution and any other applicable law.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's January 11, 2007 order and the Settlement Agreement. A list of Class Members who timely

1  opted out is attached to the Final Judgment as Exhibit A.  The Court specifically finds that the
2  settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense,
3  complexity, and duration of further litigation.  This Court also finds that the Settlement
4  Agreement is the result of arms-length negotiations between experienced counsel representing the
5  interests of the plaintiffs and defendant, after thorough factual and legal investigation.  *Staton v.*
6  *Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291
7  (9th Cir. 1992).

8        10.  The Court further finds that the response of the Class to the settlement supports
9  settlement approval.  Of the approximately 37,000 Class Members, over 11,000 Class Members
10 submitted claim forms, but only seven Class Members submitted objections.  The Court has
11 reviewed and considered the seven objections filed by Class Members, and has also reviewed the
12 two objections improperly filed by individuals who also filed opt out statements.  None of the
13 objections raises concerns that warrant rejecting the settlement.  In particular, 1) the Court finds
14 that the Settlement Agreement appropriately bases recovery on pay periods worked, rather than
15 actual hours worked, in light of the fact that data of hours worked does not exist for all Class
16 Members; 2) the Court finds that the absence of injunctive relief does not require disapproval of
17 the settlement, since the FLSA does not provide a private right of action for injunctive relief, and
18 the release in Section 4.1 of the Settlement Agreement does not extend beyond the date of Final
19 Approval of the settlement; 3) the Court finds that the absence of an admission of liability does
20 not require disapproval of the settlement.  *See, e.g., Mangone v. First USA Bank,* 206 F.R.D. 222,
21 230 (S.D.Ill. 2001); *Alliance to End Repression v. City of Chicago,* 561 F.Supp. 537, 554
22 (N.D.Ill. 1982); *In re California Micro Devices Corp. Securities Litigation,* 2001 WL 765146, *2
23 (N.D.Cal. 2001); 4) the Court finds that under the Settlement Agreement, IBM will pay the
24 employer's share of appropriate payroll taxes on the back-wages portion of each Class Member's
25 settlement recovery; 5) the Court finds that the covered period is appropriately calculated based
26 upon the applicable state or federal statute of limitations; 6) the Court rejects the objections to the
27 amount of the fund and the plan of allocation for the reasons set forth herein.
28

11. The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members filing timely claims are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement. The Court finds that the reserve set aside for the costs of settlement administration is reasonable and is approved.

12. The Second Amended Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members other than those listed in Exhibit A to the Final Judgment.

13. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the release set forth in Section 4.1 of the Settlement Agreement, as to all Class Members other than those listed in Exhibit A to the Final Judgment. The Court has reviewed the release in Section 4.1 of the Settlement Agreement, which is incorporated as well into the Claim Form, and has reviewed the release in Section 4.2 of the Settlement Agreement and the individual releases attached as Exhibit E of the Settlement Agreement, and the Court finds all of these releases to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

14. The Claim Forms and Releases of Arthur Anderson, Elizabeth Briones, Jeanine Chaplik, Joseph Evans, Munish Gupta, Christopher Holden, Russell Martin, Michael McKinney, Jeffrey Metzger, Dennis Miller, Michael Onofrietto, Deryl Tezap, and Jim Zettlemoyer, which were submitted by means other than first class U.S. Mail, but received by the Claims Administrator on or before the May 4, 2007 deadline, shall be deemed timely and appropriately submitted under the Settlement Agreement, given that good cause exists for accepting these documents.

15. The Claim Forms and Releases of Lester Alford, Steven Baldridge, Jawahar Barua, Janet Baugus, Jeffrey Benn, Larry Bishop, Michael Bohr, Prahlada Chinthalapuri, Faisal Faruque,

Paul Gervais, Barrie Grozier, Sudheer Guduru, Bernadette Heiser, Bryan Hill, George Hollister, Sonia Khosla, Timothy King, Edgar Licis, Heath Matthias, Kevin McDermott, Stacia McFadden, Danika Miller, Bernard Newton, Heena Patel, Diomedes Perez, P Marie Rapp-Fuller, Anthony Sangiorgi, Anand Satyadev, William Schilhab, Stephen Thomas, Gerald Urling, Eleanor Volynsky, Timothy Watson, Anthony Wilcox, and James Yurko, which were received by the Claims Administrator on or before the May 4, 2007 deadline, but were incomplete, shall be deemed timely, given that good cause exists for accepting these documents, but these documents will be accepted only to the extent that the Claims Administrator received fully completed documents and information on or before June 21, 2007 and thus sufficiently timely so as not to delay the process of settlement approval or calculating or distributing settlement payments.

16. The Claim Forms and Releases filed by representatives of deceased Class Members Janis Babyak, Paul Lazarus, Daniel Larson, Christophe McGarry and David Pendley, which were received by the Claims Administrator on or before the May 4, 2007 deadline, but which required additional information in order to enable the Claims Administrator to assess eligibility for settlement payments, shall be deemed timely and appropriately submitted, given that good cause exists for accepting these documents, but these documents will be accepted only to the extent that the Claims Administrator received the required additional information on or before June 21, 2007 and thus sufficiently timely so as not to delay the process of settlement approval or calculating or distributing settlement payments.

17. The Claim Forms and Releases of David Gallagher and Danny Zorrilla , which were not received by the May 4, 2007 deadline, shall be deemed timely, given that within such time as not to delay the process of seeking final approval of the settlement or calculating or distributing settlement proceeds, these individuals submitted their Claim Forms and Releases, along with written explanations that they were unable to submit a claim form by the May 4, 2007 deadline because they were deployed in the military during the claims period.  Under these circumstances, the Court finds good cause for deeming these Claim Forms and Releases timely submitted.

18. The Claim Forms and Releases of Ansuya Patel, John Stouffer and Paul Costanza, which were not received by the May 4, 2007 deadline, shall be deemed timely, given that within such time as not to delay the process of seeking final approval of the settlement or calculating or distributing settlement proceeds, these individuals submitted their Claim Forms and Releases, along with a written explanation that due to no fault of their own they received the Notice too late to meet the deadline. Under these circumstances, the Court finds good cause for deeming these Claim Forms and Releases timely submitted.

19. The Claim Form and Release of Robert Colburn, which was not received by the May 4, 2007 deadline, shall be deemed timely, given that within such time as not to delay the process of seeking final approval of the settlement or calculating or distributing settlement proceeds, Mr. Colburn submitted his Claim Forms and Releases, along with a written explanation that he was unable to submit a claim form by the May 4, 2007 deadline because he had a motorcycle accident and suffered serious and lasting injuries on February 27, 2007 (four days after the Class Notice was sent to Class Members). Under these circumstances, the Court finds good cause for deeming this Claim Form and Release timely submitted.

20. The parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class and Subclasses, individually or collectively, all such liability being expressly denied by Defendant.

21. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 7/12/07

Hon. Phyllis J. Hamilton
United States

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Phyllis J. Hamilton]*